IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LULA WILLIAMS, GLORIA TURNAGE,
GEORGE HENGLE, DOWIN COFFY, and
FELIX GILLISON, JR., *on behalf of themselves
and all individuals similarly situated*, :

        Plaintiffs,

v.

BIG PICTURE LOANS, LLC; MATT MARTORELLO;
ASCENSION TECHNOLOGIES, INC.;
DANIEL GRAVEL; JAMES WILLIAMS, JR.;
GERTRUDE MCGESHICK; SUSAN MCGESHICK;
and GIIWEGIIZHIGOOKWAY MARTIN,

        Defendants.

Civil Case No. 3:17-cv-00461-REP

Hon. Robert E. Payne

_____/

## AFFIDAVIT OF JAMES WILLIAMS, JR.

I, James Williams, Jr., affirm that I have personal knowledge of the matters set forth in this Affidavit and if I am called as a witness I will testify competently to these matters based on my personal knowledge:

1. I am the Chairman of the Lac Vieux Desert Band of Lake Superior Chippewa Indians ("LVD"), a federally recognized Indian tribe. I have served in Tribal government at LVD for over 20 years, and I was most recently re-elected as Chairman in November 2016.

2. LVD's reservation is located in Watersmeet, Michigan, and is comprised of 734 Tribal citizens, including 400 adult members under the age of 54, 72 elders, and 262 members under the age of 18.

3. My role as Chairman of LVD is demanding and requires particularized attention to the needs of the LVD community. To serve on the LVD Tribal Council, I am required to live on the reservation. For me to best understand how to represent community and Tribal members, I feel that I need to be physically present in the community and at LVD Council meetings. It is my duty to preside over LVD Council meetings.

4. Moreover, my position on LVD Council also requires me to attend meetings with local, state, and federal government bodies to represent my constituency on a host of government

issues, including health care, law enforcement, environmental issues, education and childcare, land protection, economic development, cultural preservation, and housing. If I am unable to represent the LVD community at these, LVD's concerns will go unheard at key meetings on the provision of essential government services and during time-sensitive tribal consultations on upcoming policy and legislative changes that may have a substantial effect on LVD.

5. This lawsuit imposes a great burden on me and my community in the following ways:

   a. Spending time away from my community gravely affects my ability to represent Tribal members and to the administrative of LVD. As an elected official, it is my duty to my constituents to be present and available in my community as much as is possible as well as to represent my constituents at meetings and consultations with local, state, and federal government bodies;

   b. Culturally, maximizing my time spent in my community and home is of utmost importance to me. The emotional burden of spending time away from my home and my culture compounds the other issues listed above.

6. I have already been required to devote in excess of 50 hours of my time to coordinate personnel, collect records and participate in discussions related to this lawsuit which has detracted from my duties as an Executive Officer of LVD.

7. The LVD Council directs all aspects of LVD's economic development strategy, including tribal lending, through resolutions of LVD Council. LVD Council has passed over 100 resolutions related to its tribal lending businesses, including those authorizing:

   a. The creation of consumer financial service companies;

   b. The entering into and termination of agreements between the businesses and service providers, vendors, investors, and other parties;

   c. Decisions related to the overall structure of the lending operation;

   d. Evaluations of the risks and benefits of bringing vendor services in-house;

   e. Acquisitions and mergers of several of the early participants in its lending operation;

   f. Execution of documents, including those containing limited waivers of immunity;

   g. Enactments of and amendments to LVD law related to businesses and regulation;

   h. Oversight of LVD's regulatory body; and

   i. Budget approvals.

  8. Since Big Picture's creation, LVD has invested over $7,000,000 in Big Picture in order to help create economic self-sufficiency for LVD.

  9. LVD earns profit as the sole equity owner of Big Picture *and* by receiving interest payments as an investor with Big Picture.

  10. LVD relies on the return from its investment to fund essential government programs and services. More than 10% of LVD's general fund comes from Big Picture, and Big Picture has the potential to fund more than 30% of LVD's government budget over the next few years.

  11. I have been appointed to serve as a Manager of TED and am responsible for oversight of TED's business operations.

  12. I have also been appointed to serve as a manager of Big Picture Loans and am responsible for oversight of Big Picture's business operations.

  13. I have also been appointed to serve as a manager of Ascension, and am responsible for oversight of Ascension's business operations.

  14. I have never resided in Virginia.

  15. I do not own property in Virginia.

  16. I maintain no bank accounts in Virginia.

  17. I do not have employees and offices in Virginia or engage in business in Virginia.

18.  I have not personally met, contacted, spoken with, or had any interactions of any kind with any of the named Plaintiffs in the above captioned matter: Lula Williams, George Hengle, Gloria Turnage, Dowin Coffy, and Felix Gillison, Jr.

19.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

By: _____

James Williams, Jr.

GIIWEGIIZHIGOOKWAY MARTIN
NOTARY PUBLIC, STATE OF MI
COUNTY OF GOGEBIC
MY COMMISSION EXPIRES Jun 12, 2019
ACTING IN COUNTY OF

Sworn and subscribed before me _____, Notary Public,
On this 28th day of September, 2017, in the county of _____.