**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| LULA WILLIAMS, GLORIA TURNAGE, GEORGE HENGLE, DOWIN COFFY, and FELIX GILLISON, JR., on behalf of themselves and all individuals similarly situated, | Civil Case No. 3:17-cv-00461-REP |
| Plaintiffs, | |
| v. | |
| BIG PICTURE LOANS, LLC; MATT MARTORELLO; ASCENSION TECHNOLOGIES, INC.; DANIEL GRAVEL; JAMES WILLIAMS, JR.; GERTRUDE MCGESHICK; SUSAN MCGESHICK; and GIIWEGIIZHIGOOKWAY MARTIN, | |
| Defendants. | |

_____ /

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Big Picture Loans, LLC ("Big Picture"), Ascension Technologies, LLC ("Ascension"), James Williams, Jr., Gertrude McGeshick, Susan McGeshick, and Giiwegiizhiigookway Martin ("Tribal Defendants"), by counsel, submits these answers to Plaintiffs' Complaint under protest. Defendant supplies these answers solely because of the Court's September 1, 2017 order and for the limited purpose of disputing this Court's jurisdiction over Tribal Defendants and Plaintiffs' Complaint. Nothing about the submissions of these answers is intended to waive or constitutes a legal waiver of tribal sovereign immunity. In answer to Plaintiffs' Complaint, Tribal Defendants state as follows:

## INTRODUCTION

1.      Tribal Defendants neither admit nor deny each and every allegation in paragraph 1, as the allegation characterizes the history of Virginia and does not require a response.

2.      Tribal Defendants deny each and every allegation in paragraph.

3.      Tribal Defendants deny paragraph 3, with the limited exception that Tribal Defendants admit paragraph 3 only to the extent that Big Picture Loans is owned and operated by the Tribe.

4.      The allegations in paragraph 4 are legal conclusions and so no answer is required. To the extent a response is necessary, Tribal Defendants deny that they are subject to Virginia law.

5.      The allegations in paragraph 5 are legal conclusions and so no answer is required. To the extent a response is necessary, Tribal Defendants deny that they are subject to Virginia law, and thus deny that Tribal Defendants are subject to any RICO violation or otherwise violated the law in the manners alleged.

## JURISDICTION

6.      Tribal Defendants deny each and every allegation in paragraph 6.

7.      Tribal Defendants deny all allegations in paragraph 7.

## PARTIES

8.      Tribal Defendants neither admit nor deny the allegation in paragraph 8 for lack of knowledge sufficient to form a belief.

9.      Tribal Defendants neither admit nor deny the allegation in paragraph 9 for lack of knowledge sufficient to form a belief.

10.      Tribal Defendants neither admit nor deny the allegation in paragraph 10 for lack of knowledge sufficient to form a belief.

11.      Tribal Defendants neither admit nor deny the allegation in paragraph 11 for lack of knowledge sufficient to form a belief.

12.      Tribal Defendants neither admit nor deny the allegation in paragraph 12 for lack

of knowledge sufficient to form a belief.

13.     Tribal Defendants admit that Big Picture Loans is a limited liability company that offers online consumer loans at www.bigpictureloans.com.  Tribal Defendants deny all remaining allegations in paragraph 13.

14.     Tribal Defendants admit that Mr. Martorello is a natural person.  Tribal Defendants deny all remaining allegations in paragraph 14.

15.     Tribal Defendants deny each and every allegation in paragraph 15.

16.     Tribal Defendants deny each and every allegation in paragraph 16.

17.     Tribal Defendants admit each and every allegation in paragraph 17.

18.     Tribal Defendants deny paragraph 18 to the extent that Ms. Martin is Vice-Chairperson of the Tribe, not "tribal chairwoman."

19.     Tribal Defendants admit each and every allegation in paragraph 19.

20.     Tribal Defendants admit each and every allegation in paragraph 20.

## FACTUAL BACKGROUND

**A.     Virginia's Longstanding Public Policy Prohibiting Usurious Loans.**

21.     Paragraph 21 merely characterizes the history of Virginia and does not require a response.  To the extent that an answer is required, Tribal Defendants neither admit nor deny the allegation, as Virginia law is not applicable to Tribal Defendants.

22.     Paragraph 22 merely characterizes the history of Virginia usury laws and does not require a response.  To the extent that an answer is required, Tribal Defendants neither admit nor deny the allegation, as Virginia law is not applicable to Tribal Defendants.

