THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LULA WILLIAMS, GLORIA TURNAGE, GEORGE HENGLE, DOWIN COFFY, and FELIX GILLISON, JR., *on behalf of themselves and all individuals similarly situated,*<br><br>    Plaintiffs,<br>v.<br><br>BIG PICTURE LOANS, LLC, MATT MARTORELLO, ASCENSION TECHNOLOGIES, INC., DANIEL GRAVEL, JAMES WILLIAMS, JR., GERTRUDE MCGESHICK, SUSAN MCGESHICK, and GIIWEGIIZHIGOOKWAY MARTIN,<br><br>    Defendants. | CIVIL ACTION NO. 3:17-cv-461 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT MATT MARTORELLO'S MOTION TO STAY**

Defendant Matt Martorello ("Martorello") by counsel, for his memorandum of law in support of his Motion to Stay, states as follows:

I.     **INTRODUCTION**

Defendants, Big Picture Loans, LLC and Ascension Technologies, LLC (collectively, the "Tribal Defendants"), recently filed an interlocutory appeal (ECF No. 135) from the Court's June 26, 2018 Order (ECF No. 124) denying their earlier Motion to Dismiss (ECF No. 22), which sought dismissal of all claims against those entities for lack of subject matter jurisdiction. The Tribal Defendants' appeal leaves this litigation in an awkward, and untenable, position. As a result of the appeal, this case is not able to move forward against the Tribal Defendants, as the district court is divested of jurisdiction while the appeal is pending. Yet, the Tribal Defendants have exclusive possession of virtually all of the necessary evidence in this case, including

exclusive possession of all evidence which would permit the certification of a readily ascertainable class of Virginia plaintiffs through objective criteria. And, if that were not enough, certain remedies requested by Plaintiffs in the Complaint are only available from the Tribal Defendants, and not Martorello.

Martorello, on the other hand, does not possess the data and evidence the parties require to move this case forward past mere allegations and to the truth of the matter, nor does he have any right to obtain such data from the Tribal Defendants. As such, resolution of the Tribal Defendants' appeal is likely to define the future course of this litigation given these significant considerations. As numerous courts have held, under these circumstances, a stay of this case until the Tribal Defendants are able to fully litigate their appeal is necessary, in the practical interest of all parties, and will significantly conserve judicial resources.

## II.     A STAY OF THESE PROCEEDINGS AS A WHOLE IS WARRANTED UNDER THE FACTUAL CIRCUMSTANCES CONFRONTING THE COURT

As part of the Court's inherent power to control its own docket, it has the ability to stay proceedings where appropriate. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising its discretion, this Court has "wide discretion to weigh competing interests and maintain an even balance." *Sunbeam Prod., Inc. v. Hamilton Beach Brands, Inc.*, No. 3:09CV791, 2010 WL 1946262, at *2 (E.D. Va. May 10, 2010).

Typically, courts look to balance four factors in determining whether a stay is appropriate: (1) likelihood of success on the merits by the proponent of a stay; (2) irreparably injury to the proponent absent a stay; (3) injury to other parties interested in the proceeding if a stay is granted; and (4) where the public interest lies. *See Brinkman v. John Crane, Inc.*, No. 4:14CV142, 2015 WL 13424471, at *1 (E.D. Va. Dec. 14, 2015) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). While the first two factors are of paramount importance in this

balancing, *id.* (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)), "[t]he four-factor test contemplates individualized judgments rather than the application of rigid rules." *Washington Speakers Bureau, Inc. v. Leading Authorities, Inc.*, 49 F. Supp. 2d 496, 499 (E.D. Va. 1999). Here, each of the factors either favors or is neutral to the issuance of a stay of this litigation against Martorello pending resolution of the Tribal Defendants' jurisdictional appeal.

