**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**LULA WILLIAMS, GLORIA TURNAGE,
GEORGE HENGLE, DOWIN COFFY, and
FELIX GILLISON, JR.**, *on behalf of themselves
and all individuals similarly situated*,

                **Plaintiffs**,         Civil Action No. 3:17-cv-00461-REP

v.

**BIG PICTURE LOANS, LLC; MATT MARTORELLO;
ASCENSION TECHNOLOGIES, INC.;
DANIEL GRAVEL; JAMES WILLIAMS, JR.;
GERTRUDE MCGESHICK; SUSAN MCGESHICK;
and GIIWEGIIZHIGOOKWAY MARTIN,**

                **Defendants.**
_____/

**TRIBAL DEFENDANTS' MEMORANDUM IN SUPPORT OF SUPPLEMENTAL
MOTION TO STAY ALL PROCEEDINGS
PENDING APPEAL OF THE COURT'S JUNE 26, 2018 ORDER**

Defendants, Big Picture Loans, LLC ("Big Picture") and Ascension Technologies, LLC ("Ascension"), collectively the "Tribal Defendants," by counsel, hereby file this supplemental motion to stay all further proceedings in this action pending the resolution of the Tribal Defendants appeal of the Court's June 26, 2018 Order, seeking to stay any attempted deposition testimony and other attempted discovery from their officers and employees.

**INTRODUCTION**

On July 24, 2018, the Tribal Defendants filed their motion to stay all proceedings pending the resolution of their appeal to the United States Court of Appeals for the Fourth Circuit. (ECF No. 137.) The Tribal Defendants made that filing out of an abundance of caution, as this Court is

presently divested of jurisdiction because of the appeal of the denial of their motions to dismiss based on tribal sovereign immunity. That motion to stay is fully briefed and awaiting decision.[1]

In light of that motion to stay and issues relating to divestiture of jurisdiction, at the July 25, 2018 initial pretrial conference, the Court held off on setting any deadlines in the case for the Tribal Defendants. (*See generally* ECF No. 147, 25:2-4, "Now, remember that at this juncture, you're only dealing with Mr. Martorello. You are not dealing with the defendants who filed a notice of appeal.")

Despite the Court's limiting instructions, since the initial pretrial conference, Plaintiffs' counsel has aggressively pursued discovery against Ascension in multiple ways, including through their service of both Rule 30(b)(1) deposition notices and Rule 45 deposition subpoenas on three of Ascension's individual officers. That compelled Ascension to file motions to quash in three different jurisdictions, with arguments that relied heavily on the lack of jurisdiction to authorize subpoenas and the pending motion to stay. In response to one such motion,[2] the United States District Court for the District of Puerto recently refused to quash a subpoena, but it further held in a text order (without any further analysis) that its "decision does not preclude the District Court for the Eastern District of Virginia from considering the merits - or lack thereof - of the motion to stay the discovery in Civil No. 17-0461 (REP) allegedly filed by Ascension in said District. That, however, is a determination that only the Virginia court can make. (*See* 3:18mc1637 (D.P.R. 2018), ECF No. 20.) This motion is consistent with that directive.

For the reasons set forth below, relief from this Court is necessary to prevent attempted party discovery: (1) in an action where there is no longer jurisdiction; (2) where there is a pending

---

[1] On July 34, 2018, Defendant Matt Martorello also filed a Motion to Stay, which is also fully briefed and pending before the Court. (ECF No. 140.)

[2] The other two motions to quash remain pending.

motion to stay; and (3) where Plaintiffs are improperly seeking to circumvent those issues through the issuance of Rule 45 subpoenas, which courts have consistently held cannot be used as a vehicle for party discovery.

## SUPPLEMENTAL BACKGROUND

### I. The notice of appeal, motion to stay, and initial pretrial conference.

On July 20, 2018, following their notice of appeal (ECF No.135), the Tribal Defendants filed their Motion to Stay. (ECF No. 137.) The Tribal Defendants filed a stay due to certain orders that were issued and discovery that was propounded *before* the filing of the notice of appeal, which orders and discovery sought to impose various pretrial obligations on the Tribal Defendants (*e.g.*, attendance at a Rule 16 conference). *See*, *e.g.*, 7/3/18 Order Setting Pretrial Conference (ECF No. 128); 7/3/18 Scheduling Order (ECF No. 129); 7/5/18 Order re: *in camera* review (ECF No. 132). *See* **Exhibits A-C**.

