IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LULA WILLIAMS, et al.,
on behalf of themselves
and all individuals
similarly situated,

    Plaintiffs,

v.                          Civil Action No. 3:17cv461

BIG PICTURE LOANS, LLC,
et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on the plaintiffs' MOTION FOR ENTRY OF ORDER (ECF No. 303) (the "Motion"). Ascension Technologies, Inc. ("Ascension") and Big Picture Loans, LLC ("Big Picture") (collectively the "Corporate Defendants") responded, and the Court heard argument on the matter. For the following reasons, the plaintiffs' MOTION FOR ENTRY OF ORDER (ECF No. 303) will be granted.

**BACKGROUND**

As explained in detail in the MEMORANDUM OPINION (ECF No. 146) (the "Opinion") entered on July 27, 2018, at the core of this case lie consumer loans bearing interest rates of more than 600% that are alleged to violate Virginia's usury laws and a lending scheme (implemented through a convoluted corporate maze) that is

alleged to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The corporate structure and the lending schemes were set up by the Corporate Defendants and the individual defendant, Matt Martorello, in an effort to escape the reach of state usury laws and federal credit regulating laws by trying to put the Corporate Defendants within the sovereign immunity of the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe"). For the reasons set forth in the Opinion, the Corporate Defendants' motion to dismiss this case for lack of jurisdiction under a claim of sovereign immunity was rejected. That decision is on appeal to the United States Court of Appeals for the Fourth Circuit.

After the Corporate Defendants appealed from the decision holding that they were not entitled to the Tribe's sovereign immunity, the case was set for trial on the claims against Martorello, and class and merits discovery was allowed to proceed as to the case against Martorello. The case against Martorello was set for trial to begin on March 18, 2019, but as explained in the MEMORANDUM ORDER entered on January 23, 2019 (ECF No. 323), the Corporate Defendants have thwarted the discovery efforts of both the plaintiffs and Martorello by interposing rather farfetched notions of sovereign immunity to oppose the plaintiffs' efforts to obtain information from non-parties and from employees

of the Corporate Defendants who formerly were employed by entities owned or controlled by Martorello.

As part of their discovery of non-parties, the plaintiffs issued a subpoena *duces tecum* to TranDotCom Solutions, LLC ("TranDotCom"), a company that maintains Big Picture's data relating to the allegedly usurious loans such as loan amounts, origination dates, and payments. TranDotCom refused to comply because of its contract with Big Picture and its concerns about whether production was prohibited by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, <u>et. seq.</u> However, TranDotCom has not filed objections to producing the documents requested in the subpoena. Instead, the plaintiffs and TranDotCom negotiated a resolution that required a Court order to sanction the resolution. TranDotCom and the plaintiffs informed Big Picture of the subpoena and the agreement. After that agreement was reached, the Corporate Defendants, who had been informed of the subpoena but had done nothing to oppose it, filed a pleading titled SPECIALLY APPEARING DEFENDANTS BIG PICTURE LOANS, LLC'S AND ASCENSION TECHNOLOGIES, LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR ORDER (ECF No. 318), in which they object to entry of the order to which the plaintiffs and TranDotCom agreed.

## DISCUSSION

In the Motion, the Court is asked to enter an order declaring that TranDotCom's transfer of Big Picture's data in response to

the subpoena does not violate the Gramm-Leach-Bliley Act so that TranDotCom will provide the requested data without fear of violating the statute. The Court agrees that the transfer of Big Picture's data does not violate the Gramm-Leach-Bliley Act because a subpoena falls within the judicial-process exception to the Act. See 15 U.S.C. § 6802(e)(8) (stating that a financial institution may provide nonpublic personal information to a nonaffiliated third party when the financial institution is responding to "judicial process"). Further, the Court rejects the other reasons advanced by the Corporate Defendants for denying the motion: (1) that the subpoena must be served in Georgia rather than in Virginia under Rule 45 and (2) that the motion should be quashed, because the subpoena does not satisfy Rule 45's balancing test.[1] Each argument will be addressed in turn.

### A. The Gramm-Leach-Bliley Act Does Not Prevent Production

The plaintiffs argue that the Gramm-Leach-Bliley Act is not a bar to production here because a subpoena for discovery falls squarely within the "judicial process" exception of the Act, 15

---

[1] Both the plaintiffs and the Corporate Defendants discuss Big Picture's contract with TranDotCom, see ECF No. 303 at 1-2; ECF No. 318 at 203, but neither party has presented the contract to the Court for examination. Nor have the Corporate Defendants articulated a theory about why the contract would prevent TranDotCom from providing the data as it has agreed. Therefore, any argument based on the contract is waived.

4

U.S.C. § 6802(e)(8).[2] Their view relies on district court opinions from outside of this district. See RQ Const., Inc. v. Ecolite Concrete U.S.A., No. 09-cv-2728, 2010 WL 3069198, at *2 (S.D. Cal. Aug. 4, 2010) ("[A] financial institution does not violate the act if it provides the information in response to judicial process, including civil discovery."); Marks v. Glob. Mortg. Grp., Inc., 218 F.R.D. 492, 496 (S.D. W.Va. 2003) ("The court FINDS that 15 U.S.C. § 6802(e)(8) permits a financial institution to disclose the non-public personal financial information of its customers to comply with a discovery request.").

