IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LULA WILLIAMS, et al.,

    Plaintiffs,

v.

                              Civil Action No. 3:17cv461

BIG PICTURE LOANS, LLC,
et al.,

    Defendants.

## ORDER

Having considered DEFENDANT'S MOTION TO FILE UNDER SEAL HIS UNREDACTED RESPONSE AND EXHIBITS VV, XX, YY, ZZ, AAA, BBB, CCC, FFF, GGG, HHH, KKK, AND OOO IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY (ECF No. 422), and the exhibits thereto, and having reviewed previous and subsequent Motions to Seal filed by both plaintiffs and defendants, as well as the documents related thereto that are therein proposed to be sealed, the Court finds that the parties have not taken seriously their responsibility to avoid sealing documents that should not be sealed under the law of the Circuit and Local Civil Rule 5; and, in that regard, the Court finds that this situation has been created by (1) the indiscriminate (indeed profligate) designation of documents as "Confidential" by the Defendants acting under the STIPULATED PROTECTIVE ORDER (ECF No. 19) entered herein; (2) by the acquiescence in those unwarranted designations by the

Plaintiffs; (3) by the subsequent indiscriminate filing of such documents under seal by both Plaintiffs and Defendants; (4) by the designation of entire documents as confidential (and presentation thereof for sealing) when limited redaction of the documents would suffice to protect confidentiality; and (5) the Court having placed too great a reliance on the adversary process to avoid unwarranted sealing.  As a result, many documents have been sealed that should not be.

Accordingly, it is hereby ORDERED that henceforth no document shall be entered for filing under seal unless the terms of the STIPULATED PROTECTIVE ORDER (ECF No. 19) have been satisfied and there has been a demonstration by the Defendants that, in fact, specific information in a document is entitled to protection because it is truly confidential business information or a trade secret and by a certification of counsel for the Plaintiffs wherein counsel agrees that the specified information is confidential business information or a trade secret.

In that regard, the parties are advised that neither entire documents nor discrete parts thereof may be sealed merely because some aspect of the defendants' business is mentioned in the document.  There must be a genuine demonstration, in the process required by the STIPULATED PROTECTIVE ORDER (ECF No. 19), that the document is truly a protectable trade secret or confidential business information and then only those parts of the document

2

that constitute that demonstrated protected information (rather than the entire document) may be redacted. The wholesale filing of entire documents under seal as is occurring in this case is contrary to the law of the Circuit and the right of public access to documents.

Further, it is hereby ORDERED that, by May 31, 2019, each party shall file a pleading identifying every document that it has tendered to be filed under seal in connection with any pending motion and explaining document by document why that document, or a specified part thereof, lawfully can be sealed under the law of the Circuit and Local Civil Rule 5, or withdrawing the document (or part thereof) from seal.

Counsel are ADMONISHED that the Court will consider setting aside the STIPULATED PROTECTIVE ORDER (ECF No. 19) entirely unless counsel demonstrate that they are taking seriously the obligation to designate as confidential only those documents that are, in fact, confidential.

Further, in the filings to be made on May 31, 2019, counsel shall identify the list of documents (or parts thereof) that they agree can be removed from seal and then prepare a list of documents to be remained under seal. Thereafter, depending upon the volume of documents proposed to remain under seal, the Court will consider appointing a Special Master to review the documents that are alleged to remain under seal and the cost of the Special Master

3

will be assessed against the party contending that the document is entitled to remain under seal.

It is so ORDERED.

/s/ _REP_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 3, 2019

4