# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| LULA WILLIAMS, *et al.*,<br><br>　　　　　Plaintiffs,<br>v.<br><br>BIG PICTURE LOANS, LLC, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 3:17-cv-461 (REP) |
| LULA WILLIAMS, *et al.*,<br><br>　　　　　Plaintiffs,<br>v.<br><br>BIG PICTURE LOANS, LLC, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 3:19-mc-1 (REP) |
| LULA WILLIAMS, *et al.*,<br><br>　　　　　Plaintiffs,<br>v.<br><br>BIG PICTURE LOANS, LLC, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 3:19-mc-2 (REP) |

**PLAINTIFFS' REPLY TO NON-PARTY ROSETTE, LLP'S RESPONSE TO
<u>PLAINTIFFS' MOTION TO SEAL</u>**

The Plaintiffs, by counsel, respectfully submit this reply to Rosette, LLP's Response to Plaintiffs' Motion to Seal.

On March 28, 2019, Plaintiffs filed a reply brief in support of their Motion to Compel as to Non-Party Rosette, LLP. (*Williams*, 3:17-cv-461, Dkt. No. 442.) This reply contained six exhibits, four of which were filed under seal because they contained information that had been designated as confidential pursuant to the Stipulation Protective Order in the main *Williams* case. Accordingly, Plaintiffs also filed a motion to seal these exhibits, which stated that they disagreed with the documents' designation, but were seeking to comply with the terms of the protective order. (*Williams*, 3:17-cv-461, Dkt. No. 443.) In response to this motion, Rosette filed a response, which stated that Exhibits 4 and 5 to the Plaintiffs' motion to compel reply should remain under seal, because they allegedly contain Rosette's confidential client communications. (*Williams*, 3:19-mc-1, Dkt. No. 57.) However, particularly given this Court's recent instructions regarding the sealing of documents (*Williams*, 3:17-cv-461, Dkt. No. 454), the Plaintiffs continue to believe that these documents should be unsealed and filed in the public record.[1]

Much of Rosette's brief discusses the various standards under which the sealing of documents related to a discovery motion are appropriate. This recitation of the relevant case law is not controversial, and Plaintiffs agree that, as it relates to Exhibits 4 and 5, Rosette need only make a showing of "good cause" for the documents to remain under seal. *Kinetic Concepts, Inc. v. Convatec, Inc.*, 2010 WL 1418312 at *7 (M.D.N.C. April 2, 2010); *Ohio Valley Envtl. Coal. v. Elk Run Coal Co.*, 291 F.R.D. 114, 124 (S.D. W. Va. 2013). Even under this standard, however, Rosette's request that the documents remain under seal must be denied.

Rosette's main argument is that both exhibits must remain under seal because they contain Rosette's client's confidential information. As Plaintiffs have already addressed in their

---

[1] Rosette's response does not address Exhibits 2 and 3, which were also filed under seal. Plaintiffs intend to address the unsealing of these exhibits in their May 31, 2019 filing pursuant to this Court's April 3, 2019 Order. (*Williams*, 3:17-cv-461, Dkt. No. 454.)

motion to compel reply, this argument is misplaced. (*Williams*, 3:17-cv-461, Dkt. No. 442 at 9-12.) Although Plaintiff will not repeat all of the arguments made in their reply brief, they will note that the broader "rule of client-lawyer confidentiality" does not apply in this situation, where the information is sought through the compulsion of law. Arizona Bar Ethics Op. 00-11 (Nov. 2000); *see also* Rule 1.6, comment 3, Va. R. Prof'l Conduct ("The principle of confidentiality is given effect in two related bodies of law, the attorney-client privilege (which includes the work product doctrine) in the law of evidence and the rule of confidentiality established in professional ethics. The attorney-client privilege applies in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law."). Consistent with this understanding, this Court has explained: "the evidentiary attorney-client privilege arises only where disclosures are sought to be compelled in some litigation context, whereas the broader ethical duty arises in the context of voluntary or uncompelled disclosures, typically outside a litigation context." *X Corp. v. Doe*, 805 F. Supp. 1298, 1309 (E.D. Va. 1992). Notably, Rosette does not contend that either of these documents are subject to the stricter "attorney-client" standard—which it could not, given that both of these documents were exchanged with numerous third parties, including one of the defendants in this case, Matt Martorello.

Rosette also, without support or a detailed explanation, summarily argues that Exhibits 4 and 5 contain information that would invade its client's privacy interests. (Dkt. No. 57 at 3.) These conclusory allegations are wholly insufficient to meet Rule 26's good-cause requirement. But even if Rosette had offered a more detailed explanation, the fact of the matter is that Exhibits 4 and 5 do not contain any proprietary or confidential information. Instead, Exhibit 4 contains

the business plan for Red Rock Tribal Lending, and Exhibit 5 is the signature page for a contract between Red Rock Tribal Lending and one of Matt Martorello's companies.[2] Particularly given that Red Rock Tribal Lending ceased operations in January 2016, it is hard to imagine how its privacy interests or competitive standing would be harmed by the public filing of these documents. In addition, Martorello has not filed any papers in support of these documents remaining under seal.

Finally, Rosette argues that the documents should remain under seal because the Plaintiffs failed to challenge the documents' confidentiality designations under the Stipulated Protective Order. However, this argument completely ignores the requirements of Local Rule 5, which provides:

> Agreement of the parties that a document or other material should be filed under seal or the designation of a document or other material as confidential during discovery is not, by itself, sufficient justification for allowing a document or other material to be filed under seal. Anyone seeking to file a document or other material under seal must make a good faith effort to redact or seal only as much as necessary to protect legitimate interests.

E.D. Va. Civ. R. 5(c). Furthermore, although Rosette argues that it has properly utilized the "blanket" protective order in this case, that is simply not the case. In fact, Rosette has designated *every single page* of its 14,172 document-production as confidential. And in its capacity as counsel for the corporate defendants, it has further designated as confidential all 35,000+ documents produced by the corporate defendants as confidential. This does not constitute good-faith confidentiality designations and, regardless, the Local Rules expressly prohibit sealing simply because a document is designated as confidential in discovery.

Accordingly, Plaintiffs request that the Court hold that Exhibits 4 and 5 to their motion to compel reply be unsealed and filed in the public record.

---

[2] The name of the company has been redacted from the document.

                                            Respectfully submitted,
                                            **PLAINTIFFS**

                                          By: _*/s/ Kristi C. Kelly**_____
                                                    Counsel

Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
Casey S. Nash, Esq., VSB #84261
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Fax: (703) 591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com
*Counsel for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th of April, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/
Kristi Cahoon Kelly, Esq. (VSB #72791)
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Tel: 703-424-7572
Fax: 703-591-0167
Email: kkelly@ kellyguzzo.com
*Counsel for the Plaintiffs*