**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **LULA WILLIAMS, *et al.*,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No.: 3:17-cv-00461-REP** |
| **BIG PICTURE LOANS, LLC, *et al.*,** | |
| **Defendants.** | |

**DEFENDANT MATT MARTORELLO'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE AND RELATED EXHIBITS (ECF NO. 395)**

## I. INTRODUCTION

Defendant Matt Martorello ("Martorello") respectfully requests that the Court strike Plaintiffs' Reply In Support of Motion to Compel Information Withheld On The Basis Of Attorney-Client Privilege and related exhibits, ECF No. 395, because Plaintiffs' reply raises new arguments, cites new authority, and relies on new exhibits that were not raised in or attached to Plaintiffs' original motion despite the majority of the arguments, authorities, and exhibits being available to Plaintiffs at the time of their original filing. Although Martorello sought leave to file a sur-reply addressing Plaintiffs' new arguments and evidence, the Court denied Martorello's request for leave. *See* ECF No. 462. Because Martorello was denied leave to file a sur-reply, Martorello has been denied the opportunity to respond to Plaintiffs' new arguments and evidence to his significant prejudice. This includes both denying Martorello an opportunity to respond to Plaintiffs' new exhibits consisting of documents that were produced after his response date but

before Plaintiffs' reply date and to present evidence that rebuts Plaintiffs' new arguments and exhibits taken from the very same document productions (produced after his response date) as Plaintiffs' new reply exhibits. Absent Martorello being provided an opportunity to respond to the new arguments and alleged evidence in Plaintiffs' Reply and to present the new evidentiary materials that were not available at the time of his response, Plaintiffs' Reply and related exhibits should be stricken.

## II. PROCEDURAL HISTORY

On January 28, 2019, Plaintiffs filed a motion to compel information withheld on the basis of attorney-client privilege. ECF Nos. 340, 341. In support of their motion, Plaintiffs assert: (1) that Martorello waived the attorney-client privilege by asserting a good faith defense, (2) that the crime-fraud exception to the privilege applies in this case, and (3) that Martorello spoliated evidence thereby justifying that the privilege be pierced. *See id*. Martorello filed his Opposition on February 11, 2019. ECF Nos. 368, 389. On March 5, 2019, Plaintiffs filed their Reply. ECF No. 395. Plaintiffs' Reply contains substantial new arguments and cites new authorities that were not included in their original motion. *See id*. Plaintiffs also filed eighteen new exhibits with their Reply. *See* ECF Nos. 395-1–395-21 (except 395-5, 395-16, and 395-18); ECF 398-1-398-20. Of the eighteen new exhibits all but three (ECF Nos. 395-1/398-1, 395-10/398-10, and 395-13/398-13) appear to have been available to Plaintiffs at the time they filed their original motion.

Two days after filing their Reply, on March 7, 2019, Plaintiffs filed a Motion for Leave to File Supplemental Authority ("Plaintiffs' Motion for Leave"), ECF No. 403, seeking to submit three additional new exhibits in support of their motion that were produced by a third-party marketing firm after the parties had completed their briefing. Because Martorello did not have the opportunity to address the new proposed exhibits in his Opposition, Martorello filed an

Opposition to Plaintiffs' Motion for Leave, ECF No. 421, specifically addressing Plaintiffs' three new proposed exhibits. Plaintiffs filed a Reply in support of their motion on March 27, 2019, ECF No. 436, along with a Motion to Strike Martorello's Opposition, ECF. No. 437. On March 28, 2019, the Court granted Plaintiffs' Motion for Leave to submit new exhibits, ECF No. 439, and the Court denied as moot the Plaintiffs' Motion to Strike Martorello's Opposition, ECF No. 450.

Having addressed Plaintiffs' three new exhibits in his Opposition to Plaintiffs' Motion for Leave to File Supplemental Authority, on April 3, 2019, Martorello filed a motion seeking leave to file a sur-reply, ECF No. 455, addressing the other new arguments, authorities, exhibits, and mischaracterizations submitted in Plaintiffs' Reply. Martorello's proposed sur-reply provided proper context for Plaintiffs' new exhibits and addressed Plaintiffs' mischaracterizations, thereby supplying the Court with a balanced interpretation of the documents and testimony at the heart of the issues raised by Plaintiffs' motion to compel. Martorello's proposed sur-reply also addressed the new arguments and authorities submitted in Plaintiffs' Reply, which Martorello did not have the opportunity to address in his Opposition because the arguments and authorities were not included in Plaintiffs' original motion. Martorello's proposed sur-reply also presented new deposition testimony and documentary evidence that was not available at the time of his Opposition. *See id.; see also* ECF Nos. 455-4, 455-9, 459-2, 459-4, 459-5, 459-7, 459-8, 459-9, 459-10.

