IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


LULA WILLIAMS, et al.,

    Plaintiffs,

v.                                          Civil Action No. 3:17cv461

BIG PICTURE LOANS, LLC,
et al.,

    Defendants.


RENEE GALLOWAY, et al.,

    Plaintiffs,

v.                                          Civil Action No. 18cv406

BIG PICTURE LOANS, LLC,
et al.,

    Defendants.


RENEE GALLOWAY, et al.,

    Plaintiffs,

v.                                          Civil Action No. 3:19cv314

JUSTIN MARTORELLO, et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on the MOTION FOR CONSOLIDATION (the "MOTION") filed in three pending actions. In <u>Lula Williams, et al. v. Big Picture Loans, LLC, et al.</u>, Civil Action No. 3:17cv461, the MOTION is ECF No. 660. In <u>Renee Galloway, et al. v. Big Picture Loans, LLC, et al.</u>, Civil Action No. 3:18cv406 ("<u>Galloway I</u>"), the MOTION is ECF No. 361. In <u>Renee Galloway, et al. v. Justin Martorello, et al.</u>, Civil Action No. 3:19cv314 ("<u>Galloway II</u>"), the MOTION is ECF No. 313. The MOTION, the supporting, opposing and reply briefs are virtually identical and certainly so in substance. Having considered the Motion, the supporting, opposing and reply briefs, the MOTION FOR CONSOLIDATION (ECF No. 660 in <u>Williams</u>, ECF No. 361 in <u>Galloway I</u>, and ECF No. 313 in <u>Galloway II</u>) will be denied.

**BACKGROUND**

The Plaintiffs have filed, in <u>Williams</u>, <u>Galloway I</u>, and <u>Galloway II</u>, three similar, but in many respects substantively quite different, actions arising out of a so-called "Rent A Tribe" scheme allegedly orchestrated by Matt Marterello, members of his family, companies that he controls, and investors who allegedly funded the scheme (the "Martorello Defendants"). Also, defendants in those three actions are certain entities related to the Lac Vieux Desert Band of Lake Superior Chippewa Indians and officers, employees and agents of those entities (the "Non-Martorello

2

Defendant(s)"). The Non-Martorello Defendants have reached a settlement with the Plaintiffs as to claims asserted against them in Williams, Galloway I, and Galloway II. As part of that settlement, the Plaintiffs, with the agreement of the Non-Martorello Defendants, have filed Renee Galloway, et al. v. James Williams, Jr., et al., Civil Action No. 3:19cv470 ("Galloway III"), naming, as defendants, just the Non-Martorello Defendants in Williams, Galloway I, and Galloway II. Thus, Galloway III is the vehicle by which the Plaintiffs seek certification of a settlement class action in which the Plaintiffs' claims against the Non-Martorello Defendants will be settled for a cash payment and other consideration. In return, and upon approval of the Settlement Agreement, the Plaintiffs' claims against the Non-Martorello Defendants will be released.

The Court has entered an order preliminarily approving the settlement in Galloway III. And, as has been agreed, the Plaintiffs have dismissed the Non-Martorello Defendants in Williams, Galloway I, and Galloway II.

As a result of the settlement in Galloway III, if it is finally approved, the only remaining defendant in Williams will be Matt Martorello. Also, as a result of the settlement in Galloway III, if finally approved, Matt Martorello will be the only remaining defendant in Galloway I. In Galloway II, Matt Martorello is not a defendant but, his wife and brother, and

3

certain former employees of the businesses that Matt Martorello controls, as well as investors in those businesses, and the businesses themselves, have been named as defendants.[1]

The Plaintiffs and the Martorello Defendants agree that all three actions (Williams, Galloway I, and Galloway II) arise from the same basic facts or, as the plaintiffs would have it, the same predatory, usurious, and illegal lending enterprise. As the Plaintiffs correctly state, however, the claims and causes of actions in Galloway I and Galloway II are considerably more complex than those in Williams because the claims in the Galloway I and Galloway II involve a broader spectrum of consumer protection statutes than are asserted in Williams, and those claims are asserted on behalf of classes and subclasses that are broader than those in Williams.

In Williams, discovery, both class discovery and considerable merit discovery, has been completed. Williams was filed in 2017 and, at the time the MOTION was filed, argument on the class certification motion as to claims against Matt Martorello (which has been completely briefed) was to be heard on March 6, 2020. However, because Matt Martorello's briefing on class certification called into play certain statements made by Martorello and others

---

[1] It appears as if the remaining defendants in Galloway II, if the settlement in Galloway III is approved, will be Justin Martorello, Rebecca Martorello, Jeremy Davis, Eventide Credit Acquisitions, Liont LLC, Gallant, BlueTech Irrevocable Trust, Breakwater Holdings, LLC, and Kairos Holdings LLC.

4

that the Plaintiffs allege to be untrue,[2] the Court continued the hearing on class certification and required further briefing about the impact of the alleged misrepresentations and Martorello's assertions on the issue of class certification. (ORDER, ECF No. 673, filed in Williams). Additionally, the Court moved the class certification date to June 5, 2020. Id. Then, upon studying all of the briefing respecting whether the misrepresentation issue necessitates an evidentiary hearing, the Court continued the class certification hearing from June 5, 2020 and set an evidentiary hearing on the alleged misrepresentations on that date.

