IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| JOETTE PETE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:19-mc-26 (REP) |
| | ) | |
| BIG PICTURE LOANS, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| LULA WILLIAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:17-cv-461 (REP) |
| | ) | |
| BIG PICTURE LOANS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| RENEE GALLOWAY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:18-cv-406 (REP) |
| | ) | |
| BIG PICTURE LOANS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MATT MARTORELLO'S MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER SEAL UNREDACTED MEMORANDUM AND EXHIBITS CONTAINING MATERIAL DEISGNATED CONFIDENTIAL—ATTORNEYS' EYES ONLY BY PLAINTIFFS**

Pursuant to Eastern District of Virginia Local Rule 5(C), Matt Martorello ("Martorello"), by counsel, respectfully requests that the Court seal Exhibits A and C to Matt Martorello's Memorandum in Support of Motion under Rule 30(d) for Further Deposition Based on Conduct

that Impeded Questioning and for Expedited Ruling (the "Rule 30(d) Motion"), as well as an unredacted version of the Rule 30(d) Motion. Martorello will file a redacted version of the Rule 30(d) Motion on the public record that redacts only references to material in the Exhibits A and C that Plaintiffs have designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

In support of its Rule 30(d) Motion, Martorello has submitted excerpts of deposition transcripts and video testimony that Plaintiffs designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" under the terms of the protective orders entered in *Williams v. Big Picture Loans, LLC*, 3:17cv461 (ECF No. 514), and *Galloway v. Big Picture Loans, LLC*, 3:18cv406 (ECF No. 245). Martorello does not agree with Plaintiffs' designation of this material as CONFIDENTIAL-ATTORNEYS' EYES ONLY under the Protective Orders and as expressed during Ms. Pete's deposition, disputes that the material qualifies for protection as either CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under the Protective Orders. Accordingly, should Plaintiffs continue to pursue such designation, Martorello reserves the right to challenge it under the Protective orders. More specifically, the designated portion of the deposition does not relate to "trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information . . . or credit and other confidential information" as required under the Protective Orders. *See, e.g., Williams,* ECF No. 514, preamble. Nor does the material improperly designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY qualify for any privilege from disclosure, as explained in the Rule 30(d) Motion. But, because it was so designated by Plaintiffs' counsel during the deposition, Martorello files this motion seeking to maintain these materials under seal to permit Plaintiffs to submit their position on this Motion to Seal.

The sealed exhibits include the following:

- **Exhibit A:**  designated portions of the transcript of the May 26, 2020 deposition of Joette Pete.

- **Exhibit C:**  designated portions of the video of the May 26, 2020 deposition of Joette Pete.

Additionally, the redacted portions of the Rule 30(d) Motion will shield from public view only those portions of the legal memorandum that would otherwise disclose the designated material contained in Exhibits A and C.  The unredacted version of the Rule 30(d) Motion will also be filed under seal for this reason.

Before sealing exhibits under E.D. Va. Loc. R. 5(C), a motion to file under seal must be accompanied by "a non-confidential supporting memorandum, a separate non-confidential notice that specifically identifies the motion as a sealing motion, and a non-confidential proposed order."  Ordinarily, the non-confidential memorandum must include the following:

(1) A non-confidential description of what material has been filed under seal;
(2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;
(3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing; and a description of how that standard has been satisfied;
(4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

However, "[w]hen a party moves to file materials under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion complying with requirements (2), (3), and (4) above along with a proposed order."

Accordingly, because Martorello is not the designating party with respect to Exhibits A and C, Martorello need only provide a non-confidential description of the sealed material (which is set forth above) and file the non-confidential notice, which is filed contemporaneously

herewith. As stated above, with respect to requirements (2)-(4), Martorello does not believe that these exhibits or the redacted portions of the Rule 30(d) Motion should be filed under seal. Further, should Plaintiffs file a memorandum in support of sealing these exhibits it will be incumbent upon Plaintiffs, as the designating parties, to file a proposed order.

    For the foregoing reasons, Martorello respectfully requests that the Court maintain under seal Exhibits A and C and the unredacted version of the Rule 30(d) Motion pending Plaintiffs' submission of a non-confidential memorandum addressing Local Rule 5(C)(2)-(4) and the required proposed order.

                                                          Respectfully submitted,

                                                          MATT MARTORELLO

By:/s/ *John M. Erbach*
M. F. Connell Mullins, Jr. (VSB No. 47213)
Email: cmullins@spottsfain.com
Hugh McCoy Fain, III (VSB No. 26494)
Email: hfain@spottsfain.com
John Michael Erbach (VSB No. 76695)
Email: jerbach@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100

Richard L. Scheff (admitted *pro hac vice*)
ARMSTRONG TEASDALE, LLP
2005 Market Street
29th Floor, One Commerce Square
Philadelphia, PA 19103
Telephone: 267.780.2000
Facsimile: 215.405.9070
Email: rscheff@ armstrongteasdale.com

Michelle Lynne Alamo (admitted *pro hac vice*)
ARMSTRONG TEASDALE, LLP
4643 S. Ulster Street, Suite 800
Denver, CO 80237
Telephone: 720.722.7189

Facsimile: 720.200.0679
Email: malamo@armstrongteasdale.com

*Counsel for Defendant Matt Martorello*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on this 3rd day of June, 2020, the foregoing was filed using the Court's CM/ECF system, thereby serving a copy on all counsel of record electronically.

By: /s/  *John M. Erbach*
John M. Erbach (VSB No. 76695)
jerbach@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile:  (804) 697-2100