```
 1                IN THE UNITED STATES DISTRICT COURT
 2               FOR THE EASTERN DISTRICT OF VIRGINIA
 3                          RICHMOND DIVISION
 4   ---------------------------------------
                                            :
 5    LULA WILLIAMS, et al., on behalf       :
      of themselves and all individuals      :  Civil Action No.
 6    similarly situated                     :  3:17CV461
      vs.                                    :
 7    BIG PICTURE LOANS, LLC, et al.         :
                                            :
 8    RENEE GALLOWAY, et al., as             :
      individuals and as representatives     :  Civil Action No.
 9    of the class                           :  3:18CV406
      vs.                                    :
10    BIG PICTURE LOANS, LLC, et al.         :
                                            :
11    JOETTE PETE                            :  Civil Action No.
      vs.                                    :  3:19MC26
12    BIG PICTURE LOANS, LLC, et al.         :
                                            :
13   ---------------------------------------
14                          JUNE 5, 2020
15          COMPLETE TRANSCRIPT OF THE CONFERENCE CALL
16            BEFORE THE HONORABLE ROBERT E. PAYNE
17               UNITED STATES DISTRICT JUDGE
18
19   APPEARANCES:
20   Leonard A. Bennett, Esquire
     Consumer Litigation Associates, PC
21   763 J Clyde Morris Boulevard
     Suite 1A
22   Newport News, Virginia  23601
23
24                       Peppy Peterson, RPR
                         Official Court Reporter
25                     United States District Court
```

```
 1  APPEARANCES: (cont'g)

 2  Kristi C. Kelly, Esquire
    Kelly Guzzo, PLC
 3  3925 Chain Bridge Road
    Suite 202
 4  Fairfax, Virginia  22030

 5  E. Michelle Drake, Esquire
    Berger & Montague, PC
 6  43 S.E. Main Street
    Suite 505
 7  Minneapolis, Minnesota  55414

 8  Bhupesh Pattni, Esquire
    Trenti Law Firm
 9  225 First Street North
    Virginia, Minnesota  55792
10  Counsel for the plaintiff

11

12

13  John M. Erbach, Esquire
    Hugh M. Fain, III, Esquire
14  Spotts Fain, PC
    411 East Franklin Street
15  Suite 600
    Richmond, Virginia  23219
16
    Michelle L. Alamo, Esquire
17  Armstrong Teasdale, LLP
    4643 S Ulster Street
18  Suite 800
    Denver, Colorado  80237
19  Counsel for the defendants

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S

 2

 3            THE COURT:  Hello.  This is Williams against Big
 4   Picture and Pete against Big Picture and Galloway against Big
 5   Picture and also in the miscellaneous case, 19MC26, and the
 6   case numbers are respectively 3:19MC26, 3:17CV461, 3:18CV406.
 7   Ms. Peterson and Ms. Tashima, are you here?
 8            THE COURT REPORTER:  I am, Judge.
 9            THE LAW CLERK:  I am as well.
10            THE COURT:  All right.  And beginning with counsel
11   for the plaintiff, please give your name and who you represent,
12   and when you speak, give your name for the court reporter.
13            MR. BENNETT:  Your Honor, this is Leonard Bennett.  I
14   also know Kristi Kelly is on the line for the plaintiff.
15            MS. DRAKE:  Your Honor, this is Michelle Drake on
16   behalf of plaintiff.
17            MR. PATTNI:  Your Honor, Bhupesh Pattni is here on
18   behalf of Ms. Pete.
19            THE COURT:  All right.
20            MR. ERBACH:  And, Your Honor, this is John Erbach
21   with Spotts Fain.  I also have with me my partner Hugh Fain and
22   Michelle Alamo from Armstrong Teasdale.
23            THE COURT:  All right.  I've gotten this motion to
24   expedite briefing on the Martorello -- motion under Rule 30(d)
25   for further deposition based on conduct that impeded
```

1  questioning and for expedited ruling, ECF number 747.

2  Mr. Erbach and Ms. Alamo, if you want two different
3  things in relief, you file separate motions.  I'm dismissing
4  without prejudice the motions to dismiss that were filed with
5  the -- I'm leaving the motion intact, but I'm denying --
6  dismissing and striking the memorandum because they are two
7  different tests that are involved, and I've given you leave to
8  re-file it.  I don't know if that's been filed yet, but you
9  need to re-file it Monday, and I don't want anymore of it.

