**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

JOETTE PETE, *et al.*,

Movant,

v.                                                    CIVIL ACTION NO. 3:19-MC-26

BIG PICUTRE LOANS, *et al.*,

Respondents.

_____

LULA WILLIAMS, *et al.*,

Plaintiffs,

v.                                                    CIVIL ACTION NO. 3:17-CV-461

BIG PICTURE LOANS, LLC, *et al.*,

Defendants.

_____

RENEE GALLOWAY, *et al.*,

Plaintiffs,

v.                                                    CIVIL ACTION NO. 3:18-CV-406

BIG PICTURE LOANS, LLC, *et al.*,

Defendants.

_____

## PLAINTIFFS' RESPONSE TO DEFENDANT MATT MARTORELLO'S MOTIONS UNDER RULE 30(d)

### INTRODUCTION

Plaintiffs, by and through counsel, submit this response in opposition to Defendant Matt Martorello's Motions Under Rule 30(d) For Further Deposition Based On Conduct That Impeded Questioning And For Expedited Ruling to reconsider filed in *Williams v. Big Picture Loans, LLC*, Case No. 3:17-cv-461 (E.D. Va.) (ECF Nos. 747, 748) ("*Williams*"); *Galloway v. Big Picture Loans, LLC,* Case No. 18-cv-406 (E.D. Va.) (ECF Nos. 391, 392) (*"Galloway I"*); and *Pete v. Big Picture Loans, LLC*, Case No. 3:19-MC-26 (E.D. Va.) ("*Pete*") (ECF Nos. 23, 24.)

Martorello wants to reopen Ms. Pete's deposition to ask her two hours of questions ***unrelated to the lending scheme*** that is at issue in the lawsuit.  Martorello has already questioned her for hours regarding her declaration and regarding her reports made to the FBI that were about the online lending scheme.  Ms. Pete has answered those questions.  Nevertheless, Martorello wants to ask Ms. Pete about other communications that Ms. Pete had made to the FBI about crimes unconnected to the lending scheme purportedly to show bias or prejudice.

Martorello's request should be denied.  The information sought is far afield from anything having to do with the issues in this lawsuit, and implicates important interests in ensuring that people who suspect that crimes may be occurring make reports to law enforcement.  Martorello argues that his inquiries are relevant to "bias and prejudice" but Ms. Pete's testimony already makes clear that there is no love lost between her and Martorello, Michelle Hazen, or Chairman James Williams.  Further inquiry into sensitive communications with law enforcement to further demonstrate "bias" is unwarranted.  Further, Martorello's briefing indicates that he believes he has

2

already obtained testimony that impeaches and discredits Ms. Pete's declaration. No further examination on irrelevant issues is warranted.

Nor should any fees or costs be awarded to Martorello even if the deposition is reopened. Prior to any objections made by Plaintiffs' counsel, Ms. Pete indicated that she was not going to answer questions about discussions with law enforcement unrelated to this case. Martorello's counsel, however, insisted on badgering the witness with the same irrelevant line of questioning, which resulted in objections raised by both Plaintiffs' counsel and Ms. Pete's counsel. In these circumstances, sanctions are unwarranted.

## BACKGROUND

Ms. Pete is the former Vice Chairman of the Lac Vieux Desert Band of Lake Superior Chippewa. ("LVD"). Ms. Pete views the Tribe's involvement in the online lending industry as an abuse of the Tribe's sovereignty. (Ex. A, 227:4-17.) As the Court is aware, Ms. Pete agreed to provide a declaration for use in litigation. Her discussions with law enforcement were not a subject of her declaration.

On May 26, 2020, Ms. Pete sat for a deposition which lasted from 10:12 a.m. to 4:46 p.m. During the deposition, Martorello's counsel Richard Scheff thoroughly questioned Ms. Pete regarding her knowledge of the lending scheme and her declaration.

During her testimony, Ms. Pete was questioned and answered questions about her interactions with the FBI with respect to the lending business. (Ex. B at 5:5-6:22) It was only when Mr. Scheff began to question Ms. Pete about conversations with the FBI unrelated to the lending business, that Ms. Pete indicated she did not want to discuss those conversations. (*Id.* at 6:23-7:4.) Both Ms. Drake and Pete's counsel Mr. Pattni posed objections and a colloquy ensued. (*Id.* at 7:24-11:7) After a further discussion with his client, Mr. Pattni stated that "she does not

3

want to discuss and we're not going to about any other investigations she's talked to the FBI.  I can do a little inquiry of her to let you know that any other conversation she had with law enforcement were not related to this lending scheme, this lawsuit, any of the defendants in any way related to this matter." (*Id.* at 11:15-22.)  Mr. Pattni offered that Ms. Pete may be willing to provide further information *in camera*. (*Id.* at 11:23-12:2.)

