# Exhibit 44



# THE ATTORNEY GENERAL
## STATE OF ARKANSAS
### DUSTIN McDANIEL

Monday, September 10, 2012

Red Rock Tribal Lending, LLC
Attn: General Counsel
P O Box 704
Watersmeet, MI 49969

      RE: Consumer Complaints-97547, Ms. Cynthia Williams

Dear Ms. Karrie Wichtman,

This letter is in response to your letter dated August 23, 2012 regarding the above-referenced complaint. Your assertion that 'online tribal lending is a legal enterprise' is completely false. Even assuming that Red Rock Tribal Lending, LLC is an 'arm of the tribe' and not a front for a non-Native American lending company, asserting tribal immunity from state regulation does not make the conduct legal. Any effort to enforce the terms of such illegal loans in this State will be met with resistance.

Because you were so kind as to explain the hardships that have befallen the people of the Lac Vieux Desert Band of Lake Superior Chippewa Indians, permit me the same curtsey. In monetary terms, Arkansas is by far one of the poorest states in the union. The median income for an Arkansas family is roughly $35,000 per year (which is less than the median income for a family in Watersmeet, MI, which is about $36,359). Many areas of Arkansas, including the Arkansas Delta, suffer from a combination of poverty, illiteracy, and unemployment. I relay this information to you because I believe it is important for you to understand the lengths we will go to protect our citizens from predatory lending practices, such as those you claim are engaged in by your tribe.

Should you have any questions I may be reached at (501) 683-1501 or by email at Charles.Saunders@arkansasag.gov.

Sincerely,

*Charles Saunders*
Charles Saunders
Assistant Attorney General
Consumer Protection Division

323 Center Street, Suite 1100 • Little Rock, Arkansas 72201
Telephone (501) 682-2007 • Fax (501) 682-8118
INTERNET WEBSITE • http://www.arkansasag.gov




# STATE OF CONNECTICUT
## DEPARTMENT OF BANKING
260 CONSTITUTION PLAZA – HARTFORD, CT 06103-1800

May 7, 2013

President
Castle Payday.com
PO Box 704
Watersmeet, MI 49969

Dear Sir or Madam:

Enclosed is correspondence received from Ms. Sarah Criscio regarding a payday loan allegedly obtained from Castle Payday.com.

According to Section 37-4 of the Connecticut General Statutes, "no person and no firm or corporation or agent thereof shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive therefore interest <u>at a rate greater than twelve per cent per annum</u>."

The received correspondence indicates an APR in excess of the usury statutes in this State. Based on Section 37-4, it would appear that the loan allegedly made to Ms. Criscio is in clear violation of Connecticut's usury statute.

Furthermore, Section 37-8 of the Connecticut General Statutes provides "no action shall be brought to recover principal or interest, or any part therefore, on any loan prohibited by Section 37-4 or upon any cause arising from the negotiation of such loan." In other words, since the loans are in violation of Connecticut's usury statute, you would be precluded from collecting principal or interest from Ms. Criscio.

In view of the above, this department is requiring Castle Payday.com and any affiliated companies to cease any and all payday lending activity and cease collection efforts related to any payday loans in Connecticut. Failure to cease payday lending and any related collection activity may result in an enforcement action against Castle Payday.com including imposition of civil penalties up to $100,000.00 per violation and a possible criminal referral.

Please respond in writing to this Department within three weeks from the date of this letter with your position regarding the above.

Very truly yours,

Michael Lentini
Examiner

Case: 54167
Enclosure

TEL: (860) 240-8299 ● FAX: (860) 240-8178
Website: http://www.ct.gov/dob
*An Affirmative Action/Equal Opportunity Employer*

CONFIDENTIAL                                                                                              ROSETTE_REVISED 040859



# State of North Carolina

ROY COOPER
ATTORNEY GENERAL

Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001

CONSUMER PROTECTION
Toll Free In NC
(877) 566-7226
Outside of NC
(919) 716-6000
Fax: (919) 716-6050

August 17, 2012

Pepper Cash

Re: File No. 1211734
Kori Siler
1305 McGuinn Drive
High Point, NC 27262

Dear :

    This office has received a consumer complaint regarding your company from the above referenced individual. A copy of the complaint is enclosed for your review.

