# Exhibit 67

# Leigh Wink

| | |
|---|---|
| **From:** | Matt Martorello <mattm@bellicosevi.com> |
| **Sent:** | Tuesday, July 23, 2013 4:20 AM |
| **To:** | Karrie Wichtman |
| **Subject:** | FW: AMG Reaches Partial Settlement with FTC |

I'm told the judges conclusion was wrong.  But is there anything anyone can do about it?


-------- Original message --------
From: Jennifer Galloway <Jennifer@gallowaypa.com>
Date: 07/23/2013 7:16 AM (GMT-05:00)
To: Matt Martorello <mattm@bellicosevi.com>,Justin Martorello <JustinM@BellicoseVI.com>,Daniel Gravel <DanielG@bellicosevi.com>,Nixon Hodge <NixonH@bellicosevi.com>
Cc: Jennifer Galloway <Jennifer@gallowaypa.com>
Subject: FW: AMG Reaches Partial Settlement with FTC


The FTC announced yesterday that AMG has reached a partial settlement with the FTC.  The settlement relates only to Counts II and IV of the original complaint, which dealt with unfair and deceptive acts under Section 5 of the FTC Act and Section 1005.10(e)(1) of Regulation E related to compulsory use of repayment of a debt via a recurring debit, respectively.  This settlement **does not** address any of the Truth in Lending claims in the original compliant.

Pursuant to the Order, the Defendants (and any successors or assigns) are prohibited from misrepresenting or assisting others in misrepresenting:

- That consumers can be arrested or imprisoned for failing to pay Defendants;
- That Defendants will or can take formal legal action against consumers, including, but not limited to filing suit; and
- Any other material fact.

The Defendants (and any successors or assigns) also are prohibited from conditioning the extension of credit on preauthorized electronic fund transfers.

Additionally, according to the Order, the Defendants are subject to reporting and recordkeeping obligations and ongoing compliance monitoring.

The Order, however, is notable because of its potential impact **on the tribal model.**  See highlights below.
Below is a copy of the press release.

http://www.ftc.gov/opa/2013/07/amg.shtm

> **AMG Defendants Settle FTC's Debt Collection Charges**
>
> **Magistrate Judge Finds that American Indian Tribes Are Subject to FTC Act**
>
> The Federal Trade Commission has reached a partial settlement with the principal defendants in its case against the payday lending operation AMG Services Inc., resolving allegations that the defendants threatened consumers in debt collection calls and violated the Electronic Fund Transfer Act, or EFTA.  The agreement bars

the settling defendants from using threats of arrest and lawsuits as a tactic for collecting debts, and from requiring all borrowers to agree in advance to electronic withdrawals from their bank accounts as a condition of obtaining credit.

The FTC continues to litigate other charges against the AMG defendants, including allegations that they deceived consumers about the cost of their loans by charging undisclosed charges and inflated fees.

Last week, United States Magistrate Judge V. Cam Ferenbach handed the Federal Trade Commission a significant victory in both this case and its overall crackdown on deceptive payday lenders, finding that these lenders remain within the reach of federal law even if they are affiliated with American Indian tribes.  The Magistrate Judge's report and recommendation is now subject to review by United States District Judge Gloria M. Navarro.

The defendants in the AMG case include automobile racer Scott Tucker, his brother Blaine Tucker, four other individuals, AMG Services, Inc., three other Internet-based lending companies, and six related companies.  The FTC alleged that the defendants violated the FTC Act by piling on undisclosed and inflated fees, and by threatening borrowers with arrest and lawsuits in debt collection calls.  The FTC also alleged that the defendants violated the Truth in Lending Act ("TILA") by giving inaccurate loan information to borrowers, and that it violated EFTA by requiring consumers to preauthorize electronic withdrawals from their bank accounts as a condition of obtaining credit.  According to documents filed by the FTC, over the last five years, the defendants' deceptive and illegal tactics have generated thousands of complaints to law enforcement authorities.  In many cases, the defendants' inflated fees left borrowers with supposed debts of more than triple the amount they had borrowed.

One of the AMG defendants' main arguments was that the FTC lacked authority to enforce the FTC Act, TILA, and EFTA against tribes and tribal businesses.  But Magistrate Judge Ferenbach concluded that the FTC Act "gives the FTC the authority to bring suit against Indian Tribes, arms of Indian Tribes, and employees and contractors of arms of Indian Tribes," and likewise found that the FTC has authority to bring its TILA and EFTA claims.

The FTC has sued a number of payday lenders for engaging in unfair and deceptive practices against consumers.  The court found that the payday lenders cannot avoid three key federal consumer protection statutes – the FTC Act, the Truth in Lending Act, and the Electronic Fund Transfer Act – simply by aligning themselves with American Indian tribes. The FTC alleged that these other lenders, like AMG Services, have employed deception and other illegal conduct to take advantage of financially distressed consumers seeking these loans.

The Commission vote approving the partial settlement in this matter was 4-0.  The parties' agreement is subject to court approval.  The FTC filed the proposed permanent injunction for the partial settlement in the U.S. District Court for the District of Nevada on July 18, 2013.

*Jennifer Galloway*
**Jennifer Galloway, P.A.**
**Direct:**  813-401-6161
**Fax:**       813-902-6456
**Email:**    jennifer@gallowaypa.com
**Address:** 711 S. Howard Ave, Suite 200, Tampa, Florida 33606
**Website:**  www.GallowayPA.com

Confidentiality Disclaimer: This e-mail message and any attachments are private communication sent by a law firm, Jennifer Galloway, P.A., and may contain confidential, legally privileged information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.  This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

CONFIDENTIAL                                                                                                                                           ROSETTE_REVISED_053993