UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

LULA WILLIAMS, *et al.*,

                Plaintiffs,

v.                                 Civil Action No. 3:17-cv-461 (REP)

BIG PICTURE LOANS, LLC, *et al.*,

                Defendants.

---

RENEE GALLOWAY, *et al.*,

                Plaintiffs,

v.                                 Civil Action No. 3:18-cv-406 (REP)

BIG PICTURE LOANS, LLC, *et al.*,

                Defendants.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO BAR TESTIMONY FROM DEFENDANT MATT MARTORELLO'S "EXPERTS" AT THE <u>MISREPRESENTATIONS HEARING.</u>**

        Plaintiffs, by and through counsel, submit this Memorandum in support of their Motion to

Bar Defendant Matt Martorello's "Experts" from Testifying at the Misrepresentations Hearing

scheduled to start on July 21, 2020.[1]

---

[1] In accordance with the Court's stated preference, Plaintiffs have filed independent Motions to exclude different witnesses on different grounds.

As this Court is aware, the Misrepresentations Hearing involves misrepresentations made to the Court by Defendant Matt Martorello and the former tribal defendants regarding the inception, operation, and restructuring of the lending scheme at issue in this litigation.

On his witness list, Martorello has disclosed a total of 28 witnesses including seven "expert" witnesses who lack first-hand knowledge regarding the lending scheme at issue. (*Williams v. Big Picture Loans, LLC*, Case No. 17-cv-461 (E.D. Va.) ("*Williams*") (ECF No. 765); *Galloway v. Big Picture Loans, LLC,* Case No. 18-cv-406 (E.D. Va.) ("*Galloway I*") (ECF No. 414.) These "experts" should be barred from testifying at the hearing. Their testimony and opinions have no bearing on the issues at hand, and their testimony would be nothing more than a waste of time. The fact that these witnesses are even included on Martorello's witness list at all demonstrates that Martorello views this hearing as another opportunity to force additional discovery and motions practice to delay the ultimate resolution of this litigation. The Court should not allow these witnesses to testify at this interlocutory hearing.

## BACKGROUND

The Court is well aware of the background of this case and the reasons for the Misrepresentations Hearing scheduled for July 21, 2020. On July 3, 2019, the Fourth Circuit issued its decision in *Williams v. Big Picture Loans, LLC*, 929 F.3d 170 (4th Cir. 2019) finding former Defendants Big Picture Loans, LLC and Ascension Technologies, LLC (the "Tribal Defendants") were arms-of-the-tribe entitled to assert sovereign immunity as a defense to suit for damages. As this Court has summarized, "Plaintiffs assert that the record before the Fourth Circuit, when making its decision . . . was based on misrepresentations of material fact made, inter alia, by Martorello." (*Williams*, ECF No. 673.) These misrepresentations were detailed in Plaintiffs' Statement of Position Regarding Material Misrepresentations Made to the Court by Defendants in

Support of Their Motions to Dismiss for Lack of Jurisdiction.  (*Galloway I*, ECF No. 249.)  "Many of those asserted representations pertain to the findings that are asserted by Martorello to have been made by the Fourth Circuit in its decision and that, according to Martorello, pertain to, and preclude, the certification of a class."  (*Williams*, ECF No. 673.)

Accordingly, on March 18, 2020, this Court ordered a one-day evidentiary hearing (Williams, ECF No. 697).  The Court stated "[a]t the conclusion of the hearing on June 5, 2020, the Court will set a new schedule for the filing and briefing of an Amended Motion for Class Certification.  (*Id.*)  On May 12, 2020, the Court reset the hearing to July 21, 2020, "continuing to July 22, 2020 if necessary."  (*Williams,* ECF No. 730).

On June 1, Plaintiffs' filed Plaintiffs' Statement of Position Regarding Material Misrepresentations and Omissions Made to the Court with a replacement brief was filed on June 17, 2020.  (*Williams,* ECF Nos. 784, *Galloway I,* ECF No. 432) ("Statement of Position").  Plaintiff's Statement of Position details the many misrepresentations made by Martorello and various tribal witnesses regarding the genesis and operation of the lending scheme, the restructuring and sale of Martorello's business Bellicose Capital to the Tribe, and Martorello's involvement in the lending scheme subsequent to the sale. The Statement of Position was based on documents and testimony from people with personal knowledge of the lending operation and events involved with this case.  No aspect of Plaintiffs' Statement of Position relies on expert or opinion testimony.

On June 5, 2020, Martorello filed his witness list, identifying 11 "will call" witnesses and 16 "may call" witnesses.  Of these "may call" witnesses, seven of the witnesses are Martorello's

purported "expert" witnesses.[2]  (*Williams,* ECF Nos. 765, *Galloway I,* ECF No. 414) Per their

expert reports, the expert witnesses will offer testify regarding the following:

- J. Howard Beales has opinions regarding the social utility of small dollar, high interest loans. (Ex.1.)

