```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE EASTERN DISTRICT OF VIRGINIA

 3                       RICHMOND DIVISION

 4

 5    --------------------------------------
                                           :
 6    LULA WILLIAMS, et al., on behalf      :
      of themselves and all individuals     :   Civil Action No.
 7    similarly situated                     :   3:17CV461
      vs.                                     :
 8    BIG PICTURE LOANS, LLC, et al.          :
      _____ :   June 24, 2020
 9                                            :
      RENEE GALLOWAY, et al., as             :
10    individuals and as representatives      :   Civil Action No.
      of the classes                          :   3:18CV406
11    vs.                                      :
      BIG PICTURE LOANS, LLC, et al.           :
12    --------------------------------------

13

14

15         COMPLETE TRANSCRIPT OF THE CONFERENCE CALL

16          BEFORE THE HONORABLE ROBERT E. PAYNE

17              UNITED STATES DISTRICT JUDGE

18

19    APPEARANCES:

20    Leonard A. Bennett, Esquire
      Consumer Litigation Associates, PC
21    763 J Clyde Morris Boulevard
      Suite 1A
22    Newport News, Virginia  23601

23

24                   Peppy Peterson, RPR
                    Official Court Reporter
25                United States District Court
```

```
 1    APPEARANCES:  (cont'g)

 2    Kristi C. Kelly, Esquire
      Andrew J. Guzzo, Esquire
 3    Kelly Guzzo, PLC
      3925 Chain Bridge Road
 4    Suite 202
      Fairfax, Virginia  22030
 5
      Michael A. Caddell, Esquire
 6    Caddell & Chapman
      628 East 9th Street
 7    Houston, Texas  77007
      Counsel for the plaintiffs
 8

 9

10    Michelle L. Alamo, Esquire
      Armstrong Teasdale, LLP
11    4643 S Ulster Street
      Suite 800
12    Denver, Colorado  80237

13    John M. Erbach, Esquire
      Spotts Fain, PC
14    411 East Franklin Street
      Suite 600
15    Richmond, Virginia  23219

16    Michael C. Witsch, Esquire
      Armstrong Teasdale LLP
17    2005 Market Street - 29th Floor
      One Commerce Square
18    Philadelphia, Pennsylvania  19103
      Counsel for Matt Martorello
19

20

21

22

23

24

25
```

<u>P R O C E E D I N G S</u>

THE COURT:  Hello.  This call is in Williams v. Big Picture Loans, 3:17CV461, Galloway v. Big Picture Loans, 3:18CV406.  Is it in any other case?

MR. BENNETT:  No, sir.  This is Len Bennett.

THE COURT:  That's what we've seen.  We have had filed here three motions, the plaintiffs' motion to bar expert testimony, ECF 792 in Williams, ECF 440 in Galloway with a supporting memorandum, plaintiffs' motion to exclude testimony from witnesses not identified in discovery, Williams 794, Galloway 442, and plaintiffs' motion to exclude prior deposition testimony, Williams number 796, Galloway number 444.

We need to set a briefing schedule that needs to move right along, so have you all talked about dates in anticipation of the call?  If not -- for Martorello's opposition, what is your position, and that's what we need to do.  Before we do that, please give me who is on the call for whom and who you are representing.

MS. ALAMO:  Your Honor, it's Michelle Alamo on behalf of Mr. Martorello.  I wasn't sure you wanted all counsel's appearances or just ours.

THE COURT:  I want everybody.

MR. ERBACH:  Your Honor, this is John Erbach also for Matt Martorello.

```
 1              MR. WITSCH:  And, Your Honor, Michael Witsch for Matt
 2   Martorello is also on the call.
 3              THE COURT:  For the plaintiffs?
 4              MS. KELLY:  Good afternoon, Judge.  This is Kristi
 5   Kelly for the plaintiff, and I believe Len Bennett was also on
 6   the call, but I haven't heard him since.
 7              MR. BENNETT:  I'm on the phone, Judge.
 8              THE COURT:  Mr. Bennett.  Anybody else?
 9              MR. GUZZO:  Good afternoon, Your Honor.  This is also
10   Andrew Guzzo for the plaintiffs.
11              THE COURT:  Is that everybody?
12              MR. CADDELL:  Good afternoon, Your Honor.  This is
13   Mike Caddell for the plaintiff.
14              THE COURT:  Mr. Caddell, who are you with again?
15              MR. CADDELL:  Caddell and Chapman in Houston, Your
16   Honor, and we filed a notice of appearance in the cases.
17              THE COURT:  When did you do that?
18              MR. CADDELL:  I believe about two weeks ago.
19              THE COURT:  All right.  And will you mind telling me
20   why you are coming in at this stage?
21              MR. CADDELL:  Your Honor, we have companion cases in
22   Oregon and Massachusetts, and we've agreed to work
23   cooperatively, and I have been in front of the Court, your
24   court, on other -- in other matters, and it was felt that I
25   could be of assistance.  In fact, I took a deposition in this
```

1  case on Monday with respect to the misrepresentation hearing.

