IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOETTE PETE,

    Movant,

v.                            Misc. No. 3:19-mc-26

BIG PICTURE LOANS, LLC, *et al.*,        **Under Seal**

    Respondents.

---

LULA WILLIAMS, *et al.*,

    Plaintiffs,

v.                        Civil Action No. 3:17-cv-461

BIG PICTURE LOANS, LLC, *et al.*,        **Under Seal**

    Defendants.

---

RENEE GALLOWAY, *et al.*,

    Plaintiffs,

v.                        Civil Action No. 3:18-cv-406

BIG PICTURE LOANS, LLC, *et al.*,        **Under Seal**

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on MATT MARTORELLO'S MOTION UNDER RULE 30(d) FOR FURTHER DEPOSITION BASED ON CONDUCT THAT IMPEDED QUESTIONING AND FOR EXPEDITED RULING (Pete v. Big Picture Loans, LLC, 3:19-mc-26 (E.D. Va.) ("Pete"), ECF No. 23; Williams

v. Big Picture Loans, LLC, 3:17-cv-461 (E.D. Va.) ("Williams"), ECF No. 747; Galloway v. Big Picture Loans, LLC, 3:18-cv-406 (E.D. Va.) ("Galloway I"), ECF No. 391) (the "MOTION"). The Court has considered the MOTION and the supporting, opposing, reply, and supplemental memoranda, as well as the UNITED STATES OF AMERICA'S STATEMENT OF POSITION REGARDING MATT MARTORELLO'S MOTION UNDER RULE 30(d) FOR FURTHER DEPOSITION BASED ON CONDUCT THAT IMPEDED QUESTIONING AND FOR EXPEDITED RULING (Williams, ECF No. 783) (the "Position of the United States"). For the reasons set forth below, the MOTION (Pete, ECF No. 23; Williams, ECF No. 747; Galloway I, ECF No. 391) was granted on July 9, 2020. (Pete, ECF No. 35; Williams, ECF No. 820; Galloway I, ECF No. 480.) This MEMORANDUM OPINION explains the reasons for that decision.

## BACKGROUND

The Plaintiffs filed—in Williams, Galloway I, and Galloway v. Martorello, 3:19-cv-314 (E.D. Va.) ("Galloway II")—three similar, but in many respects substantively quite different, actions arising out of a so-called "Rent A Tribe" scheme allegedly orchestrated by Matt Martorello ("Martorello"), members of his family, companies that he controls, and investors who allegedly funded the scheme (the "Martorello Defendants").

In October 2015, Eventide Credit Acquisitions, LLC ("Eventide") and Tribal Economic Development entered into a Loan and Security Agreement ("LSA") by which Eventide loaned the Lac

2

Vieux Desert Band of Lake Superior Chippewa Indians ("LVD") (through Tribal Economic Development) $300 million to help start a payday lending business. (See <u>Williams</u>, ECF No. 83-17 ¶ 1.1.) The parties also executed a secured promissory note (the "Note") and agreed therein to make future monthly payments to Eventide. (<u>Williams</u>, ECF No. 83-11.)

On July 27, 2018, the Court issued a MEMORANDUM OPINION in which the Court held that Big Picture and Ascension were not entitled to sovereign immunity. <u>Williams v. Big Picture Loans, LLC</u>, 329 F. Supp. 3d 248, 283 (E.D. Va. 2018). On July 3, 2019, the United States Court of Appeals for the Fourth Circuit held that Big Picture and Ascension "are entitled to sovereign immunity as arms of [LVD] and therefore reverse[d] the district court's decision." <u>Williams v. Big Picture Loans, LLC</u>, 929 F.3d 170, 177 (4th Cir. 2019). Since those decisions, the Plaintiffs have alleged that the Defendants made "material misrepresentations and omissions . . . during the sovereign immunity phase of the litigation." (<u>Williams</u>, ECF No. 788 at 1; <u>Galloway I</u>, ECF No. 436 at 1.) These alleged misrepresentations and omissions are the subject of an evidentiary hearing to be held before the Court on July 21, 2020.

