**GLOBAL NOTES AND STATEMENTS OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Eventide Credit Acquisitions, LLC ("**ECA**") debtor in possession (the "**Debtor**")[1] filed for chapter 11 (the "**Chapter 11 Case**") and in connection therewith has filed its respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and the Statement of Financial Affairs (collectively, the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") in the United States Bankruptcy Court for the Northern District of Texas Fort Worth Division (the "**Bankruptcy Court**"). The Debtor, with the assistance of its legal and financial advisors, prepared the Schedules and Statements, pursuant to section 521 of Chapter of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and are unaudited.

In 2019 alone, the Debtor paid over $7.5 million in legal fees defending itself and certain parties it is required to indemnify in pending litigation. As the Debtor has not received payments under the promissory note that is its primary asset (the "**Promissory Note**") in more than a year, as a result of both past and prospective breaches of the terms of the Promissory Note and related transaction documents by Tribal Economic Development Holdings, LLC ("**TED**"), Big Picture Loans, LLC, Ascension Technologies, LLC, and the Lac Vieux Desert Band of Lake Superior Chippewa Indians, the Debtor was forced to file a voluntary petition for protection under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court on January 28, 2020.

While the Debtor's management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on the discrepancy in tax reporting calculations used, the complexity of the multiple litigation claims and the large legal fees associated therewith, the complex loan value calculations at issue, and the data and information that was available at the time of preparation, subsequent information or discovery could provide more information about the items identified in the Schedules and Statements, and inadvertent errors or omissions may have occurred.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, the Debtor's Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

The Schedules and Statements for the Debtor are signed by Drew McManigle, Manager of the Debtor. In reviewing and signing the Schedules and Statements, Mr.

---

[1] The location of the Debtor's corporate headquarters and service address is 1920 McKinney Ave, 7th Floor Dallas, TX 75201.

McManigle relied upon his knowledge of the business, the Debtor's accounting and financial data, and the efforts, statements, advice, and representations of personnel of the Debtor and the Debtor's legal and financial advisors.

In preparing the Schedules and Statements, the Debtor relied on financial data derived from its books and records that was available at the time of such preparation. The Debtor, and its agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtor and its professionals expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtor, or its agents, attorneys, and financial advisors, be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtor or its agents, attorneys, or financial advisors are advised of the possibility of such damages.

### Global Notes and Overview of Methodology

1.   **Description of Case.** On January 28, 2020, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.   **Reservations and Limitations.** Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtor's rights or an admission of any kind with respect to this chapter 11 case, including, but not limited to, any rights or claims of the Debtor against any third party or issues involving equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)   **No Admission.** Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtor, any assertion made therein or herein, or a waiver of the right to dispute any claim or assert any cause of action or defense against any party.

2

(b)     **Recharacterization.** Notwithstanding that the Debtor has made commercially reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor nonetheless may have improperly characterized, classified, categorized, or designated certain items.

(c)     **Categories or Labels for Purpose of Presentation in Schedules and Statements**. Information requested by the Schedules and Statements requires the Debtor to make a judgment regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled. The Debtor's decisions regarding the category or label to use is based on the best information available as of the filing of these Schedules and Statements and within the time constraints imposed.

(d)     **Classifications.** Listing or not listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtor of the legal rights of the claimant or contract counterparty, or a waiver of the right to recharacterize or reclassify such claim or contract.

(e)     **Claims Description.** Any failure to designate a claim on the Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."

(f)     **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtor to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

(g)     **Causes of Action.** Despite commercially reasonable efforts, the Debtor may not have identified all current and potential causes of action the Debtor may have against third parties in its respective Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.

(h)     **Insiders.** In the circumstance where the Schedules and Statements require

18863027.1
233953-10002

information regarding "insiders," the Debtor has included information with respect to certain individuals who served as officers and managers, as the case may be, during the relevant time periods. Such individuals may no longer serve in such capacities.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only.

