IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LULA WILLIAMS, et al.,

    Plaintiffs,

v.                                                       Civil Action No. 3:17cv461

BIG PICTURE LOANS, LLC,
et al.,

    Defendants.

**ORDER**

Upon further review of the MEMORANDUM OPINION (ECF No. 478), it appears that many, if not most of the findings and recitation in the first sixteen pages of the MEMORANDUM OPINION, are not consistent with the record as it currently stands.[1] In addition, the record reflects that considerable additional discovery has taken place that is pertinent to the asserted waivers of attorney-client privilege addressed in the MEMORANDUM OPINION (ECF No. 478). And, as set out in the ORDER entered on December 3, 2020 (ECF No. 950), the briefing and related motions pertaining to MATT MARTORELLO'S MOTION FOR RECONSIDERATION OF ORDER, ECF NO. 479, GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD

---

[1] For example, the MEMORANDUM OPINION (ECF No. 478) was issued before the decision of the United States Court of Appeals for the Fourth Circuit in Williams v. Big Picture, Loans, LLC, 929 F.3d 170 (4th Cir. 2019) and before this Court issued its MEMORANDUM OPINION (ECF No. 944).

ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE AND REQUEST FOR ORAL ARGUMENT (ECF No. 486) have created a rather confused and unworkable framework for assessing the positions of the parties respecting whether ECF Nos. 478 and 479 ought to be reconsidered.

Under these circumstances, the Court concludes that it is in the interest of justice and judicial efficiency to consider anew the asserted waivers of privilege as asserted in the PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE (ECF No. 340) and as found in the MEMORANDUM OPINION (ECF No. 478). Accordingly, it is hereby ORDERED that:

(1) The ORDER (ECF No. 950) is VACATED;

(2) The MEMORANDUM OPINION (ECF No. 478) and ORDER (ECF No. 479) are VACATED;

(3) The PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE (ECF No. 340) is denied without prejudice;

(4) The following motions are denied as moot:

    (a) MATT MARTORELLO'S MOTION FOR RECONSIDERATION OF ORDER, ECF NO. 479, GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL INFORMATION WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE AND REQUEST FOR ORAL ARGUMENT (ECF No. 486);

  (b) PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF JOHN M. NORMAN IN SUPPORT OF MOTION FOR RECONSIDERATION (ECF No. 549);

  (c) DEFENDANT MARTORELLO'S MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' RESPONSE TO COURT'S ORDER DATED JUNE 6, 2019 (ECF No. 564);

  (d) MATT MARTORELLO'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS IN SUPPORT OF MOTION FOR RECONSIDERATION AND REQUEST FOR HEARING (ECF No. 922);

(5) The Plaintiffs shall file any renewed motion(s) to compel[2] privileged documents by January 9, 2021;

(6) The Defendant, Matt Martorello, shall file his response(s) by February 5, 2021;

(7) The Plaintiffs' shall file their reply(ies) by February 22, 2021;

(8) The renewed motion and briefs shall not incorporate by reference any previous motions, briefs or exhibits because such incorporation by reference effectively evades the pages

---

[2] Separate motions to compel and supporting memoranda must be filed if the Plaintiffs argue that both the attorney-client privilege and the attorney work-product privilege have been waived because the test for each privilege is different and, the analyses are therefore different.

limitations in the Local Civil Rules and makes substantive analysis so difficult that there is a substantial risk of improper analysis;

(9) If oral argument is required, the parties will be notified and argument will be heard at 10:00 AM on March 12, 2021;

(10) After issuing the MEMORANDUM OPINION and ORDER addressing whether Martorello had waived the attorney-client privilege (ECF Nos. 478 and 479), the Court began *in camera* review of allegedly privileged documents to determine which documents were encompassed by the waiver (the "scope review"). By July 3, 2019, when the United States Court of Appeals for the Fourth Circuit issued its decision in <u>Williams v. Big Picture Loans, LLC</u>, 929 F.3d 170 (4th Cir. 2019), Martorello had delivered approximately 13 boxes of documents for that *in camera* review;[3]

(11) On July 22, 2019, the Court instructed the parties to file statements of position addressing how, if at all, the Fourth Circuit's decision on the sovereign immunity issue might affect pending motions (ORDER, ECF No. 599). Shortly thereafter, the Court instructed counsel for Martorello to cease production for *in camera* review. The Court ceased its review of the boxes that had been submitted for the scope review. At that time, the Court was informed by Martorello's counsel that approximately 30,000

---

[3] The boxes contained notebooks of documents tabbed by number. Some boxes contained five notebooks, other contained three. Some notebooks contained 58 documents, others contained fewer documents.

additional documents were yet to be reviewed by counsel to determine whether they were within the scope of the waiver (the "Remaining Documents"); and

(12) A review of the several boxes of documents submitted for the scope review by the Court disclosed that: (a) many documents were not privileged at all; (b) for many more, the only apparent reason for claiming privilege was that a lawyer was mentioned in the text or was listed as the recipient of a copy; and (c) that almost all documents fell within the scope of the waiver found in ECF Nos. 478 and 479.

The Court notes that Martorello is now represented by counsel different than counsel making the original claims of privilege and scope. Therefore, new counsel will be afforded the opportunity to review previous claims of privilege and to delete from the privilege list all documents that are not privileged. Counsel are reminded that the making of meritless privilege claims (or meritless scope claims) can warrant a finding that the privilege is waived or the imposition of sanctions on those responsible for making meritless claims because such claims obstruct the course of justice and the efficient conduct of judicial proceedings.

Martorello's new counsel shall retrieve the boxes of documents previously submitted to the Court for review.

The privilege list, revised to eliminate unwarranted claims of privilege, shall be filed and submitted to counsel for Plaintiffs by January 29, 2021.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 8, 2020