23.     Paragraph 23 merely characterizes the history of Virginia usury laws and does not require a response.  To the extent that an answer is required, Tribal Defendants neither admit nor

deny the allegation, as Virginia law is not applicable to Tribal Defendants.

24.     Paragraph 24 merely characterizes Virginia usury laws and does not require a response.  To the extent that an answer is required, Tribal Defendants neither admit nor deny the allegation for lack of knowledge sufficient to form a belief as Virginia law is not applicable to Tribal Defendants.

25.     Paragraph 25 merely characterizes the Virginia usury laws and does not require a response.  To the extent that an answer is required, Tribal Defendants deny that they are predatory lenders.  For all remaining allegations, Tribal Defendants neither admit nor deny, as Virginia law is not applicable to Tribal Defendants

**B.      Defendants Established an Enterprise to Evade Virginia's Licensing Requirements and Usury Laws.**

26.     Paragraph 26 merely states case law and does not require a response.  To the extent that an answer is required, Tribal Defendants deny to the extent that paragraph 26 characterizes all tribal lending businesses as "a shield for conduct of questionable legality" and alleges "businesses have sought to evade state lending laws."

27.     Tribal Defendants neither admit nor deny each and every allegation in paragraph 27 for lack of knowledge sufficient to form a belief.

28.     Tribal Defendants admit that the Lac Vieux Desert Band of Lake Superior Chippewa Indians is a federally recognized Indian tribe located in the Upper Peninsula of Michigan.  Tribal Defendants deny all remaining allegations in paragraph 28.

29.     Tribal Defendants deny each and every allegation in paragraph 29.

30.     Tribal Defendants deny each and every allegation in paragraph 30.

31.     Tribal Defendants deny each and every allegation in paragraph 31.

32.     Tribal Defendants deny each and every allegation in paragraph 32.

32899326v1

33.     Tribal Defendants deny each and every allegation in paragraph 33.

34.     Tribal Defendants deny each and every allegation paragraph 34.

35.     Tribal Defendants deny each and every allegation in paragraph 35.

36.     Tribal Defendants deny each and every allegation in paragraph 36.

37.     Tribal Defendants each and every allegation in paragraph 37.

38.     Tribal Defendants deny each and every allegation in paragraph 38.

39.     Tribal Defendants deny each and every allegation in paragraph 39.

40.     Tribal Defendants deny each and every allegation in paragraph 40.

41.     Tribal Defendants deny each and every allegation in paragraph 41.

42.      Tribal Defendants neither admit nor deny the allegations in paragraph 42 for lack of knowledge sufficient to form a belief.

43.     Tribal Defendants neither admit nor deny the allegations in paragraph 43 as it describes the activities of federal regulators and requires no response.

44.     Tribal Defendants neither admit nor deny the allegations in paragraph 44 to the extent that the allegation is argumentative.  Tribal Defendants deny each and every remaining allegation in paragraph 44.

45.     Tribal Defendants neither admit nor deny the allegations in paragraph 45 to the extent that the allegation is argumentative. Tribal Defendants deny each and every remaining allegation in paragraph 45.

46.     Paragraph 46 quotes portions of a criminal indictment, therefore no answer is necessary as the indictment speaks for itself.

47.     Tribal Defendants deny each and every allegation in paragraph 47.

48.     Tribal Defendants deny each and every allegation in paragraph 48.

49.     Tribal Defendants deny each and every allegation in paragraph 49.

50.     Tribal Defendants admit that Ascension is and has always been organized under the laws of the Tribe.  Tribal Defendants deny all remaining allegations in paragraph 50.

51.     Tribal Defendants neither admit nor deny the allegations in paragraph 51 for lack of information sufficient to form a belief.

52.     Tribal Defendants neither admit nor deny the allegations in paragraph 52 for lack of information sufficient to form a belief.

53.     Tribal Defendants neither admit nor deny the allegations in paragraph 53 for lack of information sufficient to form a belief.  To the extent that an answer is required, Tribal Defendants deny to the extent that Tribal Defendants are unable to ascertain the veracity of LinkedIn profiles.  Tribal Defendants deny the remaining allegations in paragraph 53.