> A. **The Tribal Defendants' appeal involves the determination of substantial legal questions and issues of first impression in the Fourth Circuit.**

The Tribal Defendants have a high likelihood of success on the merits of the appeal. Courts interpreting this first factor do not require that litigants demonstrate a greater than fifty percent chance of success on appeal. Rather, something far less is required. For example, in *Washington Speakers Bureau*, the court noted that the proponent of a stay could, in the usual case, satisfy the first factor by demonstrating "a substantial legal question," but need not demonstrate the chances of a successful appeal exceed fifty percent. *Id.* Other courts have noted that where an issue of first impression confronts the court, and "the Fourth Circuit may resolve the issue differently," a stay may be appropriate given that in such a scenario, the proponent has "demonstrated a substantial case on the merits." *Miller v. Brown*, 465 F. Supp. 2d 584, 596 (E.D. Va. 2006), *aff'd*, 503 F.3d 360 (4th Cir. 2007). And, "courts have sensibly concluded that the first factor 'does not require the trial court to change its mind or conclude that its determination on the merits was erroneous.'" *Realvirt, LLC v. Lee*, 220 F. Supp. 3d 704, 705–06 (E. D. Va. 2016) (quoting *United States v. Fourteen Various Firearms*, 897 F.Supp. 271, 273 (E.D. Va. 1995) (Payne, J.)); *see also Goldstein v. Miller*, 488 F. Supp. 156, 172 (D. Md. 1980), *aff'd,* 649 F.2d 863 (4th Cir. 1981) ("The likelihood-of-success standard does not mean that the trial court needs to change its mind or develop serious doubts concerning the correctness of its decision in order to grant a stay pending appeal."). The proponent of a stay must only demonstrate that an

"appeal *could be rationally resolved* in favor of the party seeking the stay." *Fourteen Various Firearms*, 897 F. Supp. at 273 (emphasis added).

Here, the Tribal Defendants' appeal clearly raises substantial legal questions of first impression in this Circuit for which there is substantial possibility that the Fourth Circuit will resolve differently than this Court. Indeed the Court took great pains to repeatedly emphasize the Fourth Circuit's lack of precedent on key issues within the opinion, including: (1) the ability of an arm of a tribe to share in the tribe's immunity; (2) what legal framework is appropriate to determine if an entity is an arm of a tribe; and (3) the appropriate burden of proof applicable to the Court's evaluation of the appropriate arm of the tribe factors. Mem. Op. at 42-43, 45, 49-50. These are weighty legal issues—each is a true issue of first impression in this Circuit. As such "[t]his [first] factor weighs in favor of granting a stay because clear precedent from the Court of Appeals does not dictate the outcome of the substantive issue." *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, No. 1:16CV534(JCC/IDD), 2016 WL 3346349, at *3 (E.D. Va. June 16, 2016) (holding that first factor favored entry of stay given lack of Fourth Circuit precedent, notwithstanding the court's prior order and the its serious doubts as to the success of any appeal.).

### B. Forcing Martorello to litigate this case without a necessary party—the Tribal Defendants—will cause substantial and irreparable injury.

Similarly, the second factor—injury to Martorello absent a stay—also favors the entry of a stay by the Court. In analyzing this factor, courts "should enter a stay 'where failure to enter a stay will result in a meaningless victory in the event of appellate success.'" *Brinkman*, 2015 WL 13424471 at *1 (quoting *Fourteen Various Firearms*, 897 F. Supp. at 273). Here, the Tribal Defendants' appeal concerns whether the Court has jurisdiction to hear cases and controversies involving the Tribal Defendants. If the Tribal Defendants are correct, then dismissal of those

entities will be required pursuant to Fed. R. Civ. P. 12(b)(1).

Yet, the Tribe and its entities—as legal and equitable owners of 100% of every loan made to Plaintiffs, and whose loan origination process occurs solely on Tribal land by and through employees and Managers of the Tribal Defendants—are necessary and indispensable parties under Fed. R. Civ. P. 19(a). *Delta Fin. Corp. v. Paul D. Comanduras & Assocs.*, 973 F.2d 301, 305-06 (4th Cir.1992) (collecting cases and noting, "[t]he cases are virtually unanimous in holding that in suits between parties to a contract seeking rescission of that contract, all parties to the contract, and others having a substantial interest in it, are necessary parties."). Where, as here[1], a plaintiff seeks rescission of, or to otherwise void, contracts between them and a defendant, "it is clear that [the contracting defendant] is a required party to the action within the meaning of Rule 19(a)(1)." *Plant v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08CV374, 2009 WL 9071878, at *1 (E.D. Va. Oct. 7, 2009). The corollary to this holding is that where a case is required to be stayed as to necessary party—such as here pending resolution of the Tribal Defendants' appeal to the Fourth Circuit—a stay is appropriate for *all other defendants*. *Id.* (holding that where a court was required to stay a case pursuant to 11 U.S.C. § 362(a) against a required party, "a stay of proceedings with respect to defendants other than [required party] is appropriate pursuant to Rule 19(b).").