As explained in the pending motion to stay, the Tribal Defendants' appeal divests this Court of jurisdiction to proceed while the appeal is pending. *See, e.g., Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also Burlington Northern & Santa Fe Ry. v. Vaughn*, 509 F.3d 1085, 1090 (9th Cir. 2007). Put differently, if this Court allows discovery to proceed against the Tribal Defendants, it will intrude upon the current jurisdiction of the Fourth Circuit.

Accordingly, while it considered these issues, the Court was clear at the initial pretrial conference as to how the case could proceed, instructing Plaintiffs' counsel to "remember that at this juncture, you're only dealing with Mr. Martorello. You are not dealing with the defendants

who filed a notice of appeal." (ECF No. 147, 7/25/2018 Pre Hr'g Tr p 25:2-5). The Court also held off setting any pretrial deadlines as to the Tribal Defendants. (*See generally* ECF No. 147.)

Nonetheless, in the past two months, the Tribal Defendants have been forced to defend against several new discovery requests seeking information that is related to the issues on appeal, which further threatens the Tribal Defendants' sovereignty, and which only underscores the urgent need for a stay here. *E.g.*, *Bowen v. Doyle*, 880 F. Supp. 99, 134 (W.D.N.Y. 1995) ("A claim of sovereign immunity is forever lost by subjecting [the party] to the very process from which he asserts he is immune."); *In re Facebook Inc.*, 42 F. Supp. 3d 556, 558 (S.D.N.Y. 2014). Indeed, immunity doctrines are meant to give sovereigns "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery." *Id.*

## II. Plaintiffs' discovery efforts following the initial pretrial conference.

Since the initial pretrial conference, Plaintiffs have served Rule 30(b) and Rule 45 subpoenas seeking depositions of three Ascension officers.

First, on August 9, 2018, Plaintiffs served notices for depositions under Fed. R. Civ. P. 30(b) to depose Ascension's President and one of its officers. Based on the divesture of jurisdiction, the Tribal Defendants resisted the depositions, as there was no jurisdiction for Rule 30(b) depositions pending the appeal. Plaintiffs refused to withdraw the notices, but they ultimately did not appear on the scheduled date at the scheduled location for the depositions.

Next, on August 19, 2018, Plaintiffs served deposition subpoenas under Rule 45 to two of those same individuals and an additional Ascension officer, seeking to obtain information about their roles at Ascension. And, despite issuing the subpoenas under Rule 45, Plaintiffs freely confirmed during the meet and confer discussions that, "Yes, we intend to ask them questions about their employment with Ascension." (*See* **Exhibit A**, 8/28/2018 Email Guzzo to Gray; *see*

*also* **Exhibit B**, 10/3/2018 Email Guzzo to Gray "We disagree re: third party subpoenas and the depositions of Dowd and Liang, who are officers/high level employees of Ascension and previously at Bellicose.").

The Tribal Defendants moved to quash those subpoenas, as they were defective and served without tendering witness fees (among other issues). On September 4, 2018, the Plaintiffs served new Rule 45 deposition subpoenas to the same three individuals to cure the defect regarding fees, and as a result, the Tribal Defendants filed amended motions to quash in Puerto Rico, South Carolina, and Michigan to oppose the extra-jurisdictional depositions.

The Puerto Rico court denied the motion to quash, choosing to avoid any substantive ruling and permitting this Court to decide the Tribal Defendants motion to stay (**Exhibit D**, 9/19/2018 Order.) Nonetheless, Plaintiffs have already requested a deposition date for this Ascension officer. (**Exhibit C**, 9/30/2018 Email Kelly to Gray.) And on September 30, 2018, Ascension's counsel again requested that Plaintiffs agree to postpone the depositions until this Court ruled on the pending motion to stay. Instead of agreeing to postpone, Plaintiffs threatened sanctions, making this motion necessary. (**Exhibit C**, 9/30/2018 Email Kelly to Gray.)