The Corporate Defendants say that neither the federal courts nor Congress have set a bright-line rule governing whether an answer to a civil subpoena is "judicial process," ECF No. 318 at 8 n.4, but they rely on a district court case from Louisiana, saying that court "stated a subpoena for monetary gain is not 'judicial process.'" Id. (citing Landry v. Union Planters Corp., No. CIV.A. 02-3617, 2003 WL 21355462 (E.D. La. June 6, 2003)). That, however, is not what the Landry court held; instead, that

---

[2] Section 6802(e)(8) says, "Subsections (a) and (b) shall not prohibit the disclosure of nonpublic personal information . . to comply with Federal, State, or local laws, rules, and other applicable legal requirements; to comply with a properly authorized civil, criminal, or regulatory investigation or subpoena or summons by Federal, State, or local authorities; or to respond to judicial process or government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law."

5

court held that the information sought "d[id] not implicate the provisions of the [Gramm-Leach-Bliley Act]." Landry, 2003 WL 21355462 at *6. Further, the Corporate Defendants argue that the information should not be produced because 15 U.S.C. § 6802(b) says that a financial institution cannot disclose nonpublic personal financial information absent a notification for customers to be able to opt-out. ECF No. 318 at 9. This argument lacks merit because § 6802(e)(8) explicitly says, "Subsections (a) and (b) shall not prohibit the disclosure of nonpublic personal information . . . to respond to judicial process."

Thus, in short, the plaintiffs are correct that the Graham-Leach-Bliley Act allows the production of the information in TranDotCom's possession under the judicial-process exception.

B. **The Corporate Defendants' Other Arguments Lack Merit**

The Corporate Defendants further argue that the subpoenas should be quashed because: (1) under Rule 45, the plaintiffs must first file a motion to compel in Georgia where TranDotCom is located rather than in Virginia; and (2) the subpoenas do not satisfy the Rule 45 balancing test, because the requested data is not relevant, and because the loan data is confidential.

First, the Corporate Defendants are incorrect that the plaintiffs must file a motion to compel in Georgia, because a motion to compel is required only where the producing party

6

objects. See Fed. R. Civ. P. 45(d)(2)(B). TranDotCom has not objected to production here.

Second, the Corporate Defendants' argument that turning over the data does not satisfy the Rule 45 balancing test is rejected because the Corporate Defendants' did not make that argument in compliance with the Federal Rules of Civil Procedure. But, even if they had proceeded properly, the argument fails. Rule 45(d)(3)(B) governs permissive motions to quash subpoenas, which include when a person affected by a subpoena must disclose confidential commercial information. That rule requires there to be a "motion." See id. The Corporate Defendants have never filed a motion to quash or modify the subpoena. Further, even if they had filed such a motion, the Court would not grant it. Under Rule 45, the court balances the relevance of the information, the requesting party's need for it, the confidentiality of the information, and the resulting harm. See Brown v. Meehan, No. 3:14-cv-442, 2014 WL 4701170, at *2 (E.D. Va. Sept. 22, 2014); see also Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc., 813 F.2d 1207, 1210 (Fed. Cir. 1987); Retractable Techs., Inc. v. Int'l Healthcare Worker Safety Ctr., No. 3:11-mc-28, 2011 WL 3555848, at *3 (W.D. Va. Aug. 11, 2011); Snoznik v. Jeld-Wen, Inc., 259 F.R.D. 217, 222 (W.D.N.C. 2009). Here, the information is relevant and necessary to the plaintiffs maintaining a class action against Matt Martorello. Further, although the information is confidential, it

7

will be kept confidential, will be subject to the Protective Order, and will be limited to use in this action.³

Finally, considering that the Court has not yet decided PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OF CLAIMS AGAINST DEFENDANT MATT MARTORELLO (ECF No. 189), the production of documents shall not take effect until the Court decides whether the plaintiffs satisfy Fed. R. Civ. P. 23's requirements to maintain a class action. Meanwhile, TranDotCom shall segregate the requested information and preserve it so that it can be produced when directed by subsequent order. By March 30, 2019, TranDotCom shall certify in writing and under oath that it has properly preserved the requested information.

---

³ The plaintiffs argue that the Corporate Defendants do not have standing to challenge the subpoena to TranDotCom based on the Eleventh Circuit's decision in Miccosukee Tribe of Indians of Florida v. United States, 698 F.3d 1326 (11th Cir. 2012). There, the Court decided that a Native American tribe could not challenge a subpoena to third-party financial institutions as overbroad, but it left open the door for a tribe to challenge whether a subpoena is relevant. Id. at 1332. The Court agrees with the Eleventh Circuit's reasoning, because in an overbreadth challenge, a movant argues that complying with the subpoena is too burdensome to the party that must comply with the subpoena while in a relevance challenge, the movant argues that the subpoena asks for information irrelevant to the litigation. Here, the Corporate Defendants make a relevance challenge, so they have standing to challenge the subpoena.

## CONCLUSION

For the reasons stated above, the plaintiffs' MOTION FOR ENTRY OF ORDER (ECF No. 303) will be granted subject to the limitation set forth herein.

/s/ RSP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 12, 2019