On March 5, 2019, the Court denied Martorello's request to file a sur-reply, ECF No 462, indicating that Martorello "simply seeks to reopen and expand his briefing on issues that previously have been briefed," that "none of the issues . . . are new and they should have been addressed in his opposition brief," and because, according to the Court, "the plaintiffs will be

prejudiced because they will not have the opportunity to address the entirely recast additional briefing." *Id.* at 1. According to the Court, "Martorello should have put these arguments in his brief or asked for permission to have a lengthier brief." *Id.* at 2.

In light of the Court's Order denying Martorello the opportunity to address the new arguments, authorities, exhibits, and mischaracterizations submitted in Plaintiffs' Reply, the majority of which were available to Plaintiffs at the time they filed their original motion and should have been raised and included at that time so that Martorello could respond, as well as the opportunity to present new deposition testimony and documents directly rebutting Plaintiffs' new arguments and evidence, fairness dictates that Plaintiffs' Reply be stricken.

## III. ARGUMENT

When new material appears in a reply, the reply should be stricken or the non-movant granted leave to file a sur-reply. *See Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (finding that district court abused its discretion in considering new evidentiary material submitted for the first time in movant's reply brief without affording non-movant an opportunity to respond to the new evidentiary material). As the Tenth Circuit explained in *Doebele,* when confronted with a reply brief containing new arguments or evidentiary material, a district court has two permissible options—it can permit a sur-reply or it can refrain from relying on any new material contained in the reply. *Id.* at n.13 (discussing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)); *accord Noel v Artson*, 297 Fed. App'x 216, 219 (4th Cir. 2008) (finding that plaintiffs would be prejudiced if court considered qualified immunity issue raised for first time in defendants' reply brief) (citing *McBride v. Merrell Dow & Pharms., Inc.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986)).

As explained in *Mercexchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608, 617 (E.D. Va. 2006), a court, "no matter what its motivations, may not . . . under any circumstances consider

evidence advanced by one party concerning disputed material facts that the opposing party is not presented an opportunity to challenge." (citing *Lussier v. Runyon,* 50 F.3d 1103, 1113 (1st Cir. 1995) and *Black v. TIC Investment Corp.,* 900 F.2d 112, 116 (7th Cir. 1990)). As further explained in *Mercexchange:*

> Such requirement is a 'fundamental principle of our jurisprudence' as '[o]urs is a system that seeks the discovery of truth by means of a managed adversarial relationship between the parties, [and] [i]f we were to allow judges to bypass this system, even in the interest of furthering efficiency or promoting judicial economy, we would subvert this ultimate purpose.'

*Id.* at 617 (quoting *Lussier*, 50 F.3d at 113–14); *see also DeBlasio v. Johnson*, 128 F. Supp. 2d 315, 320 n.2 (E.D. Va. 2000) (considering plaintiffs' response to new evidence in defendants' reply "[i]n the interests of equity"); *Cavallo v. Star Enterprise*, 100 F.3d 1150, 1152 n.2 (4th Cir. 1996) (finding that consideration of issue omitted from appellant's initial brief would be unfair to appellee and "would risk an improvident or ill-advised opinion on the legal issues involved" because appellee would be denied the opportunity to respond) (internal citations omitted); *Black*, 900 F.2d at 116 (noting that on remand it was within district court's discretion whether to consider affidavit submitted with reply but requiring that opposing party be given a chance to respond if affidavit was considered); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("'[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the nonmovant an opportunity to respond.'") (quoting *Black*, 900 F.2d at 116); *Beaird,* 145 F.3d at 1165 (10th Cir. 1998) ("Rule 56(c) simply requires that if the court relies on new materials or arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials.").

"New material" includes both new legal arguments and new evidentiary material. *Alston v. Forsyth*, 379 Fed. App'x 126, 129 (3d Cir. 2010) (remanding to allow opposing party

opportunity to respond to legal argument concerning controlling case law raised for the first time in reply brief); *Doebele*, 342 F.3d at 1139 n.13 (relying on *Beaird* to conclude that "new legal arguments or new material" can be the basis for abuse of discretion); *Provenz*, 102 F.3d at 1483 (considering declarations raised for the first time in a reply "new evidence," to which an opposing party should be afforded the chance to respond).