Galloway I and Galloway II are materially further behind the Williams case. However, there are many pending motions in Galloway I and Galloway II and some discovery has been taken. In addition, the allegations in Galloway I and Galloway II, respectively, are considerably different even though there is substantial overlap in the factual predicate for those two cases. And, the Court previously has denied, at the Martorello Defendants'

---

[2] PLAINTIFFS' STATEMENT OF POSITION REGARDING MATERIAL MISREPRESENTATIONS MADE TO THE COURT BY DEFENDANTS IN SUPPORT OF THEIR MOTIONS TO DISMISS FOR LACK OF JURISDICTION; MATT MARTORELLO'S RESPONSE TO PLAINTIFFS' STATEMENT OF POSITION REGARDING MATERIAL MISREPRESENTATIONS MADE TO THE COURT BY DEFENDANTS IN SUPPORT OF THEIR MOTIONS TO DISMISS FOR LACK OF JURISDICTION (ECF 249); PLAINTIFFS' REPLY IN SUPPORT OF STATEMENT OF POSITION REGARDING MATERIAL MISREPRESENTATIONS MADE TO THE COURT BY DEFENDANTS; (ECF Nos. 249, 272 and 286, respectively, filed in Galloway I.

urging, the Plaintiffs' request that Galloway I and Galloway II be consolidated.

## DISCUSSION

To determine whether consolidation is warranted, it is appropriate to ascertain "whether the specific risks of prejudice and possible confusion [of proceeding individually] were overborne" by (1) "the risk of inconsistent adjudications of common factual and legal issues;" (2) "the burden on parties, witnesses and available judicial resources posed by multiple lawsuits;" (3) "the length of time required to conclude multiple suits as against a single one;" and (4) "the relative expense to all concerned of the single-trial, multiple-trial alternatives." Arnold v. Eastern Airlines, Inc., 681 F.2d 186, 193 (4th Cir. 1982). As the Fifth Circuit has correctly articulated, the dispositive analysis is to determine whether consolidation would avoid unnecessary cost or delay without prejudicing the rights of the parties. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989). The district court for the District of South Carolina put it quite appropriately in Milliken & Co. v. Evans, No. 7:14-CV-778-BHH, 2016 WL 470017, at *3 (D.S.C. Feb. 8, 2016) in observing that "consolidation is appropriate when to do so will foster clarity, efficiency and the avoidance of confusion and prejudice." (citations omitted). It is the burden of the moving party to show that consolidation is appropriate.

6

The Williams case is significantly further along than are Galloway I and Galloway II. And, although all cases in this district have been somewhat delayed as a result of Orders entered in efforts to deal with the health circumstances created by COVID-19, by mid-June the Court will determine whether, as the Plaintiffs allege, the misrepresentations by Matt Martorello occurred and what, if any, impact that has on class certification in Williams. Then, shortly therafter, the issue of class certification in Williams will be resolved.

The Martorello Defendants argue in conclusory fashion and with no substantive support, that separate litigation of each case will increase the burden on the parties, the witnesses, and on scarce judicial resources. Plaintiffs have shown that the litigation of the cases separately will impose a negligible additional burden on them.

Moreover, because the issues in Williams are far less complex than those in Galloway I and Galloway II, consolidation will heavily burden, and slow the process of, Williams.

The record is clear that the interests of the Plaintiffs in Williams will be prejudiced if Williams, Galloway I, and Galloway II are consolidated. The already delayed resolution of Williams will be further delayed while the other two cases catch up. Further, the Plaintiffs argue that the Williams case likely will

serve as a bellweather case and thus will facilitate easier and faster disposition on the cases of Galloway I and Galloway II.

The Martorello Defendants argue that, absent consolidation, there is a significant risk of inconsistent rulings. That, of course, is a factor to be considered in deciding the MOTION. However, in these cases there is little risk of inconsistent rulings because the same judge will be making the rulings in each of the cases. And, because the judge will be familiar with each of the cases, there is a great likelihood of avoiding inconsistent rulings.

Finally, the Court, at the urging of the Martorello Defendants, has previously denied the plaintiffs' request to consolidate Galloway I and Galloway II. In so doing, the Court held that consolidation of Galloway I and Galloway II would be improper because:

> The addition of new parties and claims at this time to this already complex case will not be in the interest of justice insofar as existing parties are concerned, will cause prejudice to the existing defendants, and will cause significant delay in the already delayed process of this case.
>
> The record is clear that at various times the plaintiffs and defendants have been on opposite sides of the consolidation point, notably at the request of the plaintiffs for multidistrict treatment.
>
> Further, it appears that the defendants' Motion is part of an overall effort to delay adjudication of the claims against Matt Martorello, his family and the entities that

8

> he controls, which lie at the heart of the claims asserted by the plaintiffs. Having reviewed the files in Williams, Galloway I, and Galloway II, the Court is of the view that proceeding promptly with the resolution of Williams while requiring discovery to go forward in Galloway I and Galloway II will result in least prejudice to all parties and is the most efficient means of proceeding.³

There is nothing before the Court to warrant a change to that decision.

In sum, consolidation of Williams, Galloway I, and Galloway II is not supported by any of the precepts that warrant consolidation.

## CONCLUSION

For the foregoing reasons, the MOTION TO CONSOLIDATE (ECF Nos. 660, 361, and 313) will be denied.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 9, 2020

---

³ However, it is entirely possible that all or some of the defendants' dispositive motions in Galloway I and Galloway II may be granted and the cases, and the motions, proceed on somewhat individual theories, that circumstance further counsels denial of the consolidation and supports the view that the Williams case is further along toward trial than Galloway I and Galloway II.