10  I thought I mentioned it several times before, but it
11  could be in another case, so I'm not going to fuss about it.  I
12  just don't want it anymore in this case.

13  When you do that, even when you do it, you have to
14  file it twice anyway under the ECF system, but that's not my
15  problem.  My problem is the analytical issues are somewhat
16  different.  In this case, they are about the same, but I've
17  read the deposition testimony, and let me give you some
18  guidance.

19  It seems to me that the general rule is that you do
20  not instruct a witness not to answer a question.  What you do
21  is put the question on the record with the understanding that
22  the witness is not going to answer the question, and the
23  lawyers agreed to do that, and they say, all right, Joe Smith
24  is handling the examination, ask your question, and then these
25  objections obtain for all of the questions.  Then you get the

1  transcript typed up or you call the Court, and all at one time
2  you get a ruling.
3          Now, it looks to me like from reading the transcript
4  that Mr. Scheff didn't do that at the beginning but that he
5  later realized what was going on and did try to do it.  And
6  so -- and I'd like to know whether the transcript now contains,
7  and the memorandum supporting the motion, all of the questions
8  on which I need to rule.  That's the first question.  Mr.
9  Erbach, Ms. Alamo?
10         MR. ERBACH:  Your Honor, the transcript contains, I
11 think, three specific questions that Mr. Scheff asked about
12 three specific individuals, and then there was a follow-up
13 question where he asked a broader question indicating that he
14 was asking if the witness would answer questions about any
15 other reports to the FBI about anyone else, and she indicated
16 that she would not.
17         THE COURT:  Is this Mr. Erbach?
18         MR. ERBACH:  Yes, Your Honor, this is John Erbach.
19         THE COURT:  So everything is in the papers then; is
20 that right?
21         MR. ERBACH:  Ms. Alamo --
22         THE COURT:  That's all I need to know.  Every
23 question is in the papers; is that right?
24         MS. ALAMO:  All of the questions that Mr. Scheff was
25 basically permitted or had the opportunity to ask on the record

1    should be in the papers, yes.  I don't have the papers in front
2    of me.  The issue is because Ms. Pete would not answer even
3    yes-or-no questions that were posed to her, had she properly
4    answered the questions, there likely would have been follow-up
5    questions.
6           THE COURT:  I understand that.
7           MS. ALAMO:  Okay.  Yes, I believe the starting
8    questions are in the papers.
9           THE COURT:  All right.  Now, was this deposition
10   taken remotely?
11          MS. ALAMO:  Yes, Your Honor.
12          THE COURT:  Then it seems to me that the proper
13   procedure here is to -- first, I don't know what relevance
14   there is to asking about any reports she's made to people other
15   than Williams and -- what's the other person's name who is the
16   tribal leader?
17          MR. ERBACH:  Ms. Hazen.
18          THE COURT:  Hazen.  And with respect to Martorello.
19   But if she's done or said something with respect to Martorello
20   and to a lesser extent Hazen and Williams, it seems to me to be
21   appropriate grounds for inquiry even though my guess is that
22   the ruling -- if it's offered for relevance, the ruling -- if
23   it's offered probably will not pass the relevance test, but
24   that's not a decision that is made now.
25          So I don't know why we don't go back in the process

1  of establishing a complete record about what it is -- questions
2  you want asked, and then I'll rule on whether or not she has to
3  answer them.  The only ground asserted that I see in the papers
4  is, A, lack of relevance which ordinarily in a deposition,
5  objections as to relevance are reserved for later decision, and
6  all objections generally are preserved except to the form of
7  the question and the form -- and the responsiveness of the
8  answer.
9         And then as to privilege, when a question is asked
10 that contains a privilege, the privilege is interposed and then
11 you move on and ask the questions and you move on and then you
12 have a complete record.  You submit that with briefing to the
13 judge.  That's ordinarily the way it was done.
14        I don't know how you got into such hostilities about
15 this, and I don't like that, and I don't think it's the way
16 that lawyers ought to do things.  And all it does is make it
17 more difficult for me to make decisions.  So given that the
18 questions that have precipitated the motion are set out in the
19 briefing, then when is the soonest you can make a response,
20 file your response, because they want to expedite it.  This was
21 filed on June 3rd.  Today is the 5th.  I guess it was filed
22 late in the day on the 3rd if I remember correctly.  When can
23 you respond, Mr. Bennett?
24        MR. BENNETT:  Judge, we'd like to be able to respond
25 on the 11th.