Despite it being clear that Ms. Pete was not going to answer questions regarding conversations with the FBI unrelated to the lending scheme, Mr. Scheff proceeded to ask whether any of Ms. Pete's discussions with the FBI involved Chairman Williams. (*Id.* at 13:10-14:7.)  When Ms. Pete refused to answer that question, Mr. Scheff asked about Michelle Hazen. (*Id.* at 14:17-19.)  Ms. Pete once again stated that she was not going to answer. (*Id.* at 14:20).  The same interaction was repeated with respect to Matt Martorello. (*Id.* at 14:21-15:1.).

As Mr. Scheff launched into yet another inquiry about conversations with the FBI that Ms. Pete had stated she was not going to discuss, Mr. Bennett interjected, and another colloquy ensued regarding the necessity of these questions and whether such questioning was proper. (*Id.* at 17:18-19:2.)  After a further discussion and at Ms. Drake's suggestion, Mr. Scheff finally asked whether Ms. Peter was going to disclose the names of people she discussed with the FBI unrelated to online lending to which Ms. Pete responded, "No." (*Id.* 21:10-15.)  Mr. Scheff concluded by asking about conversations Ms. Pete had with the FBI related to online lending. (*Id.* 21:16-22:2.)  Ms. Pete answered those questions. (*Id.*)

Martorello now seeks to reopen Pete's deposition to ask 84 additional questions about Ms. Pete's interactions with the FBI with respect to Martorello, Chairman Williams, and Michelle Hazen. (Suppl. Mem. at 2-7.)[1]  Such additional, irrelevant questioning is unwarranted.

---

[1] (*Williams,* ECF No. 769; *Galloway I,* ECF No. 419; *Pete,* ECF No. 32.)

4

# ARGUMENT

Ms. Pete answered all of Martorello's questions that actually had to with her interactions with the FBI with respect to the lending scheme at issue in this matter.  Martorello's proposed questions, however, seek information regarding Ms. Pete's interactions with the FBI that have ***nothing to do with online lending or this case***.  Thus, the proposed questions are not calculated to obtain evidence "that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. 26(b)(1).  Instead, the questions are either designed to harass and intimidate Ms. Pete or dig up information on potential investigations of Martorello or the Tribe that are not related to this matter.  Neither of these purposes are an appropriate line of questioning.  Fed. R. Civ. P. 30(d)(3) (allowing court to limit deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.").

Martorello argues that these questions are relevant to "potential bias and prejudice against Martorello, as well as other Tribal council members that Ms. Pete has accused of making misrepresentations to the Court in their sworn testimony and other improper conduct in relation to the Tribal lending businesses forming the subject matter of this litigation."  (Suppl. Mem. at 8.)  But Martorello does not explain how any of his proposed questions would shed any light as to bias and credibility.  Instead, Martorello details all the testimony that purportedly shows that Ms. Pete is not credible or biased toward Chairman Williams, Michelle Hazen, and Martorello and not credible.  (*Id.* at 8-14.)  From his briefing, it is apparent that Martorello believes that has obtained the information he needs to rebut Ms. Pete's declaration.

In any event, "an opponent's cross-examination to expose potential bias is not limitless and trial courts 'retain wide latitude' to impose 'reasonable limits' on cross-examination inquiries."

*McKnight v. Superintendent, Miami Corr. Facility*, No. 3:11-CV-19-TLS, 2012 WL 2847911, at *5 (N.D. Ind. July 9, 2012) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679(1986)).  Trial courts may limit the inquiry based upon concerns of "harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id.*  Here, the proposed questions are irrelevant, repetitive, and designed to harass.  There is no need to reopen Ms. Pete's deposition so that she can be badgered with 84 more questions of no import on this case.  This is especially true because Ms. Pete is not a party to this matter.

Even in criminal cases which implicate constitutional rights afforded to defendants which are not applicable here, courts will block inquiries regarding unrelated investigations.  *United States v. Bundy*, No. 2:16-cr-46-GMN-PAL, 2017 WL 521613 at *1-3 (D. Nev. March 6, 2017) (upholding protective order prohibiting defense from asking undercover government employee about "other investigations in which [they] may be involved, including any ongoing investigations" because "unrelated investigations are irrelevant and need not be disclosed"); *United States v. Alimehmeti*, 284 F. Supp. 3d 477, 494 (S.D.N.Y. 2018) (granting government's application for protective order precluding inquiry into undercover agents participation in "unrelated matters").

Moreover, Martorello does not seek merely to ask irrelevant questions, he seeks to pry as to what Ms. Pete told the FBI regarding potential criminal activity.  There is a strong public policy in protecting informers who report criminal activity to law enforcement.  This policy is recognized in the informant's privilege which is designed to "protect and foster the interests of law enforcement by encouraging citizens to aid criminal justice without fear of public disclosure." *United States v. Smith*, 780 F.2d 1102, 1107 (4th Cir. 1985); *see also Roviaro v. United States*, 353 U.S. 53, 59 (1957) ("The purpose of the privilege is the furtherance and protection of the public

interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.")