    It appears that your company is offering payday loans to North Carolina consumers. You should be aware that payday loans are not authorized in North Carolina. North Carolina's Consumer Finance Act, N. C. Gen. Stat. § 53-164 et seq., regulates small consumer loans and allows a maximum interest rate of up to 36% for licensed lenders. Further, N. C. Gen. Stat. § 53-166(d) provides that consumer loans under $10,000 made in violation of the Consumer Finance Act are void. Loans made by out-of-state lenders to North Carolina residents can be subject to our usury laws. N. C. Gen. Stat. § 24-2.1 states that any solicitation to lend originating outside of this State, but forwarded to and received in this State by a borrower who is a resident of this State shall be deemed to be an offer or agreement to lend in this State. Further, under that statute any communication to borrow from a North Carolina consumer to an out-of-state lender shall be deemed to be an acceptance to borrow in this State.

    We request that you respond within fifteen (15) business days to the enclosed consumer complaint and that you state your intentions to comply with North Carolina law. Because of the serious legal issues raised by the enclosed complaint, we request that you cease and desist from further collection activity on this account. When responding, please refer to File No. 1211734.

Sincerely,

Jennifer S. Day
Consumer Protection Specialist
CONSUMER PROTECTION DIVISION

Enclosure

cc: Kori Siler

CONFIDENTIAL

ROSETTE_REVISED 041126



**PUBLIC PROTECTION CABINET
DEPARTMENT OF FINANCIAL INSTITUTIONS**

Steven L. Beshear
Governor

1025 Capital Center Drive, Suite 200
Frankfort, KY 40601
Phone: (502) 573-3390
Fax: (502) 573-8787
www.kfi.ky.gov

Robert D. Vance
Secretary

Charles Vice
Commissioner

July 18, 2012

**Pepper Cash
PO Box 704
Watermeet, MI 49969-0704**

**RE: Lela Jaynes, Fort Mitchell, KY.**

To Whom It May Concern:

To protect citizens of the Commonwealth of Kentucky, the Department of Financial Institutions is responsible for regulating and examining deferred deposit service businesses and to ensure compliance with all statutory requirements. This charge can be found in Chapter 286.9 of the Kentucky Revised Statues ("KRS"), applicable administrative regulations, and relevant interpretative authority.

Recently, it was discovered that your company, Pepper Cash, entered into a deferred deposit transaction with a Kentucky resident. Our records show that your company is not licensed by this Department to engage in the business of providing deferred deposit transactions for a fee. Therefore, your company has violated KRS 286.9-020 which makes it unlawful to accept deferred deposit transactions without a license. Additionally, KRS 286.9-035(1) states that a deferred deposit transaction entered into with an unlicensed person is "void and the person shall not collect any principal, fee, interest, charges, or recompense whatsoever." Therefore, in accordance with KRS 286.9-110, Pepper Cash shall cease and desist its attempts to enforce the terms of all deferred deposit agreements entered into with Kentucky residents including, but not limited to, all efforts to collect money from Kentucky residents pursuant to said agreements. Furthermore, Pepper Cash shall cease and desist from entering into new deferred deposit transactions with Kentucky residents from this point forward. Please be advised that the Department possesses a range of administrative authority in addressing violations of KRS Chapter 286.9 including the imposition of civil penalties of not less than one thousand dollars ($1,000) per day for each day the violation is outstanding. Additionally, KRS 26.9-990 states that a person who intentionally violates KRS Chapter 286.9 shall be guilty of a Class A misdemeanor.

Pepper Cash
July 18, 2012
Page Two

If you have questions or wish to discuss these matters further, please contact me at (800) 223-2579, Ext. 226.

Sincerely,

Andie Cubert

Andrea "Andie" Cubert
Consumer Complaints Branch
Division of Non-Depository Financial Institutions

cc: Lela Jaynes
7 Charmaine Circle
Fort Mitchell, KY 41017

CONFIDENTIAL

ROSETTE_REVISED 043270