- Eric C. Henson has opinions "on the economic incentives faced by the LVD government and provide insight into why  the Tribe made rational decisions to enter into the commercial relationships that have facilitated online lending on the Lac Vieux Desert reservation." (Ex. 2 at 4.)

- John M. Norman has opinions on the terms and sale of Bellicose to the Tribe "and related tax implications." (Ex. 3 at 1.)

- Richard E. Ross has opinions "regarding the customs, practices and standards in the finance and banking industry as it relates to small dollar installment loan consumer financing including but not limited to the various structures utilized by FinTech companies partnering with federally recognized Indian tribes." (Ex. 4 at 1.)

- Lawrence S. Roberts has opinions regarding federal law and the Tribe's "freedom to contract." (Ex. 5 at 4-5.)

- Lance Morgan has opinions whether it was "rational" for the Tribe to enter into the service Agreements with Bellicose and whether it was "rational" for the Tribe to purchase Bellicose. (Ex. 6 at 3.)

- Gregory Cowhey has opinions regarding his post-hoc evaluation of the fair market value of Bellicose, the promissory notes, and other combinations the lending scheme. (Ex. 7 at 1-2.)

None of these purported "experts" have any knowledge that would be at all relevant to the

issues to be addressed at the hearing regarding misrepresentations, and allowing their testimony

would only waste time.  The Court should bar them from testifying.

---

[2] At the appropriate time, Plaintiffs will seek an order barring all of these experts from testifying under Fed. R. Civ. P. 26(a)(2), Fed. R. Civ. P. 37(c), Fed. R. Evid. 702, and *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993).  This motion, however, seeks only to bar their testimony at the evidentiary hearing under Fed. R. Evid. 701 and 703.

## ARGUMENT

"'Relevant' evidence 'means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Smithfield Foods, Inc. v. United Food & Commercial Workers Int'l Union*, 586 F. Supp. 2d 632, 635 (E.D. Va. 2008) (quoting Fed. R. Evid. 401.)  Evidence that is not relevant is never admissible. *Id.* (citing Fed. R. Evid. 402.)   Under Fed. R. Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following . . . undue delay, wasting time, or needlessly presenting cumulative evidence."

The issues to be addressed at the evidentiary hearing are whether factual misrepresentations were made to the Court and the Fourth Circuit regarding the genesis of the lending business, the Tribe's role in the lending operations, the reason for the sale of Martorello's company to the Tribe, and Martorello's continued involvement in the scheme.  Martorello expert witnesses have no personal knowledge regarding any of these issues.

This hearing involves what was represented to this Court and the Fourth Circuit and what happened in reality.  These witnesses have nothing to say on those issues. The hearing does not involve issues regarding the social utility of high-interest online loans set forth in Howard Beales's report, nor does it involve generalized issues involving the small dollar lending industry and Fintech as Robert Ross opines.   The Misrepresentations Hearing also does not concern federal policies allowing for Tribes to hire servicing companies which is the subject of Lawrence Roberts' testimony, the "rationality" of the Tribe in contracting with Bellicose and purchasing Martorello's company as set forth by Lance Morgan, John Norman's opinions regarding the tax implications, or the economic incentives of Native American tribes in the views of Eric Henson.

The closest that any of these witnesses has to relevant testimony is Gregory Cowhey's valuations of Bellicose and other aspects of the lending scheme.  To be sure, Plaintiff's Statement of Position does discuss value of Bellicose at the time of its sale to the Tribe.  (Statement of Position at 42-46.)  But Plaintiff's Statement of Position involves emails written by Martorello during negotiations regarding the value of Bellicose to show that the Tribal Defendants had misrepresented the value of Bellicose. Gregory Cowhey's post-hoc evaluations of fair market value have no bearing on whether Martorello or the Tribal Defendants misrepresented the valuation of Bellicose at the time of the its sale to the Tribe.

Even if some of this expert testimony were relevant to the issues to be addressed at the hearing, such testimony would only result in undue delay and wasting time.  This is a one or two day hearing.  It is not a full trial on the merits.  No expert testimony is warranted.

## CONCLUSION

For all of the above reasons, Martorello's "experts" should not be permitted to testify at the Misrepresentations Hearing.

Date: June 22, 2020

_/s/_
Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com

Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
Casey S. Nash, Esq., VSB #84261
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
i(703) 424-7572
(703) 591-0167 Facsimile

6

Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com

E. Michelle Drake
John G. Albanese
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612.594.5999
Fax: 612.584.4470
emdrake@bm.net
jalbanese@bm.net

Beth E. Terrell
Jennifer Rust Murray
Elizabeth A. Adams
TERRELL MARSHALL LAW GROUP PLLC
bterrell@terrellmarshall.com
jmurray@terrellmarshall.com
eadams@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: (206) 816-6603
Fax.: (206) 319-5450

*Attorneys for Plaintiffs and Proposed Classes*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2020, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all

counsel of record.

_____/s/_____
Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
*Attorneys for Plaintiffs and Proposed Classes*

7