2           THE COURT:  That's very interesting given the

3  arguments that are being made about the motions, number 796 in

4  Williams and 444 in Galloway.  I'll be interested to see how

5  that all pans out.  We need to set a schedule.  When do you

6  want to file your response, Ms. Alamo?

7           MS. ALAMO:  Your Honor, we could file by July 1st.

8           THE COURT:  That's about a week from today; right?

9           MS. ALAMO:  A week from today.

10          THE COURT:  All right.  And when are you going to

11  file your reply, Mr. Bennett?

12          MR. BENNETT:  July 8th, which would be a Wednesday.

13          THE COURT:  That will be the date they'll be filed.

14          MR. BENNETT:  Your Honor.

15          THE COURT:  Yes.

16          MR. BENNETT:  Just not to continue to pile on the

17  work here for all, but there are two other matters that we at

18  least want to bring to the Court's attention that might be the

19  subject of motions.  One is contested and, apparently, one not.

20          THE COURT:  Okay.

21          MR. BENNETT:  The first is, the uncontested one is

22  that the parties have agreed now, today, to a schedule for

23  making discovery designations.  You'll see from the respective

24  witness list that both sides rely heavily on depositions, but

25  we had neglected to put in our previous scheduling order an

1   accommodation for discovery deposition designations, and we'll

2   submit that by agreed order formally on the docket, but just to

3   give the Court a heads-up, the plaintiff will be serving our

4   discovery designations this coming Monday, and the defendant

5   will be serving those designations when it serves its response

6   to our brief which is, I think, the 13th.

7            MS. ALAMO:  Correct.

8            THE COURT:  When are you going -- are these

9   videotaped depositions?

10            MR. BENNETT:  Some are, Judge, and --

11            THE COURT:  Well, let's get straight what we're doing

12   here.  I don't consider any depositions for any purpose unless

13   you have designated and have first worked out any objections

14   that you have and present to me, in a cogent form, any

15   objections on which I need to rule.

16            Objections on which I rule are to be presented in the

17   following way:  A transcript -- a copy of the transcript, not

18   the entire transcript, just the part that's at issue, is

19   prepared, and then you highlight who is offering -- let me know

20   who is offering it, who is objecting to it, and in the margin

21   tell me what the objection is so that I know what it is that I

22   am dealing with, or if you don't object to anything, then you

23   don't object to it, but I've never had that happen, so I'm not

24   expecting it will happen now.

25            Ordinarily the plaintiff takes one color and the

1    defendants take the other, and you do your highlighting.  That

2    way I can identify readily what it is, and I just want what it

3    is that I'm being called upon to rule on.  I don't want the

4    whole deposition.

5          I don't know if any of you have been through that

6    process here before, but you can talk to lawyers who have and

7    work it out.  But if you don't do that, I'm not taking the

8    depositions and ruling on them at trial.

9          And then you have to do them -- or at the hearing.

10   Then you have to do all that in time to edit -- for me to rule

11   on it and edit the deposition, videotaped deposition, and the

12   other depositions -- I mean, the printed deposition you don't

13   need to worry about, but the video deposition you have to edit.

14         So that's part of what you have yet in front of you,

15   and you didn't mention any of that in your discussion, Mr.

16   Bennett, which is why I went into that discussion.  Do you

17   understand what I'm saying?

18         MR. BENNETT:  I do, Judge, and we've been through the

19   process for trial in this court, and I'm sure that defense

20   counsel is well represented locally and also has, and we'll

21   make sure that we put that in the order and comply and provide

22   for sufficient time for that process, Your Honor.

23         THE COURT:  What's the contested matter that you are

24   speaking of?

25         MR. BENNETT:  As is customary, we've asked for

1    previous testimony, deposition transcripts of Mr. Martorello.

2    We understand that he is being deposed, I believe tomorrow and

3    the next day, by the tribe in its arbitration matter.  We

4    learned that about a week ago, reached out to defense counsel

5    and reached out to the tribal defendants' counsel to confirm

6    that we would be able to receive a copy of those transcripts of

7    Matthew Martorello, of the deposition.  Certainly we

8    represented we would pay for any expedited transcripts.

9         We understand from the tribal defendants that they --

10   they don't have an objection, they just don't want to offend

11   any protective order demands that Mr. Martorello makes, but we

12   understand that Mr. Martorello does not -- his lawyers have not

13   yet agreed to produce the transcript for those upcoming

14   depositions.

15        Our deposition of Mr. Martorello are scheduled next

16   week.  So we believe that having those transcripts would

17   certainly shorten, expedite, and make more efficient our

18   intended deposition as well.

19        THE COURT:  Are you saying that Mr. Martorello's

20   counsel has refused to provide them or they haven't responded

21   to you?

22        MR. BENNETT:  I understand --

23        MS. ALAMO:  Your Honor, if I may, it's Michelle

24   Alamo, and I'm the one who responded to plaintiffs' counsel,

25   and I told him I could not agree at this point because the

1    depositions have not been taken.  They're being taken in an

2    arbitration that involves claims unrelated to this case.  I do

3    not know what issues will be presented there or if they have

4    any relevance to this case, and I do not know at this point if

5    any party is going to lodge confidentiality objections.