Joette Pete ("Pete") served as the Vice Chairwoman of LVD from 2010 to 2016. (<u>Pete</u>, ECF No. 2 at 3.) In support of the PLAINTIFFS' STATEMENT OF POSITION REGARDING MATERIAL

3

MISREPRESENTATIONS AND OMISSIONS MADE TO THE COURT (_Williams_, ECF No. 788; _Galloway I_, ECF No. 436) (the "Plaintiffs' Misrepresentations Memorandum"), the Plaintiffs submitted the DECLARATION OF JOETTE PETE (_Williams_, ECF No. 784-17; _Galloway I_, ECF No. 432-17) (the "Pete Declaration"). In the Pete Declaration, which Martorello contends is inaccurate, (_Pete_, ECF No. 34 at 4; _Williams_, ECF No. 790 at 4; _Galloway I_, ECF No. 438 at 4), Pete states, _inter alia_, that "Martorello ran [Red Rock] and bore all the risk" and that Michelle Hazen's ("Hazen") declaration was inaccurate. (Pete Declaration ¶¶ 4-6, 8.) Pete also declared that "it [did] not surprise [her] that [Martorello's] emails were destroyed because a shredding company was also hired to destroy paper records related to the business. This had never been done in the past and was performed specifically to conceal the truth about the business." (_Id._ ¶ 11.) In her MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS (_Pete_, ECF No. 2), Pete also stated that she "has personal knowledge of the origin of Defendants' unlawful lending scheme and the LVD's role in that scheme and Defendants have long known this." (_Id._ at 3-4.)

The parties resolved Pete's motion to quash and agreed to hold her deposition on May 26, 2020. At Pete's deposition, counsel for Martorello, Richard Scheff ("Scheff"), questioned Pete about, _inter alia_, information she reported to the FBI about LVD officials, Martorello, and others. (See, e.g., _Williams_, ECF No.

4

778 at 5-8; <u>Galloway I</u>, ECF No. 428 at 5-8 ("Pete Dep. Tr.").)
Pete testified that she spoke with the FBI on several occasions
and that she met with the FBI to discuss several cases, including
the underlying actions in this case. (Pete Dep. Tr. at 5-8.) When
asked what crimes on LVD's reservation she had discussed with the
FBI, Plaintiffs' counsel, Eleanor Drake ("Drake"), objected at
length and stated that Martorello's line of questioning was
irrelevant, lacked foundation, and was meant to "intimidate" and
"harass" Pete.  (<u>Id.</u> at 7-10.)  Pete's counsel, Bhupesh Pattni
("Pattni"), objected on relevancy grounds but noted that "[i]f Ms.
Pete wants to provide an answer, you know, she can . . . ."  (<u>Id.</u>
at 9.)  After discussing the issue with Pete during a break in the
deposition, Pattni stated that Pete "does not want to discuss and
we're not going to about any other investigations she's talked to
the FBI" and that Pete would "be happy to answer questions if the
judge pushes it in camera, but we're kind of going down a sensitive
path here and I don't think it's relevant or necessary for her to
do it today." (<u>Id.</u> at 11-12.)  Scheff subsequently asked Pattni
if he was instructing Pete not to answer. (<u>Id.</u> at 12.)  Pattni
stated that he "told [Pete] to use her best judgment."  (<u>Id.</u>)
However, Drake added that Pete was "not answering the question.
My understanding of the record is that she's not answering the
question, and I think it's certainly appropriate for her to refuse
to do that."  (<u>Id.</u>)  Scheff, Drake, and Leonard Bennett

5

("Bennett")—additional counsel for the Plaintiffs—continued to argue about what questions Pete could answer and whether the Plaintiffs' objections were valid.  (Id. at 12-21.)