3.   **Methodology.**

(a)   **Basis of Presentation.** The Debtor relied on its accounting firm to maintain Debtor's books and records.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with accounting principles generally accepted in the United States ("GAAP"), nor are they intended to fully reconcile to the financial statements prepared by the Debtor. These Schedules and Statements reflect the best available estimate of assets and liabilities of the Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the data extracted from the Debtor's books and records and historical financial statements. The fair value and net realizable value of personal property may vary materially from the net book value presented herein.

Given, among other things, the uncertainty surrounding the condition, collection and ownership of certain assets and the valuation and nature of certain liabilities, that the Debtor shows more assets than liabilities is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date.

All asset and liability information, except where otherwise noted, is reflected through January 28, 2020.

(b)   **Confidential Information.** There may be instances in the Schedules and Statements where the Debtor deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Generally, the Debtor may have used this approach for the privacy of an individual.

(c)   **Master Agreements.** Contracts listed in the Schedules and Statements may be master agreements that cover relationships with the Debtor. Debtor reserves all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtor with respect to such agreements, if appropriate.

4

(d)    **Duplication.** Certain of the Debtor's assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Schedules and Statements. To the extent these disclosures would be duplicative, the Debtor has endeavored to only list such assets, liabilities, and prepetition payments once.

(e)    **Undetermined Amounts.** The description of an amount as "unknown," is not intended to reflect upon the materiality of such amount.

(f)    **Unliquidated Amounts.** Claim amounts that could not be readily quantified by the Debtor are scheduled as "unliquidated." The description of an amount as "unknown," or "undetermined" is not intended to reflect upon the materiality of such amount. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtor that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtor reserves all rights to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."

(g)    **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

(h)    **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtor's books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtor or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtor on a post-petition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and critical vendor payments, if applicable. The Debtor reserves all of its rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a post-petition basis.

(i)    **Affiliate Claims.** The Debtor maintains business relationships with other entities, conducting business from time to time that may result in affiliate receivables and payables and/or are on account of capital contributions, equity investments, or distributions on account of equity investments. Known and assumed prepetition receivables and payables among and between the Debtor and its affiliates are reported on Schedule A/B, and

5

Schedule E/F, respectively, per the Debtor's books and records. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.

(j)   **Guarantees and Indemnification Claims.** The Debtor has exercised commercially reasonable efforts to locate and identify guarantees of its agreements. Where guarantees or indemnification claims have been identified, they have been included in the relevant Schedules E/F, G and H. The Debtor may have inadvertently omitted guarantees or indemnifications embedded in its contractual agreements and may identify additional guarantees or indemnifications as it continues to review its books and records and contractual agreements. The Debtor reserve its rights, but is not required, to amend the Schedules and Statements if additional guarantees are identified.

(k)   **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

4.   **Specific Schedules Disclosures.**

(a)   **Schedules Summary.** Except as otherwise noted, the asset and liability totals represent amounts through January 28, 2020. The Debtor closes its books quarterly. Based on the size of the Debtor, the scope of its operations and internal accounting resources, a monthly close is not performed.

(b)   **Schedule A/B – Parts 1 & 2 - Cash and Cash Equivalents; Deposits and Prepayments.** Details with respect to the Debtor's bank accounts are provided in the Debtor's Schedules.

(c)   **Schedule A/B, Part 11 – All Other Assets.** Debtor did not maintain an asset depreciation schedule.

(d)   *Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including* **Counterclaims** *of the Debtor and Rights to Setoff Claims.* The Debtor may be party to pending litigation in which such Debtor has asserted, or may assert, claims as a plaintiff or counterclaims and/or crossclaims as a defendant. Because such claims are unknown to the Debtor and not quantifiable as of the Petition Date, they are not listed on Schedule A/B, Part 11.

(e)   **Schedule E/F – Creditors Who Have Unsecured Claims.**

*Part 2 - Creditors with Nonpriority Unsecured Claims.* The liabilities identified in Schedule E/F, Part 2, are derived from the Debtor's books and records. The Debtor made a commercially reasonable attempt to set forth its

6

unsecured obligations, although the actual amount of claims against the Debtor may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities, which have been listed on a gross accounts' payable basis, may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtor. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtor or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtor's estates, the Debtor has not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtor may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules E/F may be incomplete. The Debtor reserves its rights, but undertakes no obligations, to amend Schedules E/F if, or when, the Debtor receive such invoices.