**C.     Defendants Made Loans to Virginia Consumers Charging Interest in Excess of 12% APR.**

54.     Tribal Defendants deny each and every allegation in paragraph 54.

55.     Tribal Defendants neither admit nor deny each and every allegation in paragraph 55 for lack of knowledge sufficient to form a belief to the extent it relates to Martorello and Gravel. To the extent an answer is required, Tribal Defendants deny each and every allegation in paragraph 55.

56.     Tribal Defendants deny the allegation in paragraph 56.

57.     Tribal Defendants deny each and every allegation in paragraph 57, including because it is unclear what Plaintiffs mean by "standard Loan Agreements."

58.      Tribal Defendants deny each and every allegation in paragraph 58.

59.    Tribal Defendants deny each and every allegation in paragraph 59.

60.    Tribal Defendants admit that neither Tribal Defendants nor the Tribe have a consumer finance license in Virginia.   Tribal Defendants deny the remaining allegation in paragraph 60.

61.    Tribal Defendants deny each and every allegation in paragraph 61.

62.    Tribal Defendants deny each and every allegation in paragraph 62.

63.    Tribal Defendants deny each and every allegation in paragraph 63.

64.    Tribal Defendants deny each and every allegation in paragraph 64.

65.    Tribal Defendants deny each and every allegations in paragraph 65.

66.    Tribal Defendants deny each and every allegation in paragraph 66.

67.    Tribal Defendants deny each and every allegation in paragraph 67.

**D.    Defendants' Loan Agreements Are Void and Unenforceable Under Virginia Law.**

68.    Tribal Defendants deny each and every allegation in paragraph 68.

69.    Tribal Defendants deny each and every allegation in paragraph 69.

70.    To the extent paragraph 70 summarizes the terms of Plaintiff Williams' loan agreement, the loan agreement speaks for itself and so no answer is necessary.  To the extent Tribal Defendants are required to respond, Tribal Defendants admit that the language quoted above is in the loan agreement attached to the Complaint as Ex. 1.

71.    To the extent paragraph 71 summarizes the terms of Plaintiffs Turnage, Hengle, Coffy, and Gillison Jr.'s loan agreements, the loan agreements speak for themselves and so no answer is necessary.  To the extent an answer is required, Tribal Defendants admit that Plaintiffs Turnage, Hengle, Coffy, and Gillison Jr.'s loan agreements contain governing law and forum selection clauses.

72.     Tribal Defendants deny each and every allegation in paragraph 72.

73.     Tribal Defendants deny each and every allegation in paragraph 73.

74.     The allegations in paragraph 74 are legal conclusions and so no answer is required. To the extent a response is required, deny each and every allegation in paragraph 74.

75.     Tribal Defendants deny each and every allegation in paragraph 75.

76.     Tribal Defendants deny each and every allegation in paragraph 76.

77.      The allegation in paragraph 77 characterizes and quotes the loan agreement attached to the Complaint as Ex. 1, the loan agreement speaks for itself and so no answer is required.  To the extent an answer is required, Tribal Defendants admit that the language quoted above is in the loan agreement attached to the Complaint as Ex. 1.

78.     The allegation in paragraph 78 characterizes and quotes the loan agreement attached to the Complaint as Ex. 1, the loan agreement speaks for itself and so no answer is required.  To the extent an answer is required, Tribal Defendants admit that the language quoted above is in the loan agreement attached to the Complaint as Ex. 1.

79.     To the extent the allegation in paragraph 79 characterizes the Tribal Financial Services Authority Commission Regulation 1.1 § 4 or other regulations, the regulations speak for themselves and no answer is required.  To the extent a response is required, Tribal Defendants deny each and every allegation in paragraph 79.

80.     To the extent the allegation in paragraph 80 characterizes the Tribal Financial Services Authority Commission Regulation 1.1 § 4(b), the regulation speaks for itself and no answer is required.  To the extent a response is required, Tribal Defendants deny each and every allegation in ¶ 80.

81.     To the extent the allegation in paragraph 81 characterizes the Tribal Financial

Services Authority Commission Regulations, that document speaks for itself and no answer is required. To the extent a response is required, Tribal Defendants deny each and every allegation in ¶ 81.

82.     Tribal Defendants deny each and every allegation in paragraph 82.

83.     The allegation in paragraph 83 characterizes Plaintiffs' request for relief and therefore does not require a response.