Even if the Tribal Defendants were not necessary and indispensable parties under Rule 19—and they are—without a stay of this litigation pending resolution of the Tribal Defendants' appeal by the Fourth Circuit, Martorello will be *severely* prejudiced moving forward to the significant class and merits discovery still to take place given the Tribal Defendants and Tribe's

---

[1] *See* Compl. ¶ 4 ("Plaintiffs seek a declaratory judgment that the loan agreements related to Defendants' rent-a-tribe scheme are void and unenforceable."); *see also* Compl. ¶¶ 84-94. Plaintiffs have also sought to force the purported enterprise to cease originating new loans to Virginia consumers. *See, e.g.,* Compl. ¶ 102. But Martorello has no ability to stop the Tribal Defendants from operating their business in whatever fashion those defendants see fit.

sole possession of practically *all* relevant and discoverable documents, evidence, and witness testimony. Yet, with the Tribe's appeal pending, Martorello has no ability to obtain that key evidence from the Tribe should this case move forward. *See, e.g., Alltel Commc'ns., LLC v. DeJordy*, 675 F.3d 1100, 1105-06 (8th Cir. 2012) (holding that tribal sovereign immunity barred enforcement of an otherwise valid subpoena served on a non-party Native American Tribe and its official). This inability to obtain evidence works a tremendous injustice upon Martorello and his ability to adequately defend against Plaintiffs' allegations. And, to the extent that the Tribal Defendants are successful and immune, such prejudice will be irreparable.[2]

All parties in this litigation agree that in January 2016, Martorello's former company, Bellicose Capital, LLC, was sold to the Tribe. *See, e.g.,* Compl. ¶ 48; Mem. Op., ECF No. 130 at 19 ("On January 26, 2016, the Tribe finally completed its purchase of Bellicose, including subsidiaries like SourcePoint…"). As a result of this sale, Martorello transferred the data and records of Bellicose Capital, LLC to a tribal entity, who then, to the best of Martorello's knowledge, transferred that data to the Tribal Defendants. *See Id.* (noting that as a result of the sale, the Tribe "acquired all of Bellicose's data, software, and corporate goodwill."); BPL Brief in Support of Mot. to Dismiss for Lack of Subject Matter Juris., ECF No. 23 at 7, PageID# 156 ("With its newly formed tribal businesses firmly established, LVD, through TED, bought Bellicose (through a seller-financed transaction) to acquire its intellectual property related to online lending, as well as its *existing data*, software, and corporate goodwill." (emphasis added)). Such data would include, to the extent it still exists, data from 2011 through January, 2016 evincing: (1) all loan information for Plaintiffs and all members of the putative class—whether from customers of Red Rock Tribal Lending or Big Picture Loans; (2) all e-mails and

---

[2] This unjust result will be perpetuated many times over given the additional copy-cat lawsuits being filed against Martorello in this Court and elsewhere across the country.

communications sent or received by Martorello as well as all former employees of Bellicose Capital, LLC; (3) all policies, procedures, and business documents of Bellicose Capital, LLC, Red Rock Tribal Lending, LLC, Big Picture Loans, LLC, and/or Ascension Technologies, LLC; and (4) all documents demonstrating the day-to-day activities of Martorello and Bellicose Capital, LLC. And, to the extent that Plaintiffs' claims concern loans originated by Big Picture Loans, Martorello has no ability to access *any* documents relating to the operations of that company. These are all essential documents which are critical for Martorello's defense, and which this Court must consider if this litigation is to continue forward in good faith.