The two other motions to quash the Rule 45 subpoenas actions are fully briefed and await decision. *See Williams v Big Picture Loans, LLC*, Case No. 2018-mc-00083 (W.D. Mi. Aug. 31, 2018); *See Williams v Big Picture Loans, LLC*, Case No. 2018-mc-00303 (D.S.C. Aug. 31, 2018). As a result, it is very likely that there will be inconsistent decisions over whether Ascension employees can be deposed.[3] Thus, a stay from this court is critical.

---

[3] Co-Defendant Martorello also, served subpoenas for depositions on current and past Tribal Councilmembers and current Ascension employees. (**Exhibit C,** 9/28/2018 Email Boughrum to Gray.)

**ARGUMENT**

I. **As raised in the July 20, 2018 Motion to Stay, the Tribal Defendants' Appeal divests the Court of jurisdiction, which includes jurisdiction to authorize discovery.**

Tribal Defendants have appealed the Court's denial of tribal sovereign immunity, which would be outcome dispositive of the claims against them and has divested this Court of jurisdiction.[4] They have also filed a motion to stay. The Court has also held discovery against the Tribal Defendants in abeyance. Nonetheless, without accounting for any of those issues, Plaintiffs have continued to persist in seeking discovery from Ascension through discovery issued out of this Court in the form of Rule 45 subpoenas.

Sovereign immunity shields a sovereign and its employees from subpoenas. *Boron Oil Co. v. Downie*, 873 F.2d 67, 70–71 (4th Cir. 1989) ("subpoena proceedings fall within the protection of sovereign immunity even though they are technically against the federal employee and not against the sovereign. We have previously instructed that suits against federal employees may be barred by the doctrine of sovereign immunity where the effect of the suit falls upon the government."); *accord Reynolds Metals Co. v. Crowther*, 572 F.Supp. 288, 290–91 (D. Mass. 1982) (federal official's refusal to testify in response to state court subpoena protected by privilege of sovereign immunity); *United States v. McLeod*, 385 F.2d 734, 752 (5th Cir.1967) (federal officers could not be subpoenaed to testify before a state grand jury).

Moreover, in the Fourth Circuit, there is a "well-established principle that an appeal divests a trial court of jurisdiction over 'those aspects of the case involved in the appeal.'" *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999); *Griggs v. Provident Consumer Discount*

---

[4] Indeed, the Tribal Defendants urge that this motion should itself be unnecessary due to the divestiture of jurisdiction. However, they are left with no choice but to file here given the decision of the Puerto Rico court and Plaintiffs' and co-Defendants' continued efforts to seek discovery from Ascension through subpoenas issued out of this Court.

*Co.*, 459 U.S. 56, 58 (1982); *see also In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir.1991). That is equally true in the context of an appeal of a denial of sovereign immunity. *Eckert Intern, Inc. v Gov't of Sovereign Democratic Republic of Fiji,* 834 F. Supp. 167, 174 (E.D. Va. 1993) (holding that defendant's interlocutory appeal based on immunity "divests this Court of jurisdiction over the remaining matters."); 9 J. Moore, B. Ward & J. Lucas, MOORE'S FEDERAL PRACTICE ¶ 203.11 (2d ed. 1991); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, FEDERAL PRACTICE & PROCEDURE § 3949 (1977).

Moreover, the denial of a motion claiming tribal sovereign immunity is *immediately* appealable under the collateral order doctrine, thereby divesting the district court of jurisdiction during the pendency of the appeal, as is the case here. *See, e.g.*, *Bonnet v. Harvest (U.S.) Holdings, Inc.,* 741 F.3d 1155, 1157 (10th Cir. 2014) ("We have recognized that 'the denial of tribal immunity is an immediately appealable collateral order.'"); *see also Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 928 (7th Cir. 2008); *Prescott v. Little Six, Inc.*, 387 F.3d 753, 755 (8th Cir. 2004); *Osage Tribal Council v. United States Dep't of Labor*, 187 F.3d 1174, 1179-80 (10th Cir. 1999); *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.*, 63 F.3d 1030, 1050 (11th Cir. 1995); *Vann v. Kempthorne*, 534 F.3d 741, 745 (D.C. Cir. 2008); *Burlington N. & Santa Fe Ry. Co. v. Vaughn,* 509 F.3d 1085, 1090 (9th Cir. 2007) ("[a]s with absolute, qualified, and Eleventh Amendment immunity, tribal sovereign immunity 'is an immunity from suit rather than a mere defense to liability; and . . . it is effectively lost if a case is erroneously permitted to go to trial.'").