Although most often raised in the context of motions for summary judgment, the fairness principles and standards set forth above apply equally in the context of Plaintiffs' motion to compel the production of attorney-client privileged materials, which require factual findings by the Court on issues of great importance to a case. As courts have recognized, "[t]he attorney-client privilege is one of the oldest recognized privileges for confidential communications." *In re Cty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) (internal quotation omitted). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Id.* 8 (internal quotation omitted). Thus, any rules abrogating that privilege, such as waiver, must "be formulated with caution." *Id.* "The burden of breaching the privilege is thus particularly high." *Tribune Co. v. Purcigliotti*, No. 93 CIV. 7222 LAP THK, 1997 WL 10924, at *4 (S.D.N.Y. Jan. 10, 1997). And like motions for summary judgment, a crime-fraud analysis requires particularized factual and legal findings supporting each element of the analysis. *See, e.g., United States v. Tucker*, 254 F. Supp. 3d 620, 622 ("[T]he crime-fraud exception applies only when there is probable cause to believe that the communications with counsel were intended in some way to facilitate or to conceal the criminal activity.") (internal quotation omitted); *Atlantis Consultants Ltd. Corp. v. Terradyne Armored Vehicles, Inc.*, Civil No. 1:15-cv-439-CMH-MSN, 2015 WL 9239808, at *6 (E.D. Va. Dec. 16, 2015) (""The exception applies if there exists enough evidence to support a verdict in favor of the party making the claim.") (internal quotation omitted).

In the interest of equity and to avoid substantial prejudice to Martorello, Plaintiffs' Reply ECF No. 395, should be stricken because Martorello has not had the opportunity to respond to the new arguments, authorities, exhibits, and misrepresentations and mischaracterizations submitted by Plaintiffs. For example, Plaintiffs devote significant argument in their Reply to their new Exhibit 1. ECF Nos. 395-1; 398-1. As Plaintiffs acknowledge, their new Exhibit 1 was produced by Rosette LLP on March 1, 2019—almost three weeks *after* Martorello's Opposition was due on February 11. Because his sur-reply was denied, Martorello has not been provided an opportunity to address this new evidence or argue against Plaintiffs' mischaracterizations. *See* ECF Nos. 455-1/459 at 3–9. In reality, the email in Exhibit 1 to Plaintiffs' Reply is consistent with Martorello's arguments and expressly supports his good faith defense. Martorello's comments in Exhibit 1, which were intentionally overlooked in Plaintiffs' Reply, support such and Martorello anticipates Wichtman will confirm the same when she is ultimately deposed in this matter about the email exchange between her and Martorello. But more pointedly, even (wrongly) assuming that Martorello shared the same motivations as LVD to restructure (which he did not), such motivations would demonstrate an intent to act lawfully and would not be sufficient to justify application of the crime-fraud exception in this matter.

Likewise, Martorello has been denied the opportunity to respond to Plaintiffs' new Exhibit 21 containing a snippet of a legal opinion provided by Martorello's counsel in this case in which counsel stated, prior to receiving the benefit of discovery in this case, that "an unfavorable verdict at the trial court level is more likely than not." ECF No. 395 at 16; ECF 398-20. Plaintiffs omit the key part of counsel's analysis, which makes clear that counsel does not believe there is sufficient evidence to support a verdict in this case and that even if Plaintiffs prevail at trial, they are not likely to prevail on appeal. ECF No. 398-20 at 11; *see also* ECF

Nos. 455-1/459 at 7–8.

Martorello has also been denied the opportunity to respond to Plaintiffs' contention, based primarily on mischaracterizations, that Craig Mansfield's sworn testimony in this matter "demonstrates LVD's lack of involvement" and new arguments (and alleged supporting exhibits) that Martorello was not motivated to restructure by his expiring tax benefit programs. *See* ECF No. 395 at 2–4; ECF Nos. 455-1/459 at 8–14, 15–17. Plaintiffs take a number of statements by Martorello out of context for the first time in their Reply, purporting to represent Martorello's belief in the lawfulness of the business, none of which represent any facts pertaining to Martorello's belief in the legality of the loans or the relationship with LVD, to which Martorello has now been denied the opportunity to respond. *See id.*; *see also* ECF Nos. 455-1/459 at 19–21. Similarly, Martorello has been denied the opportunity to respond to Plaintiffs' new spoliation arguments based on the production of Aranca's documents. *See* ECF Nos. 455-1/459 at 24–26.

New evidence has also been obtained during at least three depositions taken *after* Martorello filed his Opposition, which Martorello has been denied the opportunity to present or address. *See* ECF Nos. 455-1/459 at 7, 9-10, 14–15; *see also* ECF Nos. 455-4, 459-1.