1           THE COURT: That's too long. The hearing is on the
2  22nd, and they need to get the transcript and everything.
3           MR. BENNETT: Then the 10th, please, Judge.
4           THE COURT: How -- what's Tuesday?
5           MR. BENNETT: The 10th, I believe.
6           THE COURT: No, Tuesday is the 9th. You file your
7  response on the evening of Tuesday, the 9th, and you file your
8  reply the morning of the 11th. So that will be the schedule.
9  But, you know, frankly, it seems to me that the simpler way to
10 go about all this is just let Ms. Pete get on the witness stand
11 again and ask the questions with the understanding that there's
12 not going to be any answer and assert the privilege that you
13 are asserting as it applies to everything, or privileges, or a
14 basis for objection, and if it applies to every one of the
15 questions, then so be it. You don't have to make it but once.
16          Another way to go about this is for Mr. Martorello's
17 counsel to submit written questions, and we can go about it
18 that way. Do you all have any idea which way would best suit
19 you?
20          MR. BENNETT: Your Honor, this is the plaintiff. We
21 had discussed at the deposition having an *in camera* attorney
22 eyes only examination on those questions or having the Court
23 supervise the examination on those questions.
24          MS. ALAMO: Your Honor, I'm not sure Mr. Bennett's
25 suggestion gets us where we need to be. I'm sure we could

1 probably put together a list of written questions and submit
2 them with our motion that we're re-filing on Monday.
3       THE COURT: You don't have to re-file this one on
4 Monday. The one you have to re-file is the motion to dismiss,
5 the new motion to dismiss. Is that in Galloway?
6       MS. ALAMO: I'm sorry.
7       THE COURT: That's my fault, Ms. Alamo, because I
8 conflated a discussion in one case with the discussion in all
9 these cases. You don't have to re-file anything in this case.
10       MS. ALAMO: It's the motion to dismiss we re-file on
11 Monday, okay.
12       THE COURT: I think that's in Galloway, I believe.
13       MS. ALAMO: Correct.
14       THE COURT: Is that right, Ms. Tashima?
15       THE LAW CLERK: I believe so.
16       THE COURT: The motions to dismiss that were just
17 filed were filed in Galloway? Mr. Erbach?
18       MR. ERBACH: Just for clarification, and I think I
19 understand what your point is and it's well-taken, there were
20 two separate motions but only a single brief. You're asking us
21 to file separate briefs on the separate standards for the
22 Galloway 1 motions to dismiss; am I correct?
23       THE COURT: That's correct. The analytical structure
24 is different, and I want them dealt with differently,
25 separately. They're entirely different, and, in some

1    instances, they can be the same, they can be related, but each
2    motion stands on its own with its own legal theory and its own
3    jurisprudence, and I'd like, please, to have them done that
4    way.
5              As to what you filed in this matter, Ms. Alamo, you
6    don't have to re-file anything.  It occurs to me that Mr.
7    Scheff was in the right direction here after he got started.
8    He was off base to start with, and, frankly, Ms. Alamo, it
9    looks to me like he's also have gone over to the Division of
10   Game and Fisheries and gotten a license for some of the stuff
11   he was going for.  In other words, he was fishing around, and
12   I've done that myself, so I don't fault him.  But let's confine
13   it to things that have to do with this case.
14             MR. BENNETT:  Judge, this is Len Bennett.  Ms. Drake
15   has got significant criminal procedure experience in her
16   previous life and notes to me in a direct message that the
17   informant of privilege, because these questions all pertain to
18   what have you told the FBI and who did you tell them about and
19   that that privilege requires that the FBI be put on notice so
20   that if it wants to assert the privilege, it can assert that
21   privilege.  I don't know how that works because I don't have
22   those chops and the background in that, but that might be a
23   concern.
24             THE COURT:  Well, Ms. Drake anticipated where I was
25   going to go next.  After you have the written questions, if the

```
 1   objection to questions is the informant privilege, my
 2   recollection is that Ms. Drake is correct and that you notify
 3   the FBI, and then if they want to interpose the privilege, they
 4   can.
 5             So that was the next thing I was going to suggest
 6   that you do, and you do that right away.  Have they been
 7   notified yet?
 8             MR. BENNETT:  Not by us, Judge.  This is Len Bennett.
 9   Not by us.
10             THE COURT:  Of course they aren't going to be very --
11   until they know exactly what it is that's being asked, they're
12   only going to have part of the deck to play with.  So it seems
13   to me then that perhaps the right thing to do is to change this
14   briefing schedule a little bit and have the plaintiffs -- I
15   mean Mr. Martorello file in each of these cases the written
16   questions that he wants answered, and then you file -- and then
17   file -- notify the appropriate federal agency.  I think -- do
18   we know what office of the FBI was involved in discussions?
19   Does anybody know that?
20             MR. PATTNI:  Your Honor, this is Bhupesh Pattni on
21   behalf of Ms. Pete.  I believe it was whatever office that's in
22   Michigan, but I don't know the exact specifics.
23             THE COURT:  I think you need to find out, and you --
24   do you know where in Michigan, what district?
25             MR. PATTNI:  I could find that information out from
```