To be sure, the informant's privilege can generally only be invoked by the government. But even where the party challenging disclosure cannot formally invoke the privilege, the interests underlying the informant's privilege should nevertheless be considered when determining whether particular discovery is permissible. *Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391, 402 (1st Cir. 2005) (finding that even though informant's privilege could not be formally invoked, the Court should nevertheless consider "the public interest, the need for confidentiality, and privacy interests" in determining whether discovery regarding informants was permissible).

Finally, to the extent that the Court decides that Martorello should be allowed to ask his questions of Ms. Pete, Martorello should have to pay for the deposition himself.  Plaintiffs' counsel's objections were not made until after Ms. Pete had already refused to answer a question regarding her unrelated interactions with the FBI.  The further objections of Ms. Drake, Mr. Pattni, and Mr. Bennett were only necessary because Mr. Scheff insisted on badgering Ms. Pete with the same line of questioning before finally relenting at Ms. Drake's suggestion.  The conduct of Plaintiffs' counsel did not rise to the level of  impeding, delaying, or frustrating "the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2).  Martorello's counsel deposed Ms. Pete for hours on issues that actually have relevance to the case and her declaration.  Sanctions are not appropriate. *See Creekmore v. Maryview Hosp.*, No. 2:08CV235, 2009 WL 10676560, at *3 (E.D. Va. Nov. 24, 2009) (finding that even though "the deposition transcripts do support Plaintiff's contentions that defense counsel objected and/or interrupted frequently, and directed the witnesses not to answer questions, the Court is not persuaded that defense counsel crossed the line from

7

zealous advocacy to having 'impede[d], delay[ed], or frustrate[d]' the fair examination of the witnesses"); *Meyer Corp. U.S. v. Alfay Designs, Inc.*, No. CV 2010 3647 CBA MDG, 2012 WL 3536987, at *3 (E.D.N.Y. Aug. 13, 2012) (finding that "[n]otwithstanding the many objections made in an improper fashion, I do not find that the disruption caused by these many improper objections warrant sanctions pursuant to Rule 30(d)(2)" and collecting authority).

## CONCLUSION

    For all of the above reasons, Martorello's motion should be denied. !

Date: June 11, 2020                    /s/ Leonard A. Bennett, VSB #37523
                                        Leonard A. Bennett, VSB #37523
                                        CONSUMER LITIGATION ASSOCIATES, P.C.
                                        763 J. Clyde Morris Blvd., Ste. 1-A
                                        Newport News, VA 23601
                                        Telephone: (757) 930-3660
                                        Facsimile: (757) 930-3662
                                        Email: lenbennett@clalegal.com

                                        Kristi C. Kelly, Esq., VSB #72791
                                        Andrew J. Guzzo, Esq., VSB #82170
                                        Casey S. Nash, Esq., VSB #84261
                                        KELLY GUZZO, PLC
                                        3925 Chain Bridge Road, Suite 202
                                        Fairfax, VA 22030
                                        (703) 424-7572
                                        (703) 591-0167 Facsimile
                                        Email: kkelly@kellyguzzo.com
                                        Email: aguzzo@kellyguzzo.com
                                        Email: casey@kellyguzzo.com

                                        E. Michelle Drake
                                        John G. Albanese
                                        BERGER MONTAGUE PC
                                        43 SE Main Street, Suite 505
                                        Minneapolis, MN 55414
                                        Tel.: 612.594.5999
                                        Fax: 612.584.4470
                                        Email: emdrake@bm.net
                                        Email: jalbanese@bm.net

Beth E. Terrell
Jennifer Rust Murray
Elizabeth A. Adams
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: (206) 816-6603
Fax.: (206) 319-5450
Email: bterrell@terrellmarshall.com
Email: jmurray@terrellmarshall.com
Email: eadams@terrellmarshall.com

*Attorneys for Plaintiffs and Proposed Classes*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Date: June 11, 2020

/s/ Leonard A. Bennett, VSB #37523
Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com

Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
Casey S. Nash, Esq., VSB #84261
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167 Facsimile
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com

E. Michelle Drake
John G. Albanese
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612.594.5999
Fax: 612.584.4470
Email: emdrake@bm.net
Email: jalbanese@bm.net

Beth E. Terrell
Jennifer Rust Murray
Elizabeth A. Adams
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: (206) 816-6603
Fax.: (206) 319-5450
Email: bterrell@terrellmarshall.com
Email: jmurray@terrellmarshall.com
Email: eadams@terrellmarshall.com

*Attorneys for Plaintiffs and Proposed Classes*