6              I have not heard from the tribal defendants in their

7    arbitration that they've had any agreement reached with Mr.

8    Bennett.  So, right now, I would say this is not ripe and that

9    it's premature.  The deposition is taking place today.  One is

10   Mr. Martorello in his personal capacity and one as ECA's

11   manager, Eventide.  Eventide is not a party to this action.  So

12   I don't know that it's contested yet.

13             THE COURT:  Is your firm counsel to Mr. Martorello in

14   that action?

15             MS. ALAMO:  Mr. Martorello is being deposed in his

16   personal capacity.  He is not a party to that action.  He's a

17   fact witness in that action.  He's being represented at his

18   deposition by Loeb & Loeb.  The arbitration does not involve

19   claims against or brought by Mr. Martorello.

20             THE COURT:  He's a witness.

21             MS. ALAMO:  He's a witness.

22             THE COURT:  I'm not being asked to rule on anything

23   now, and so I'm not going to, but it seems to me like there's a

24   big difference between whether what he says is admissible and

25   whether counsel can have access to the depositions to decide

1  whether they want to offer it or not.  It seems to me that

2  there are two different issues.  Mr. -- who is representing --

3  what did you say, he's testifying as an officer of who?

4          MS. ALAMO:  Eventide Credit Acquisitions, I believe

5  as their corporate designee --

6          THE COURT:  Who is representing Mr. Martorello in

7  that deposition?

8          MS. ALAMO:  Loeb & Loeb.

9          THE COURT:  Loeb & Loeb is representing him in both

10 depositions then, the personal and the 30(b)(6); is that right?

11         MS. ALAMO:  Yes.  I believe so, yes.

12         THE COURT:  All right.  Well, it seems to me like the

13 people who have -- what jurisdiction do I have at this juncture

14 to order anything about those depositions?  You have to get

15 access to them first, don't you, Mr. Bennett?

16         MR. BENNETT:  Well, yes, sir.  We've asked for them

17 in discovery in this case for Mr. Martorello, and so the

18 issue -- the proffered position from the defendant is it's not

19 ripe because they haven't yet reviewed them because -- we're

20 just trying to keep things moving, and you can hear from the

21 continued position-taking that the defendant is going to argue

22 that it doesn't -- that Mr. Martorello is not the same thing as

23 Eventide which is, of course, what happened in the bankruptcy

24 when the Court down there dismissed for bad faith because of

25 that issue.

1          THE COURT:  What difference does it make?  If a

2    witness testifies, that testimony can be used as evidence in an

3    appropriate situation or to impeach if the rules respecting

4    whether or not they can be used for affirmative purposes and

5    impeachment respectively are satisfied, but the question is

6    whether the transcript is available it seems to me.  Isn't that

7    the issue you are raising?

8          MR. BENNETT:  Yes, sir.

9          THE COURT:  Then I think you all need to sort that

10   out and figure out how to deal with that.  I don't know what I

11   can do about that, but it may be that I -- I guess you said you

12   filed an interrogatory answer or a request for production, and

13   Martorello's a defendant in this case, and so if he's an

14   individual and if he's a 30(b)(6) witness, it would seem to me

15   that there isn't any reason why he can't be required to answer

16   that interrogatory, and if he refuses to provide it, then I

17   guess the proper remedy is a motion to compel.  I guess that's

18   what I'd do.  I don't know.  I haven't figured it out and

19   haven't given it any thought.

20          So it seems to me that what you need -- when did you

21   posit the interrogatory or the request for production of

22   documents respecting that, the transcript of these two

23   depositions that he's giving today?

24          MR. BENNETT:  Generally as to all of them, Judge, and

25   so we were just trying to head off the conflict that we're

```
1    going to have.  As the Court knows, the discovery obligation is

2    to produce documents over which Mr. Martorello has possession

3    or control, and he would have the ability to obtain that

4    transcript as soon as the deposition is completed.

5              THE COURT:  Well, I'll let you deal with all that.

6    You figure the law out, and if there's an issue, you can

7    present it to me.  I'm not going to try to brainstorm it with

8    you all now.  You can present the issue in the form of whatever

9    motion you want to present if you need to present.

10             As a general proposition, courts favor having the

11   parties have access to whatever a witness has said on a topic,

12   and then whether or not that comes in is a different, entirely

13   different question because it's got to meet certain rules

14   before it comes in.  So we'll deal with that if and when you

15   figure that out.  You figure it out and where you stand and

16   what you need to do.  Anything else that needs to be done?

17             MR. BENNETT:  No, sir.

18             MS. ALAMO:  No, Your Honor.

19             THE COURT:  All right, thank you very much.

20             MS. ALAMO:  Thank you.

21

22

23                      (End of proceedings.)

24

25
```

1

2

3          I certify that the foregoing is a correct transcript

4    from the record of proceedings in the above-entitled matter.

5

6

7    _____/s/_____              _____
     P. E. Peterson, RPR                 Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25