During that argument, Bennett and Drake both claimed that what Pete discussed with the FBI was subject to the "informer privilege."  (See, e.g., id. at 19-20.)  After this heated debate, Scheff ultimately asked Pete if she would "identify any of the individuals that [she] disclosed to the FBI alleged criminal activity which [Pete] believe[d] occurred on the reservation," to which Pete responded that she would not.  (Id. at 21.)

In the MOTION, Martorello seeks an order "requiring Joette Pete to submit to a further deposition for the limited purpose of answering questions she refused to answer due to actions of Plaintiffs' counsel to impede the deposition."  (Mot. at 2.) Martorello also asks that Plaintiffs' counsel be required to pay the costs Martorello incurred by filing the MOTION and the costs of deposing Pete again.  (Id.)  In response to the Court's June 8, 2020 ORDER (Pete, ECF No. 31; Williams, ECF No. 768; Galloway I, ECF No. 416), Martorello filed a supplemental memorandum that included a list of proposed questions that he seeks to ask Pete. (Pete, ECF No. 32; Williams, ECF No. 769; Galloway I, ECF No. 419.) These questions concerned, inter alia: (1) what crimes Pete believed occurred on the reservation; (2) what communications Pete had with the FBI concerning crimes allegedly involving Martorello,

6

James Williams, Jr. ("Williams"), and Hazen; (3) when and with whom these communications occurred; (4) whether Pete has notes from her meetings with the FBI; and (5) whether Pete has knowledge of any government investigation into crimes allegedly involving Martorello, Williams, and Hazen. (<u>Pete</u>, ECF No. 32; <u>Williams</u>, ECF No. 769; <u>Galloway I</u>, ECF No. 419.)

## DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 30(c)(2) governs objections during a deposition and provides that:

> An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. **An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege . . . .**

Fed. R. Civ. P. 30(c)(2) (emphasis added). With respect to the duration of a deposition, Rule 30(d) provides that the "court must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).

**B. The Informer's Privilege Is Not Applicable.**

"The 'informer's privilege,' which protects a confidential informant's identity, is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information about crimes to law enforcement." United States v. Bell, 901 F.3d 455, 466 (4th Cir. 2018) (quoting Roviaro v. United States, 353 U.S. 53, 59 (1957)) (internal quotation marks and alteration omitted). "The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." Roviaro, 353 U.S. at 60.

In this case, the informer's privilege does not apply to Pete's testimony. The purpose of the informer's privilege is to protect a confidential informant's identity. Bell, 901 F.3d at 466. Here, Pete's identity has already been revealed, so disclosing the contents of her communications with the FBI will not protect her identity. Moreover, the informer's privilege is not the Plaintiffs' privilege to assert. Instead, the informer's privilege is the Government's privilege. Id. The Government in this case has represented that it "is not invoking the government's 'informer's privilege' or other law enforcement or investigatory

8

privileges with respect to the proposed questions to Ms. Pete in these proceedings." (<u>Williams</u>, ECF No. 783 at 2.) Consequently, the informer's privilege is not applicable in this case. No other privilege has been asserted.

Counsel for Martorello has filed MATT MARTORELLO'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER RULE 30(D) FOR FURTHER DEPOSITION BASED ON CONDUCT THAT IMPEDED QUESTIONING AND FOR EXPEDITED RULING (<u>Pete</u>, ECF No. 32; <u>Williams</u>, ECF No. 769; <u>Galloway I</u>, ECF No. 419) ("Martorello's Supplemental Memorandum"). The questions contained within Martorello's Supplemental Memorandum are akin to the ones Martorello's counsel sought to posit at the Pete deposition.