(f)     **Schedule G – Executory Contracts and Unexpired Leases.** While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract.

5.     **Specific Statements Disclosures.**

(a)     **Statements, Part 1, Question 1 – Gross Revenue from Business.** The interest rate specified in the Promissory Note is 1.81%. The interest income reported on the 1099 issued by TED to the Debtor has been substantially lower than the amount should have been using the 1.81% rate. Anderson, the tax group working with the Debtor, has reached out to TED's accounting group to attempt to discuss the issue and are still waiting for a response. Debtor reserves its right to amend its Statement of Financial Affairs based upon actual findings.

18863027.1
233953-10002

     (b)     **Statements, Part 2, Question 3 – Payments and Transfers to Certain Creditors within 90 Days.** The dates set forth in the "Dates" column relate to one of the following: (i) the date of a wire transfer; (ii) the date of an "ACH" processing; or (iii) the check date. Prior to the Petition Date, the Debtor made payments on behalf of certain non-debtor affiliates. Consequently, for the purpose of this schedule, payments are recorded on the Debtor's Statements, Part 2, Question 3, based on the Debtor's bank account.

            Payments to the Debtor's bankruptcy professionals and insiders are not included in the payments to creditors. Payments to the aforementioned parties are included in the following locations within the Statements: bankruptcy professionals (Question 11), insider/affiliate (Questions 4, 13, and 11).

     (c)     **Statements, Part 3, Question 7 – Legal Actions or Assignments**. The Debtor does not know of any workers' compensation claims in response to this question. However, if any become known, the Debtor maintains that disclosure would be in violation of certain laws including HIPAA (Health Insurance Portability and Accountability Act of 1996).

     (d)     **Statements, Part 6, Question 13 – Transfers Not Otherwise Listed**. Cash transactions and distributions by the Debtor to its insiders and affiliates of Debtor are listed on the attachment as Exhibit SOFA 4/13/30. These cash transactions are disclosed for purposes of transparency; however Debtor believes that these payments were made in the ordinary course of business.

     (e)     **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**. Distributions by the Debtor are listed on the attachment as Exhibit SOFA 4/13/30.

**6.**     **Litigants/Claimants**

    Best efforts have been made to notice business and people affected by the numerous lawsuits related to this petition directly and indirectly but the Debtor cannot guarantee that all effected by said litigation/claims were noticed.

     **These Global Notes are in addition to the specific notes set forth in the Schedules and Statements. The fact that the Debtor has prepared a Global Note with respect to a particular Schedule or Statement and not as to others does not reflect and should not be interpreted as a decision by the Debtor to exclude the applicability of such Global Note to any or all of the Debtor's remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.**

18863027.1
233953-10002

**Fill in this information to identify the case:**

Debtor name: **Eventide Credit Acquisitions, LLC**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number (if known): **20-40349-11**

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                    04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:**   Income

1. **Gross revenue from business**

    ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From **1/01/2020** to **Filing Date** | ■ Operating a business ☐ Other | **$0.00** |
| **For prior year:** From **1/01/2019** to **12/31/2019** | ■ Operating a business ☐ Other | **$128,301.29** |
| **For year before that:** From **1/01/2018** to **12/31/2018** | ■ Operating a business ☐ Other | **$338,984.48** |

2. **Non-business revenue**

    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ■ None.