<u>COUNT ONE:</u> **DECLARATORY JUDGMENT**
**(CLASS CLAIM AGAINST ALL DEFENDANTS)**

84.     Tribal Defendants restate each answer to the allegations in the preceding paragraphs as if set forth at length herein.

85.     Tribal Defendants deny each and every allegation in paragraph 85.

86.     Tribal Defendants deny each and every allegation in paragraph 86.

87.     Tribal Defendants deny each and every allegation in paragraph 87.

88.     Tribal Defendants deny each and every allegation in paragraph 88.

89.     Tribal Defendants deny each and every allegation in paragraph 89.

90.     Tribal Defendants deny each and every allegation in paragraph 90.

91.     Tribal Defendants deny each and every allegation in paragraph 91.

92.     Tribal Defendants deny each and every allegation in paragraph 92.

93.     Tribal Defendants deny each and every allegation in paragraph 93.

94.     Tribal Defendants deny each and every allegation in paragraph 94.

**COUNT TWO:**
**VIOLATIONS OF RICO, 18 U.S.C. § 1962(c)**
**(CLASS CLAIM AGAINST ALL DEFENDANTS)**

95.     Tribal Defendants restate each answer to the allegations in the preceding paragraphs as if set forth at length herein.

Page 9 of 16

96.     Tribal Defendants admit that paragraph 96 attempts to define a class.   Tribal Defendants deny that a class can be certified in this case.

97.     Tribal Defendants deny each and every allegation in paragraph 97.

98.     Tribal Defendants deny each and every allegation in paragraph 98.

99.     Tribal Defendants deny each and every allegation in paragraph 99.

100.    Tribal Defendants deny each and every allegation in paragraph 100.

101.     Tribal Defendants deny each and every allegation in paragraph 101.

102.    Tribal Defendants deny each and every allegation in paragraph 102.

103.    Tribal Defendants deny each and every allegation in paragraph 103.

104.    Paragraph 104 quotes the text of a statute, to which no response is required.

105.    Tribal Defendants deny each and every allegation in paragraph 105.

106.    Tribal Defendants deny each and every allegation in paragraph 106.

107.    Tribal Defendants deny each and every allegation in paragraph 107.

108.     Tribal Defendants deny each and every allegation in paragraph 108.

109.    Tribal Defendants deny each and every allegation in paragraph 109.

## <u>COUNT THREE</u>:
## VIOLATIONS OF RICO, 18 U.S.C. § 1962(d) (CLASS CLAIM AGAINST ALL DEFENDANTS)

110.    Tribal Defendants restate each answer to the allegations in the preceding paragraphs as if set forth at length herein.

111.    Tribal Defendants deny each and every allegation in paragraph 111.

112.     Tribal Defendants deny each and every allegation in paragraph 112.

113.     Tribal Defendants deny each and every allegation in paragraph 113.

114.    Tribal Defendants deny each and every allegation in paragraph 114.

115.     Tribal Defendants deny each and every allegation in paragraph 115.

116.     Tribal Defendants deny each and every allegation in paragraph 116.

117.     Tribal Defendants deny each and every allegation in paragraph 117.

118.     Tribal Defendants deny each and every allegation in paragraph 118.

## COUNT FOUR:
### VIOLATIONS OF VIRGINIA USURY LAWS
### (CLASS CLAIM AGAINST BIG PICTURE LOANS, MATT MARTORELLO, ASCENSION TECHNOLOGIES, DANIEL GRAVEL)

119.     Tribal Defendants restate each answer to the allegations in the preceding paragraphs as if set forth at length herein.

120.     Tribal Defendants admit that paragraph 120 attempts to define a class.   Tribal Defendants deny that a class can be certified in this case.

121.     Tribal Defendants deny each and every allegation in paragraph 121.

122.      Tribal Defendants deny each and every allegation in paragraph 122.

123.       Tribal Defendants deny each and every allegation in paragraph 123.

124.     Tribal Defendants deny each and every allegation in paragraph 124.

125.      Tribal Defendants deny each and every allegation in paragraph 125.

126.      Tribal Defendants deny each and every allegation in paragraph 126.

127.     Tribal Defendants deny each and every allegation in paragraph 127.

128.     Tribal Defendants deny each and every allegation in paragraph 128.

## COUNT FIVE: UNJUST ENRICHMENT
### (CLASS CLAIM AGAINST BIG PICTURE LOANS, RED ROCK, MATT MARTORELLO, ASCENSION TECHNOLOGIES, DANIEL GRAVEL)

129.     Tribal Defendants restate each answer to the allegations in the preceding paragraphs as if set forth at length herein.