Indeed, beyond sparse records required for tax purposes, Martorello does not have copies of *any* of the documents maintained by any entity issuing or servicing loans made to Plaintiffs or members of the putative class they seek to represent. Martorello does not even have a complete set of his former e-mails from his time at Bellicose Capital—all of which were transferred to the Tribe as part of the sale transaction. Martorello has no ability to obtain documents regarding the Tribe's application of the TFSRA or the Tribe's implementation of its laws and regulations. Martorello similarly has no ability to obtain documents about the Tribal Defendants' activities or their overview of their loan programs. Without these documents, Martorello has no ability to defend himself against the accusations of Plaintiffs.[3]

Martorello is also entirely reliant upon deposition testimony from the Tribal Defendants in order to mount a defense to Plaintiffs' theories of this case. For instance, the Tribal Defendants are the only party that can credibly speak to the on-reservation activities of the Tribal

---

[3] Of course, Plaintiffs will also require additional data and information from the Tribal Defendants, as is indicated by Plaintiffs' recent class certification discovery propounded upon the Tribal Defendants. For example, only the Tribal Defendants have customer-level loan data. Martorello can provide *none* of this data for Plaintiffs. Yet without such data, the class of Virginia borrowers may be effectively unascertainable under Rule 23 during the pendency of the Tribal Defendants' appeal to the Fourth Circuit.

Defendants. Martorello has no involvement in, or insight into, the operation of any business operated by the Tribe—since January 2016, Martorello has been purely a creditor of the Tribe. Only the Tribal Defendants and their employees can speak to the terms, conditions, and identity of individual loans to consumers made by Big Picture Loans, LLC and the services provided by Ascension Technologies. Only the Tribal Defendants and their employees can speak to the operation of those businesses. But no subpoena issued to the Tribal Defendants is enforceable (whether to the Tribe, the Tribal Defendants, any other business of the Tribe, or any of their employees) absent a determination of the pending appeal to the Fourth Circuit. *Alltel Commc'ns*, 675 F.3d at 1105-06. Accordingly, because the loans originated by Big Picture and services provided by Ascension are at the heart of this case, and without the involvement of the Tribal Defendants, Martorello will be unable to fully reveal the details of the lending business in support of his defenses to liability.

Confronting similarly complex claims and interrelated discovery in the face of an appeal, other courts have found it appropriate to enter "a stay regarding discovery matters and the trial schedule," for all defendants. *See, e.g., Dababnah v. W. Virginia Bd. of Med.*, 57 F. Supp. 2d 355, 356 (S.D.W. Va. 1999).

    **C.**    <u>**The remaining factors favor a stay.**</u>

The two remaining factors, injury to other parties and the public's interest in the entry of a stay favor a stay. Initially, Plaintiffs will suffer no injury should a stay be issued. Plaintiffs' purported economic injuries, to the extent they exist[4], can be remedied through the proper application of prejudgment interest. Such prejudgment interest would include any period of stay.

---

[4] It bears repeating that several of the Plaintiffs have actually received more in loan principal than they have repaid to the Tribal Defendants. For example, Plaintiff Gillison has made *no* payments to the Tribal Defendants despite receiving his full loan principal. As to those Plaintiffs who have received more from the Tribal Defendants than they have repaid, they continue to suffer no harm during the pendency of this action and will not be prejudiced by a stay. Rather, those Plaintiffs continue to lack both Article III and RICO standing to pursue their claims.

And, a stay as to Martorello could not affect or delay any requested injunctive or equitable relief requested from the Tribal Defendants. Martorello is a creditor to the Tribe, nothing more. Martorello has no ability to provide Plaintiffs the relief they seek as to individual loans, the dissolution of various enterprises in which Martorello has no ownership, or the cessation of originating new loans to Virginia consumers. Martorello has no insight into the policies, procedures, or other decisions of the Tribal Defendants, or their interactions with Virginia consumers. And, as the Court's Memorandum Opinion recognized, both Red Rock and Big Picture—not Martorello[5]—make, and have always made, all consumer lending decisions. Mem. Op., ECF No. 130 at 13, 13 n.6, 24-25. Accordingly, only the Tribal Defendants—whose appeal to the Fourth Circuit is as of right—can provide Plaintiffs with their requested discovery and relief. A stay of this case as to Martorello will not perpetuate any injury to Plaintiffs.