Based on these principles, courts have consistently held that, while an appeal of the issue of sovereign immunity is pending, a party cannot conduct any discovery of the sovereign entity. *Yates v. State Farm Fire & Cas. Co.*, No. 7:13-CV-233-KS, 2017 WL 5632939, at *1 (E.D.N.C.

May 15, 2017) (the court refused to consider a plaintiffs' motion to compel after an appeal was underway because the "appeal of this action has divested this court of jurisdiction to entertain any motion to compel discovery."). Simply put, as courts within the Fourth Circuit and elsewhere have recognized, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *McFadyen*, No. 1:07CV953, 2011 WL 13134315, at *2 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 685 ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (noting that threshold immunity questions should be resolved "before permitting discovery"); *Hegarty v. Somerset County*, 25 F.3d 17, 18 (1st Cir. 1994) ("[A] denial of qualified immunity is entitled to immediate appellate review . . . [and] the stay of discovery, of necessity, ordinarily must carry over through the appellate court's resolution of that question."). Thus, the requested discovery should not proceed.

## II. Plaintiffs are impermissibly seeking to use Rule 45 to circumvent the limits on party discovery based on the lack of jurisdiction, pending stay, and this Court's directive at the initial pretrial conference.

Recognizing these numerous issues independently preventing any party discovery at this juncture in the case, Plaintiffs issued subpoenas to Ascension's President and two other directors under Rule 45, seeking to appear as if they are seeking information from those individuals that does not relate to Ascension. That is incorrect.

Fundamentally, Plaintiffs attempt to make it seem through the use of non-party Rule 45 subpoenas that they seek to depose Ascension's officers based on their status as third parties. But, Plaintiffs' own statements during the meet and confer process belie that claim, making clear that they intend to ask these employees <u>about their roles at Ascension</u>. (*See* **Exhibit A**, 8/28/2018

Email Guzzo to Gray; *see also* **Exhibit B**, 10/3/2018 Email Guzzo to Gray "We disagree re: third party subpoenas and the depositions of Dowd and Liang, who are officers/high level employees of Ascension and previously at Bellicose."). That is (of course) unsurprising given that the deposition notices were served on the President of Ascension and two directors of Ascension.

Courts, however, have consistently rejected the tactic where party seeks to circumvent the limits of party discovery through discovery requests issued under Rule 45. *See, e.g.*, *Wade v. City of Fruitland*, 287 F.R.D. 638, 643 (D. Id. 2013) (granting motion to quash Rule 45 subpoena attempting to discover information from a non-party that the underlying district court had stayed with respect to the party-defendant: "Judge Ryan, although ordering Canyon County to turn over the records, issued a stay of that order pending appeal. If this Court ordered compliance with the Rule 45 subpoena with respect to the three binders, it would nullify Judge Ryan's order and allow Wade to circumvent the stay."); *cf. Golden v. Mentor Capital, Inc.*, No. 2:15-CV-00176-JNP, 2017 U.S. Dist. LEXIS 182935, *2 ("A Rule 45 subpoena should not be used as an improper attempt to circumvent the discovery deadline. The court therefore will GRANT the Motion to Quash."); *see also* 8A Charles Alan Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 2204 at 365 (2nd ed. 1994); 7 MOORE'S FEDERAL PRACTICE § 34.02[5][e] (3d ed.) ("Although Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders."). Thus, the subpoenas should be quashed and this Court should affirm that Plaintiffs cannot conduct further discovery of Ascension and Big Picture through the attempted use of any discovery device at this time.[5]

---

[5] At one point, Plaintiffs represented to this Court that they acknowledged this authority:

> Additionally, it is important to note at the outset that the only discovery served on Big Picture and Ascension is limited to two discrete issues (1)

**CONCLUSION**

For the foregoing reasons, the Tribal Defendants respectfully request that the Court: (1) grant their supplemental Motion to Stay All Proceedings Pending Appeal of the Court's June 26, 2018 Order, thereby staying all attempted depositions and discovery from their officers and employees; and (2) grant them such other and further relief as may be warranted.