Plaintiffs also cite several new cases in their Reply, each of which is distinguishable, and which Martorello has not been provided an opportunity to argue. *See* ECF Nos. 455-4, 459-1 at 7–8 (distinguishing *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.*, 180 F. Supp. 3d 273 (S.D.N.Y. 2016); *United States v. Gorski*, 807 F.3d 451, 455 (1st Cir. 2015)); ECF Nos. 455-4, 459-1 at 21 (discussing *Leviton Manufacturing Company, Inc. v. Greenberg Traurig LLP*, 2010 WL 4983183, at*3–*4 (S.D.N.Y. Dec. 6, 2010)); ECF Nos. 455-4, 459-1 at 23–24 (distinguishing *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 513 (S.D.W. Va. 2014)). Plaintiffs' reliance on these cases is improper without allowing Martorello

to respond.

Finally, Plaintiffs' Reply contains substantial new mischaracterizations and misrepresentations regarding *Otoe-Missouria, CashCall,* and Operation Choke Point, as well as the deposition testimony of former Tribal Council member and original co-manager of the Tribe's lending entities, Craig Mansfield, for which Martorello has been denied the opportunity to offer a response. *See*, *e.g.,* ECF Nos. 455-1/459 at n.2, n.4, 9-14.

Just as Martorello was provided the opportunity to respond to Plaintiffs' new exhibits submitted in their Motion for Leave to File Supplemental Authority, fairness dictates that Martorello be provided an opportunity to respond to the new arguments and exhibits raised in Plaintiffs' Reply. Absent the opportunity to do so, Plaintiffs' Reply and related exhibits should be stricken. *Doebele* 342 F.3d at n.13 (explaining that when confronted with a reply brief containing new arguments or evidentiary material, a district court has two permissible options—it can permit a sur-reply or it can refrain from relying on any new material contained in the reply)*; Mercexchange, L.L.C.,* 467 F. Supp. 2d at 617 ("[N]o matter what its motivations, [a court] may not . . . under any circumstances consider evidence advanced by one party concerning disputed material facts that the opposing party is not presented an opportunity to challenge.").

## IV. <u>CONCLUSION</u>

Against the backdrop of attorney-client privilege and tribal sovereign issues of national importance, Plaintiffs' new evidence and arguments in their Reply are misleading and not allowing Martorello the opportunity to respond is highly prejudicial and runs afoul of the fundamental principles of a legal system designed to discover the truth. For these reasons, Plaintiffs' Reply and related exhibits should be stricken.

Respectfully submitted,

MATT MARTORELLO

By:/s/ M. F. Connell Mullins, Jr.

M. F. Connell Mullins, Jr. (VSB No. 47213)
Email: cmullins@spottsfain.com
Hugh McCoy Fain, III (VSB No. 26494)
Email: hfain@spottsfain.com
John Michael Erbach (VSB No. 76695)
Email: jerbach@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
(804) 697-2000 (Telephone)
(804) 697-2100 (Facsimile)

Michael C. Witsch (admitted *pro hac vice*)
Jonathan P. Boughrum (admitted *pro hac vice*)
Richard L. Scheff (admitted *pro hac vice*)
ARMSTRONG TEASDALE, LLP
1500 Market Street
12th Floor, East Tower
Philadelphia, PA 19102
Telephone: 215.246.3479
Facsimile: 215.569.8228
Email: mwitsch@armstrongteasdale.com
Email: jboughrum@ armstrongteasdale.com
Email: rscheff@ armstrongteasdale.com

Michelle Lynne Alamo (admitted *pro hac vice*)
ARMSTRONG TEASDALE, LLP
4643 S. Ulster Street, Suite 800
Denver, CO 80237
Telephone: 720.722.7189
Facsimile: 720.200.0679
Email: malamo@armstrongteasdale.com

Paul Louis Brusati (admitted *pro hac vice*)
Tod Daniel Stephens (admitted *pro hac vice*)
ARMSTRONG TEASDALE, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
Telephone: 314.552.6602
Facsimile: 314.613.8522
Email: pbrusati@armstrongteasdale.com
Email: tstephens@armstrongteasdale.com

*Counsel for Defendant Matt Martorello*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to all counsel of record.

By:/s/ M. F. Connell Mullins, Jr.
M. F. Connell Mullins, Jr. (VSB No. 47213)
Email: cmullins@spottsfain.com
Hugh McCoy Fain, III (VSB No. 26494)
Email: hfain@spottsfain.com
John Michael Erbach (VSB No. 76695)
Email: jerbach@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
(804) 697-2000 (Telephone)
(804) 697-2100 (Facsimile)
*Counsel for Defendant Matt Martorello*