1    my client, Your Honor.  Thank you.

2            THE COURT:  And let them know, let everybody know,
3    and then you serve the FBI with the document as well, Ms.
4    Alamo.  And I guess the best thing to do is to let you file a
5    supplement to number 747 consisting of the questions that you
6    want to have answered, and then you file your objections to
7    them, and you file those on the 11th, Mr. Bennett.  And then
8    certify that you have sent this to the United States attorney
9    for whatever district of Michigan and to the FBI special agent
10   in charge of whatever office it is that's involved, and as part
11   of the order I'm going to enter, I will have them file their
12   response on June -- what is the 17th?

13           MS. ALAMO:  I believe that's a Wednesday, Your Honor.

14           THE COURT:  File it on June 17th.  And then any
15   replies that need to be filed can be filed on June 20th.  Then
16   we'll decide the matter then.  That seems to me to be what's
17   appropriate under the circumstances.

18           Ms. Alamo, my suggestion is that you take a good
19   careful look and just narrow the questions to the things -- to
20   the people that are involved in this case.  I can understand
21   your argument about any complaint against Mr. Martorello.  That
22   conceivably could go to whether she's biased against him, for
23   instance if she made a complaint that he had threatened her,
24   she made a complaint he had cheated her.

25           It's more attenuated when you talk about Williams and

1   Hazen, but, nonetheless, I can understand how you might have
2   the grounds for going into that even with my limited knowledge
3   of the case.
4           Once you get into who else did you ever talk to the
5   FBI about, it gets pretty far afield, and you're going to have
6   some trouble getting that done.  So it's better if you are just
7   more careful with it.  Do you all understand what's to be done?
8           MR. ERBACH:  Yes, Your Honor.
9           MS. ALAMO:  Yes, Your Honor.
10          THE COURT:  And the timetable it's to be done on?
11          MS. ALAMO:  Your Honor, just to clarify, so we are
12  supplementing with our questions on Monday, the 8th, if I have
13  that right.
14          THE COURT:  That's correct.
15          MS. ALAMO:  Thank you.
16          THE COURT:  Mr. Bennett files his objection and his
17  response to your opening brief on the 11th, and on the date
18  that you file your questions, file -- send a copy of everything
19  to the U.S. Attorney for whatever district in Michigan it is
20  along with instructions that this is the schedule we're going
21  to be following, and send it to the FBI special agent in charge
22  of that district of -- whoever is talking to her.  I don't know
23  how they're broken down out there.
24          MS. ALAMO:  Yes, Your Honor.
25          THE COURT:  What date are your replies due?  The U.S.

```
 1   Attorney -- the United States is to file its response on the
 2   17th; is that right?
 3            MS. ALAMO:  That's correct, that's what I wrote down,
 4   with replies due on the 20th.
 5            THE COURT:  That's correct.  Thank you all for being
 6   available on short notice.  I know it was an imposition, but I
 7   figure it's better to kind of get this thing on the right track
 8   now before you all waste a terrible amount of time and money
 9   going down a road that may not be the west way to go.  Thank
10   you very much.
11            MS. ALAMO:  Thank you, Your Honor.
12            UNIDENTIFIED SPEAKER:  Thank you, Your Honor.
13            MR. BENNETT:  Thanks, Judge.
14
15
16                     (End of proceedings.)
17
18
19            I certify that the foregoing is a correct transcript
20   from the record of proceedings in the above-entitled matter.
21
22
23   _____/s/_____                 _____
     P. E. Peterson, RPR                  Date
24
25
```