## C. Martorello's Proposed Line of Questioning Is Relevant.

The transcript of Pete's deposition shows that counsel for Pete and the Plaintiffs objected on the ground of relevance, in addition to privilege grounds. (Pete Dep. Tr. at 8-10.) "The broad scope of discovery is evident in Rule 26(b)(1) . . . ." <u>Ralston Purina Co. v. McFarland</u>, 550 F.2d 967, 973 (4th Cir. 1977). Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

> issues, and whether the burden or expense of
> the proposed discovery outweighs its likely
> benefit.   Information within this scope of
> discovery need not be admissible in evidence
> to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Accordingly, the "deposition-discovery rules are to be accorded a broad and liberal treatment." Ralston Purina Co., 550 F.2d at 973 (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)).

The questions that Martorello seeks to ask Pete concern potential crimes that occurred on LVD's reservations and Pete's communications with the FBI.  These questions pertain to crimes allegedly involving Martorello, Williams, and Hazen. (Martorello's Supplemental Memorandum at 2-7.)  Martorello argues that this line of questioning "seek[s] information relevant to exploring Ms. Pete's potential bias and prejudice against Martorello, as well as other Tribal council members that Ms. Pete has accused of making misrepresentations to the Court . . . ." (Id. at 8.)  Martorello also contends that the proposed line of questioning is relevant as to Pete's credibility because of "Plaintiffs' repeated reliance on Ms. Pete's declaration and deposition testimony" in the Plaintiffs' Misrepresentations Memorandum.  (Id.)  Meanwhile, the Plaintiffs contend that these questions are not relevant and "are either designed to harass and intimidate Ms. Pete or dig up information on potential investigations of Martorello or [LVD] that are not related to this

10

matter." (<u>Williams</u>, ECF No. 777 at 5; <u>Galloway I</u>, ECF No. 427 at 5.)

A review of the proposed questions listed in Martorello's Supplemental Memorandum (<u>Pete</u>, ECF No. 32; <u>Williams</u>, ECF No. 769; <u>Galloway I</u>, ECF No. 419) makes clear that Martorello's proposed line of questioning is relevant for the purposes of discovery because Pete's knowledge of, and her reporting of, any crimes allegedly involving Martorello, Williams, or Hazen may evince bias against those people. And whether Pete is biased against Martorello, Williams, or Hazen—all of whom are involved in the underlying actions—goes directly to her credibility, especially in light of the Plaintiffs' reliance on Pete in the Plaintiffs' Misrepresentations Memorandum. Martorello is entitled to explore this potential bias at Pete's deposition. Although discovery is not limitless, the scope of discovery is broad and easily encompasses questions regarding Pete's potential bias and credibility. "The questions put to [Pete] were germane to the subject matter of the pending action and therefore properly within the scope of discovery. They should have been answered and, in any event, the action of [Plaintiffs'] counsel in directing the deponent not to answer was highly improper." <u>Ralston Purina Co.</u>, 550 F.2d at 973. The MOTION was therefore granted, and Pete shall be deposed by Martorello for up to two additional hours with respect to the topics included in the list of questions contained

in Martorello's Supplemental Memorandum (<u>Pete</u>, ECF No. 32; <u>Williams</u>, ECF No. 769; <u>Galloway I</u>, ECF No. 419).

**D. The Plaintiffs Shall Pay Attorneys' Fees, Expenses, and Costs Related to the MOTION.**

Federal Rule of Civil Procedure 30(d) concerns sanctions and provides that:

> The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

Fed. R. Civ. P. 30(d)(2). Relatedly, Rule 30(c)(2) provides that an "objection must be stated concisely in a nonargumentative and nonsuggestive manner."

During Pete's deposition, Plaintiffs' counsel made hostile comments and engaged in lengthy speaking objections. Although Scheff reminded Plaintiffs' counsel that their objections were already on the record and attempted to proceed with the deposition to lay a foundation for litigating the informer's privilege, the conduct of Plaintiffs' counsel impeded Pete's deposition to such an extent that Scheff was forced to abandon that effort. (Pete Dep. Tr. at 8-21.) Moreover, Plaintiffs' counsel's insistence that Pete not answer Scheff's questions because of informer's privilege, (<u>see, e.g.</u>, <u>id.</u> at 19-20), was misguided and unreasonable. The most cursory of searches would have revealed to Plaintiffs' counsel that, as the Plaintiffs concede in their

12

papers, "the informant's privilege can generally only be invoked by the government," (Williams, ECF No. 777 at 7; Galloway I, ECF No. 427 at 7), and that that privilege concerns the government withholding the identity of the informant.