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|

**Part 2:**   List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**

    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|

| Debtor | **Eventide Credit Acquisitions, LLC** | | Case number *(if known)* | **20-40349-11** |
|---|---|---|---|---|

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | **American Arbitration Association**<br>**9 Greenway Plaza #1275**<br>**Houston, TX 77046** | 12/18/2019 | $14,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.2. | **Bowman & Brooke LLP**<br>**5830 Granite Pkwy #1000**<br>**Plano, TX 75024** | 01/08/2020<br>$6,540.00<br>01/17/2020<br>$6,240.00 | $12,780.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.3. | **Holland & Knight LLP**<br>**200 Crescent Ct #1600**<br>**Dallas, TX 75201** | 12/2/2019 | $33,328.83 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.4. | **The MCS Group, Inc.**<br>**1601 Market St., Suite 800**<br>**Philadelphia, PA 19103** | 12/04/2019<br>$21,024.36<br>12/25/2019<br>$15,745.32<br>01/06/2020<br>$32,560.38 | $69,330.06 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.5. | **Spotts Fain, P.C.**<br>**411 East Franklin St., Suite 600**<br>**Richmond, VA 23219** | 12/3/2019<br>$83,608.97<br>1/13/2020  $3,172.00<br>1/13/2020  $960.00<br>1/17/2020<br>$21,496.00 | $109,236.97 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.6. | **Pepper Hamilton**<br>**3000 Two Logan Square**<br>**Philadelphia, PA 19103** | 12/03/2019<br>$549.50<br>01/17/2020<br>$8,409.00 | $8,958.50 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.7. | **Van Ness Feldman LLP**<br>**1050 Thomas Jefferson St NW**<br>**Washington, DC 20007** | 1/17/2020<br>$43,968.60 | $43,968.60 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.8. | **Greer Walker LLP**<br>**227 W. Trade Street**<br>**Suite 110**<br>**Charlotte, NC 28202** | 1/6/2020<br>$15,472.00 | $15,472.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

| Debtor | **Eventide Credit Acquisitions, LLC** | Case number *(if known)* | 20-40349-11 |
|---|---|---|---|

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.9. **Shraiberg, London & Page P.A.**<br>**2385 NW Executive Center Dr**<br>**Suite 300**<br>**Boca Raton, FL 33431** | 12/3/2019<br>$7,880 | $7,888.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. **See attached SOFA 4/13/30**<br>**Payments to Insiders** | | | |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

### Part 3: Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☐ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. **Williams et al. v. Big Picture Loans, LLC et al.**<br>**3:17-cv-00461** | **28:1331 Fed. Question: Racketeering (RICO) Act** | **US Dist. Court for E. Dist. of Virginia**<br>**701 East Broad Street**<br>**Richmond, VA 23219** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. **Galloway et al. v. Big Picture Loans, LLC et al.**<br>**3:18-cv-00406** | **18:1961 Racketeering (RICO) Act** | **US Dist. Court, E. Dist. of Virginia**<br>**701 E Broad St**<br>**Richmond, VA 23219** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

## Breakwater Holding, LLC

| Bank Account Number | Date | Description | Payment |
|---|---|---|---|
| Bank of America (4326) | 2/23/2018 | Distribution | $(2,086,000.00) |
| Bank of America (4326) | 3/22/2018 | Distribution | $(2,086,000.00) |
| Tolleson Private Bank BUS CK **6536 | 4/20/2018 | Distribution | $(1,907,200.00) |
| Tolleson Private Bank BUS CK **6536 | 6/14/2018 | Distribution | $   (178,800.00) |
| Tolleson Private Bank BUS CK **6536 | 6/28/2018 | Distribution | $(1,192,000.00) |
| Tolleson Private Bank BUS CK **6536 | 7/31/2018 | Distribution | $   (745,000.00) |
| Tolleson Private Bank BUS CK **6536 | 11/8/2018 | Distribution | $   (298,000.00) |
| Tolleson Private Bank BUS CK **6536 | 11/15/2018 | Distribution | $    (59,600.00) |
| Tolleson Private Bank BUS CK **6536 | 11/27/2018 | Distribution | $   (596,000.00) |
| Tolleson Private Bank BUS CK **6536 | 1/14/2019 | Distribution | $   (274,160.00) |
| Tolleson Private Bank BUS CK **6536 | 8/30/2019 | Distribution | $   (175,123.00) |