130.    Tribal Defendants admit that paragraph 130 attempts to define a class.   Tribal Defendants deny that a class can be certified in this case.

131.    Tribal Defendants deny each and every allegation in paragraph 131.

132.    Tribal Defendants deny each and every allegation in paragraph 132.

133.     Tribal Defendants deny each and every allegation in paragraph 133.

134.    Tribal Defendants deny each and every allegation in paragraph 134.

135.    Tribal Defendants deny each and every allegation in paragraph 135.

136.    Tribal Defendants deny each and every allegation in paragraph 136.

137.    Tribal Defendants deny each and every allegation in paragraph 137.

138.    Tribal Defendants deny each and every allegation in paragraph 138.

139.    Tribal Defendants deny each and every allegation in paragraph 139.

## AFFIRMATIVE DEFENSES

Under Federal Rule of Civil Procedure 8(c)(1), Tribal Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by tribal sovereign immunity.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege any abrogation or waiver of tribal sovereign immunity.

### THIRD AFFIRMATIVE DEFENSE

The Tribal Defendants are immune from Virginia law.

### FOURTH AFFIRMATIVE DEFENSE

The Tribal Defendants are immune from the Racketeer Influenced and Corrupt Organizations Act.

### FIFTH AFFIRMATIVE DEFENSE

The Court does not have subject matter jurisdiction over Plaintiffs' claims, including for the reasons set forth in pending briefing.

### SIXTH AFFIRMATIVE DEFENSE

The Court does not have personal jurisdiction over Tribal Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE

The Court is not the proper venue or forum in which to hear Plaintiffs' claims, including for the reasons set forth in pending motions.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exhaust the tribal administrative remedies.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring their claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege applicability of Virginia state law.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations and/or waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have unclean hands because Plaintiffs are in default or have otherwise breached.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery to the extent that they have failed to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; Plaintiff' and their counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members cannot recover as a class action to the extent to which such class recovery would deprive the Tribal Defendants of their due process rights to assert individualized defenses to claims of class members.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover from the Tribal Defendants individually or as a class action for punitive or statutory damages to the extent any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Tribal Defendants reserve the right to add or amend its affirmative defenses as more facts come to light during the course of the investigation.

**BIG PICTURE LOANS, LLC, ASCENSION TECHNOLOGIES, INC., JAMES WILLIAMS, JR., GERTRUDE MCGESHICK, SUSAN MCGESHICK, AND GIIWEGIIZHIIGOOKWAY MARTIN**

By: /s/David N. Anthony

David N. Anthony
Virginia State Bar No. 31696
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

Karrie Sue Wichtman (admitted *pro hac vice*)
Justin A. Gray (admitted *pro hac vice*)
ROSETTE, LLP
25344 Red Arrow Highway
Mattawan, MI 49071
Telephone: (269) 283-5005
Facsimile: (517) 913-6443
Email: kwichtman@rosettelaw.com
Email: jgray@rosettelaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of September, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Kristi C. Kelly
Andrew J. Guzzo
Casey S. Nash
KELLY & CRANDALL PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA  22030
Telephone: 703-424-7570
Facsimile: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com
Email: casey@kellyandcrandall.com
*Counsel for Plaintiffs*

James W. Speer
VIRGINIA POVERTY LAW CENTER
919 E. Main Street, Suite 610
Richmond, VA  23219
Telephone: 804-782-9430
Facsimile: 804-649-0974
Email: jay@vplc.orga
*Counsel for Plaintiffs*

David F. Herman
Jonathan P. Boughrum
Richard L. Scheff
MONTGOMERY MCCRACKEN WALKER
& RHOADS LLP
123 S Broad Street
Philadelphia, PA 19109
Telephone: 215-772-1500
Facsimile: 215-772-7620
Email: dherman@mmwr.com
Email: jboughrum@mmwr.com
Email: rscheff@mmwr.com
*Counsel for Defendant Matt Martorello*

/s/ David N. Anthony

David N. Anthony
Virginia State Bar No. 31696
*Counsel for Defendants*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

32899326v1