Additionally, the public's interest in a stay either weighs in favor of a stay or is neutral here. Initially, the public has a well understood and weighty interest in the preservation of judicial economy. Proceeding with discovery and class certification in the absence of the Tribal Defendants, notwithstanding the intertwined nature of the claims against those defendants and Martorello, will not promote judicial economy. To the contrary, proceeding forward without the Tribal Defendants may result in a significant duplication of efforts of both the remaining litigants and, potentially, the Court. For example, to the extent Plaintiffs and Martorello are required to engage in discovery absent the Tribal Defendants, such discovery will need to be entirely duplicated if the Tribal Defendants return to this litigation after resolution of their appeal. Indeed, numerous parties—including each of the Plaintiffs—will need to be re-deposed so as to permit the Tribal Defendants to meaningfully participate in the discovery process.

---

[5] Indeed, the Memorandum Opinion (ECF No. 130) implicitly and repeatedly acknowledges that Martorello is currently nothing more than a creditor of the Tribe.

Resolution of the Tribal Defendants' appeal is also likely to determine the character of this litigation for all parties moving forward. If the Tribal Defendants are able to successfully press their appeal to the Fourth Circuit, no additional discovery from the Tribal Defendants, the Tribe, its officials, or any employee of the Tribal Defendants is likely to be obtained by either Plaintiffs or Martorello. *See, e.g., Alltel Commc'ns.*, 675 F.3d at 1105-06. Such a consideration is an important fact to consider so that *all* parties may know, for certain, when they can ultimately frame their pretrial schedule, class certification strategies, and undertake the Court-ordered settlement process before the assigned magistrate judge.

Finally, the public's interest in a stay, on balance, favors an appeal. While the public does have an interest in the expeditious resolution of cases pending in this Court, there is also a significant public interest in the respect for sovereignty generally, and tribal sovereignty specifically. To this end, innumerable Courts have recognized the keystone importance of a federal public policy favoring tribal economic development and self-determination. *See, e.g., Michigan v. Bay Mills Indian Community*, 134 S.Ct. 2024, 2043 (2014) ("A key goal of the Federal Government is to render Tribes more self-sufficient, and better positioned to fund their own sovereign functions, rather than relying on federal funding.") (Sotomayor, J., concurring). And, the public has *no* interest in a waste of judicial resources which would be attendant to moving forward absent the Tribal Defendants only to have those defendants later rejoin this case should their appeal be denied. Indeed, there is no benefit to piecemeal resolution of this case, particularly in light of the considerable evidence within the exclusive possession of the Defendants on appeal.

### III. CONCLUSION

For the reasons set forth above, Matt Martorello respectfully requests that the Court: (1) grant his Motion to Stay; and (2) grant him such other and further relief as may be required.

**MATT MARTORELLO**

By:<u>/s/ Timothy J. St. George</u>
David N. Anthony
Virginia State Bar No. 31696
Timothy J. St. George
Virginia State Bar No. 77349
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com
Email: tim.stgeorge@troutmansanders.com

Richard L. Scheff (PA ID No. 35213) (PHV)
Jonathan P. Boughrum (PA ID No. 91019) (PHV)
David F. Herman (PA ID No. 318518)(PHV)
MONTGOMERY MCCRACKEN
WALKER & RHOADS, LLP
1735 Market Street, 19th Floor
Philadelphia, PA  19103
Telephone:  215.772.7502
Email:  rscheff@mmwr.com

*Counsel for Matt Martorello*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

Kristi Cahoon Kelly
Andrew Joseph Guzzo
KELLY & CRANDALL PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: 703-424-7576
Facsimile: 703-591-0167
Email: kkelly@ kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com
*Counsel for Plaintiffs*

James Wilson Speer
VIRGINIA POVERTY LAW CENTER
919 E Main Street, Suite 610
Richmond, VA 23219
Telephone: 804-782-9430
Facsimile: 804-649-0974
Email: jay@vplc.org
*Counsel for Plaintiffs*

Karrie Sue Wichtman
Justin A. Gray
ROSETTE, LLP
25344 Red Arrow Highway
Mattawan, MI 49071
Telephone: (269) 283-5005
Facsimile: (517) 913-6443
Email: kwichtman@rosettelaw.com
Email: jgray@rosettelaw.com

*/s/* Timothy J. St. George
Timothy J. St. George
Virginia State Bar No. 77349
*Counsel for Defendant Matt Martorello*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-5118
Email: tim.stgeorge@troutmansanders.com