        **BIG PICTURE LOANS, LLC, ASCENSION TECHNOLOGIES, INC.**

        By:/s/ Timothy J. St. George
        David N. Anthony
        Virginia State Bar No. 31696
        Timothy J. St. George
        Virginia State Bar No. 77349
        *Counsel for Big Picture Loans, LLC and Ascension Technologies, Inc.*
        TROUTMAN SANDERS LLP
        1001 Haxall Point
        Richmond, Virginia 23219
        Telephone: (804) 697-5410
        Facsimile: (804) 698-5118
        Email: david.anthony@troutmansanders.com
        Email: tim.stgeorge@troutmansanders.com

        Justin A. Gray (admitted *pro hac vice*)
        ROSETTE, LLP
        25344 Red Arrow Highway
        Mattawan, MI 49071
        Telephone: (269) 283-5005
        Facsimile: (517) 913-6443
        Email: jgray@rosettelaw.com

---

discovery needed to prove the class is ascertainable; and (2) discovery to avoid any potential arguments regarding a material variation in the language of the loan agreements. The requested information should be easy to identify and sort as part of Defendants' regularly conducted business. With the Court bifurcating class certification and merits, *Plaintiffs' counsel does not anticipate serving any additional written discovery to Big Picture or Ascension or taking a Rule 30(b)(6) deposition of either entity.*

(ECF 150 p 2.)

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Kristi C. Kelly
Andrew J. Guzzo
Casey S. Nash
KELLY & CRANDALL PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: 703-424-7570
Facsimile: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com
Email: casey@kellyandcrandall.com
*Counsel for Plaintiffs*

David F. Herman (Admitted *pro hac vice*)
Jonathan P. Boughrum (Admitted *pro hac vice*)
Richard L. Scheff (Admitted *pro hac vice*)
MONTGOMERY MCCRACKEN WALKER & RHOADS LLP
123 S Broad Street
Philadelphia, PA 19109
Telephone: 215-772-1500
Facsimile: 215-772-7620
Email: dherman@mmwr.com
Email: jboughrum@mmwr.com
Email: rscheff@mmwr.com
*Counsel for Defendant Matt Martorello*

James W. Speer
VIRGINIA POVERTY LAW CENTER
919 E. Main Street, Suite 610
Richmond, VA 23219
Telephone: 804-782-9430
Facsimile: 804-649-0974
Email: jay@vplc.orga
*Counsel for Plaintiffs*

Hugh M. Fain, III
John M. Erbach
Maurice F. Mullins
SPOTTS FAIN PC
411 E. Franklin Street
P.O. Box 1555
Richmond, VA 23218-1555
Telephone: 804-788-1190
Facsimile: 804-697-2144
Email: hfain@spottsfain.com
Email: jerbach@spottsfain.com
Email: cmullins@spottsfain.com
*Counsel for Defendant Matt Martorello*

Beth E. Terrell (Admitted *pro hac vice*)
Elizabeth A. Adams (Admitted *pro hac vice*)
Jennifer R. Murray (Admitted *pro hac vice*)
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th St., Suite 300
Seattle, WA 98103-6689
Telephone: 206-816-6603
Facsimile: 206-319-5450
Email: bterrell@terrellmarshall.com
Email: eadams@terrellmarshall.com
Email: jmurray@terrellmarshall.com
*Counsel for Plaintiffs*

Eleanor Michelle Drake (Admitted *pro hac vice*)
John G. Albanese (Admitted *pro hac vice*)
BERGER & MONTAGUE PC
43 S.E. Main Street, Suite 505
Minneapolis, MN 55414
Telephone: 612-594-5999
Facsimile: 612-584-4470
Email: emdrake@bm.net
Email: jalbanese@bm.net
*Counsel for Plaintiffs*

Matthew William Wessler (Admitted *pro hac vice*)
GUPTA WESSLER PLLC
1900 L Street NW, Suite 312
Washington, DC 20036
Telephone: 202-888-1741
Facsimile: 2020888-7792
Email: matt@guptawessler.com
*Counsel for Plaintiffs*

Leonard A. Bennett
Elizabeth W. Hanes
CONSUMER LITIGATION ASSOCIATES
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@clalegal.com
Email: elizabeth@clalegal.com
*Counsel for Plaintiffs*

/s/Timothy J. St. George
Timothy St. George
Virginia State Bar No. 77349
*Counsel for Defendants*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: tim.stgeorge@troutmansanders.com