The excerpted deposition transcript shows that the hostilities began with Plaintiffs' counsel accusing Scheff of harassment and witness intimidation on multiple occasions. (Pete Dep. Tr. at 10-13.) The deposition subsequently became more heated with Plaintiffs' counsel making, among others, the following comments:

- I think that this is pure harassment at this point trying to intimidate this witness by asking her about other contact she's had with law enforcement. (Id. at 12-13.)

- Stop. Stop. . . . Enough. Enough. I'm going to get the judge on the phone. I don't know how you do things in Philadelphia. . . . No. Stop. I'm talking. . . . [Y]ou think that you know more about representing the criminal that [sic] everyone else that you're going to continue to proceed and ignore those [objections]. (Id. at 15.)

- Put your fingers in your ear and stick your tongue out and go I'm not going to listen. Do what you want to do, . . . but I'm talking. (Id. at 16.)

- I get that you don't do a lot of this stuff in Virginia, but we follow the federal rules of civil procedure. (Id. at 17.)

- So now you want to learn more, maybe to find out if Mr. Martorello has some other problems. I don't know. You know. You're his lawyer. If he's selling drugs and you know that, I

13

> don't get to ask you those questions.  You're
> not going to talk about unrelated matters
> beyond online lending.  And I'm telling you
> that and I'm interrupting in this deposition.
> I'm putting my name, my license on the record
> and I will take the heat with Judge Payne.
> (Id. at 18.)

"While isolated acts of discourtesy or loss of temper can be expected, even from the best of counsel, and excused by the court, systematic and deliberate abuses . . . cannot go unsanctioned as they are destructive of the very fabric which holds together the process of pretrial discovery—**cooperative exchange of information without the need for constant court intervention**."  Freeman v. Schointuck, 192 F.R.D. 187, 189 (D.Md. 2000) (emphasis added).

It is unclear why Pete's deposition descended into such hostilities.  However, what is clear is that that conduct is unacceptable.  It is with chagrin that the Court must remind Plaintiffs' counsel that they are to conduct themselves professionally and as befits officers of the Court at all proceedings related to these actions, including at Pete's upcoming deposition.  The conduct at issue necessitated that the deposition be ended and frustrated Scheff's attempts to lay the predicate for a ruling on the claims of privilege.  The deposition must be resumed and the costs, and Martorello's attorneys' fees, in taking the resumed deposition must be borne by Plaintiffs' counsel collectively.

14

**CONCLUSION**

For the reasons set forth above, MATT MARTORELLO'S MOTION UNDER RULE 30(d) FOR FURTHER DEPOSITION BASED ON CONDUCT THAT IMPEDED QUESTIONING AND FOR EXPEDITED RULING (<u>Pete</u>, ECF No. 23; <u>Williams</u>, ECF No. 747; <u>Galloway I</u>, ECF No. 391) was granted. Joette Pete shall be deposed for up to two hours with respect to the topics included in the list of questions contained in MATT MARTORELLO'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION UNDER RULE 30(d) FOR FURTHER DEPOSITION BASED ON CONDUCT THAT IMPEDED QUESTIONING AND FOR EXPEDITED RULING (<u>Pete</u>, ECF No. 32; <u>Williams</u>, ECF No. 769; <u>Galloway I</u>, ECF No. 419). Plaintiffs' counsel collectively shall pay the reasonable costs and attorneys' fees incurred by one lawyer in taking the further deposition of Pete. This is an assessment of fees and costs for unnecessary delay and not a sanction on individual counsel.

It is so ORDERED.

/s/ _Rep_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 14, 2020

15