## Brian McFadden

| Bank Account Number | Date | Description | Payment |
|---|---|---|---|
| Bank of America (4326) | 2/16/2018 | Distribution | $    (70,000.00) |
| Bank of America (4326) | 3/21/2018 | Distribution | $    (70,000.00) |
| Bank of America (4326) | 4/20/2018 | Distribution | $    (64,000.00) |
| Bank of America (4326) | 6/14/2018 | Distribution | $     (6,000.00) |
| Bank of America (4326) | 7/17/2018 | Distribution | $    (40,000.00) |
| Bank of America (4326) | 7/31/2018 | Distribution | $    (25,000.00) |
| Bank of America (4326) | 11/8/2018 | Distribution | $    (10,000.00) |
| Bank of America (4326) | 1/14/2019 | Distribution | $    (22,000.00) |
| Bank of America (4326) | 1/23/2019 | Distribution | $     (9,200.00) |

## Gallant Capital, LLC

| Bank Account Number | Date | Description | Payment |
|---|---|---|---|
| Bank of America (4326) | 2/16/2018 | Distribution | $   (892,500.00) |
| Bank of America (4326) | 3/21/2018 | Distribution | $   (892,500.00) |
| Tolleson Private Bank BUS CK **6536 | 4/20/2018 | Distribution | $   (816,000.00) |
| Bank of America (4326) | 6/14/2018 | Distribution | $    (76,500.00) |
| Tolleson Private Bank BUS CK **6536 | 7/9/2018 | Distribution | $   (510,000.00) |
| Tolleson Private Bank BUS CK **6536 | 7/31/2018 | Distribution | $   (318,750.00) |
| Tolleson Private Bank BUS CK **6536 | 11/8/2018 | Distribution | $   (127,500.00) |
| Tolleson Private Bank BUS CK **6536 | 11/15/2018 | Distribution | $    (25,500.00) |
| Tolleson Private Bank BUS CK **6536 | 11/27/2018 | Distribution | $   (255,000.00) |
| Tolleson Private Bank BUS CK **6536 | 1/14/2019 | Distribution | $   (117,300.00) |

## James Dowd

| Bank Account Number | Date | Description | Payment |
|---|---|---|---|
| Bank of America (4326) | 2/16/2018 | Distribution | $ (52,500.00) |
| Bank of America (4326) | 3/21/2018 | Distribution | $ (52,500.00) |
| Bank of America (4326) | 4/20/2018 | Distribution | $ (48,000.00) |
| Bank of America (4326) | 6/14/2018 | Distribution | $ (4,500.00) |
| Bank of America (4326) | 7/17/2018 | Distribution | $ (30,000.00) |
| Bank of America (4326) | 7/31/2018 | Distribution | $ (18,750.00) |
| Bank of America (4326) | 11/8/2018 | Distribution | $ (7,500.00) |
| Bank of America (4326) | 1/14/2019 | Distribution | $ (16,500.00) |
| Bank of America (4326) | 1/22/2019 | Distribution | $ (6,900.00) |

## Justin Martorello

| Bank Account Number | Date | Description | Payment |
|---|---|---|---|
| Bank of America (4326) | 2/16/2018 | Distribution | $ (346,500.00) |
| Bank of America (4326) | 3/21/2018 | Distribution | $ (346,500.00) |
| Bank of America (4326) | 4/20/2018 | Distribution | $ (316,800.00) |
| Bank of America (4326) | 6/14/2018 | Distribution | $ (29,700.00) |
| Bank of America (4326) | 7/17/2018 | Distribution | $ (198,000.00) |
| Bank of America (4326) | 7/31/2018 | Distribution | $ (123,750.00) |
| Bank of America (4326) | 11/8/2018 | Distribution | $ (49,500.00) |
| Bank of America (4326) | 1/14/2019 | Distribution | $ (108,900.00) |
| Bank of America (4326) | 1/23/2019 | Distribution | $ (45,540.00) |

## Simon Liang

| Bank Account Number | Date | Description | Payment |
|---|---|---|---|
| Bank of America (4326) | 2/16/2018 | Distribution | $ (52,500.00) |
| Bank of America (4326) | 3/21/2018 | Distribution | $ (52,500.00) |
| Bank of America (4326) | 4/20/2018 | Distribution | $ (48,000.00) |
| Bank of America (4326) | 6/14/2018 | Distribution | $ (4,500.00) |
| Bank of America (4326) | 7/17/2018 | Distribution | $ (30,000.00) |
| Bank of America (4326) | 7/31/2018 | Distribution | $ (18,750.00) |
| Bank of America (4326) | 11/8/2018 | Distribution | $ (7,500.00) |
| Bank of America (4326) | 1/14/2019 | Distribution | $ (16,500.00) |
| Bank of America (4326) | 1/22/2019 | Distribution | $ (6,900.00) |

| Debtor | **Eventide Credit Acquisitions, LLC** | | Case number *(if known)* | **20-40349-11** |

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.3. | **Smith v. Martorello, et al**<br>3:18-cv01651 | **470 Civil (RICO) Racketeer/Corrupt Organization** | **US Dist. Court, Oregon**<br>**1000 S.W. Third Ave.**<br>**Portland, OR 97204** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.4. | **Duggan v. Martorello, et al.**<br>1:18-cv-12277 | **18:1962 Racketeering (RICO) Act** | **US Dist. Court, Massachusetts**<br>**1 Courthouse Way**<br>**Boston, MA 02210** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.5. | **Williams et al v. Microbilt Corporation et al**<br>3:19-cv-00085 | **15:1681 Fair Credit Reporting Act** | **US Dist. Court, E. Dist. of Virginia**<br>**701 East Broad Street**<br>**Richmond, VA 23219** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.6. | **Galloway et al. v. Martorello et al**<br>3:19-cv-00314 | **18:1961 Racketeering (RICCO) Act** | **US Dist. Court, E. Dist. of Virginia**<br>**701 East Broad Street**<br>**Richmond, VA 23219** | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| 7.7. | **Galloway et al. v. Williams et al**<br>3:19-cv-00470 | **18:1962 Racketeering (RICO) Act** | **US Dist. Court, E. Dist. of Virginia**<br>**701 East Broad Street**<br>**Richmond, VA 23219** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.8. | **Eventide Credit Acquisitions, LLC v. Ascension Technologies, LLC, Big Picture Loans, LLC and Tribal Economic Development Holdings, LLC**<br>2:19-cv-00256 | **28:1332 Diversity-Other Contract** | **US Dist. Court for W. Dist. of Michigan**<br>**110 Michigan St NW #399**<br>**Grand Rapids, MI 49503** | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| 7.9. | **Matt Martorello, Liont LLC, and Eventide Credit Acquisitions, LLC  v. Lula Williams, on behalf of Williams, Gloria Turnage, on behalf of Turnage, George Hengle, on behalf of Hengle, Dowin Coffy, on behalf of Coffy & Marcella P Singh, on behalf of Singh, Tolleson Private Bank, as Objector**<br>3:19-MC-0002-S | **Civil Miscellaneous Case re Motion to Quash**<br>**Case transferred to the United States District Court for the Eastern District of Virginia, with the underlying litigation, Williams v. Big Picture Loans, LLC, 3:17-cv-00461-REP (E.D. Va.).** | **US Dist. Court, N.D. Texas, Dallas Div.**<br>**1100 Commerce St # 1452**<br>**Dallas, TX 75242** | ☐ Pending<br>☐ On appeal<br>■ Concluded |
| 7.10. | **Eventide Credit Acquisitions, LLC v. Lac Vieux Desert Bank of Lake Superior Chippewa Indians, Tribal Economic Development Holdings, LLC, Big Picture Loans, LLC, Ascension Technologies, LLC and LVD Tribal Acquisition Company, LLC**<br>01-19-0004-5187 | **Breach of LSA, Note and Guaranty** | **American Arbitration Association** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| Debtor | **Eventide Credit Acquisitions, LLC** | Case number *(if known)* | **20-40349-11** |

## 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

## 9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## 10. All losses from fire, theft, or other casualty within 1 year before filing this case.

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | | | **Five months that Loeb was retained prior to the Petition Date. Loeb is currently holding $50,000.00 in retainer (at date of filing).** | |
| | **Loeb & Loeb LLP**<br>**10100 Santa Monica Blvd**<br>**Suite 2200**<br>**Los Angeles, CA 90067-4120** | **$250,000 loan advanced on behalf of Debtor.** | | **$206,809.07** |
| | Email or website address<br>**bgiven@loeb.com** | | | |
| | Who made the payment, if not debtor?<br>~~Bluetech~~ **Irrevocable Trust** | | | |

| Debtor | **Eventide Credit Acquisitions, LLC** | | Case number *(if known)* | **20-40349-11** |
|---|---|---|---|---|

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | **Forshey & Prostok, LLP**<br>**777 Main Street**<br>**Suite 1290**<br>**Arlington, TX 76012** | $250,000 loan advanced on behalf of Debtor. | 1/28/2020 - Paid from IOLTA account of Loeb & Loeb, on behalf of the Debtor. | $25,000.00 |
| | Email or website address<br>**jprostok@forsheyprostok.com** | | | |
| | Who made the payment, if not debtor?<br>**Bluetech Irrevocable Trust** | | | |
| 11.3. | **MACCO Restructuring Group, LLC**<br>**The Pennzoil Building**<br>**700 Milam Street, Suite 1300**<br>**Houston, TX 77002** | $250,000 loan advanced on behalf of Debtor. | 1/28/2020 - Paid from IOLTA account of Loeb & Loeb, on behalf of the Debtor. | $40,000.00 |
| | Email or website address<br>**www.maccorestructuringgroup.com** | | | |
| | Who made the payment, if not debtor?<br>**Bluetech Irrevocable Trust** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| | Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | **Breakwater Holdings, LLC**<br>**Bermuda House, Tutakimoa Road**<br>**Rarotonga, Cook Islands** | **See attached Exhibit SOFA 4/13/30** | | |
| | Relationship to debtor<br>**Member** | | | |

| Debtor | **Eventide Credit Acquisitions, LLC** | | Case number *(if known)* | **20-40349-11** |
|---|---|---|---|---|

| | Who received transfer?<br>Address | Description of property transferred or<br>payments received or debts paid in exchange | Date transfer<br>was made | Total amount or<br>value |
|---|---|---|---|---|
| 13.2<br>. | **Brian McFadden**<br>**3133 Indian Pont Road**<br>**Saugatuck, MI 49453** | **See attached Exhibit SOFA 4/13/30** | | |
| | Relationship to debtor<br>**Member** | | | |
| 13.3<br>. | **Gallant Capital, LLC**<br>**1920 McKinney Avenue**<br>**7th Floor**<br>**Dallas, TX 75201** | **See attached Exhibit SOFA 4/13/30** | | |
| | Relationship to debtor<br>**Member** | | | |
| 13.4<br>. | **James Dowd**<br>**2014 Calle Las Violetas**<br>**San Juan, PR 00915** | **See attached Exhibit SOFA 4/13/30** | | |
| | Relationship to debtor<br>**Member** | | | |
| 13.5<br>. | **Justin Martorello**<br>**2019 Westbourne Park Dr.**<br>**Houston, TX 77007** | **See attached Exhibit SOFA 4/13/30**<br>**Payments to Justin Martorello (deposited**<br>**into joint account with Gina Martorello)** | | |
| | Relationship to debtor<br>**Member** | | | |
| 13.6<br>. | **Simon Liang**<br>**119 Gascony Dr.**<br>**Greenville, SC 29609** | **See attached Exhibit SOFA 4/13/30** | | |
| | Relationship to debtor<br>**Member** | | | |

---

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**
   List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy<br>From-To |
|---|---|

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**
   Is the debtor primarily engaged in offering services and facilities for:
   - diagnosing or treating injury, deformity, or disease, or
   - providing any surgical, psychiatric, drug treatment, or obstetric care?

   ■ No. Go to Part 9.
   ☐ Yes. Fill in the information below.

| Debtor | **Eventide Credit Acquisitions, LLC** | Case number *(if known)* | **20-40349-11** |
|---|---|---|---|

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

---

**Part 9:    Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

☑  No.
☐  Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑  No. Go to Part 10.
☐  Yes. Does the debtor serve as plan administrator?

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
   Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
   Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

   ☑ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
   List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

   ☑ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
   List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

   ☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
   List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

   ☑ None

---

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
   *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

| Debtor | **Eventide Credit Acquisitions, LLC** | | Case number *(if known)* | **20-40349-11** |
|---|---|---|---|---|

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ■ No.
    ☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

    ■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1. | **Andersen and Starr Accounting<br>Division of Andersen<br>5949 Sherry Lane, Suite 500<br>Dallas, TX 75225** | **2018 - Present** |
| 26a.2. | **Zayra Emanuelli<br>Puerto Rico** | **Approximately<br>January 1-June 30,<br>2018** |
| 26a.3. | **Talkington & Associates<br>295 Palmas Inn Way Ste 130 Pmb 354<br>Humacao, PR 791** | **2018** |

| Debtor | **Eventide Credit Acquisitions, LLC** | Case number *(if known)* **20-40349-11** |
|---|---|---|

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.4. | **Melanie Hedrick (Andersen)**<br>**5949 Sherry Lane**<br>**Suite 500**<br>**Dallas, TX 75225** | **2018 - Present** |
| 26a.5. | **Peter Watson (Andersen)**<br>**5949 Sherry Lane**<br>**Suite 500**<br>**Dallas, TX 75225** | **2018 - Present** |
| 26a.6. | **Edwin Roberts (Andersen)**<br>**5949 Sherry Lane**<br>**Suite 500**<br>**Dallas, TX 75225** | **2018 - Present** |
| 26a.7. | **Carol Robles**<br>**Address Unknown** | **Approximately<br>January 1-June 30,<br>2018** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26b.1. | **Andersen and Starr Accounting,**<br>**Division of Andersen**<br>**5949 Sherry Lane, Suite 500**<br>**Dallas, TX 75225** | **2018-Present** |

| Name and address | Date of service<br>From-To |
|---|---|
| 26b.2. | **Talkington & Associates**<br>**295 Palmas Inn Way Ste 130 Pmb 354**<br>**Humacao, PR 791** | **2018** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are<br>unavailable, explain why |
|---|---|
| 26c.1. | **Andersen**<br>**5949 Sherry Lane, Suite 500**<br>**Dallas, TX 75225** | |
| 26c.2. | **Talkington & Associates**<br>**295 Palmas Inn Way Ste 130 Pmb 354**<br>**Humacao, PR 791** | |
| 26c.3. | **Matt Martorello**<br>**3805 Greenbriar Dr**<br>**Dallas, TX 75225** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

| Debtor | **Eventide Credit Acquisitions, LLC** | Case number *(if known)* | **20-40349-11** |
|---|---|---|---|

### 27. Inventories
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

### 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Breakwater Holdings, LLC** | **Bermuda House, Tutakimoa Road P.O. Box 822 Rarotonga, Cook Islands** | **Member** | **59.6%** |
| Name | Address | Position and nature of any interest | % of interest, if any |
| **Matt Martorello** | **3805 Greenbriar Dr Dallas, TX 75225** | **President** | |
| Name | Address | Position and nature of any interest | % of interest, if any |
| **Drew McManigle** | **c/o MACCO Restructuring Group, LLC 700 Milam St., Suite 1300 Houston, TX 77002** | **Manager** | |

### 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■ No
☐ Yes. Identify below.

### 30. Payments, distributions, or withdrawals credited or given to insiders
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. | **See attached Exhibit SOFA 4/13/30** | | | |
| | **Relationship to debtor** | | | |

### 31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

Debtor **Eventide Credit Acquisitions, LLC**        Case number *(if known)* **20-40349-11**

---

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

---

**Part 14: Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **March 20, 2020**

_____      **Drew McManigle**
Signature of individual signing on behalf of the debtor      Printed name

Position or relationship to debtor    **Manager**

---

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

■ No

☐ Yes

---

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy