IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LULA WILLIAMS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 3:17-cv-461 (REP) |
| ) | |
| BIG PICTURE LOANS, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Plaintiffs, by counsel, under this Court's Local Civil Rule 5, move to seal Exhibits 2 and 47 to their Memorandum in Support of their Motion for Summary Judgment, as well as the limited portion of their brief that discusses the exhibits.

Plaintiffs seek to file Exhibits 2 and 47, which contain financial information regarding the lending enterprise, under seal. Generally, there is a First Amendment and common law qualified public right of access to judicial proceedings, including the records of all such proceedings. *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606–07 (1982); *Nixon v. Warner Comm'ns Inc.*, 435 U.S. 589, 597 (1978). Non-discovery motions are presumed to be records of judicial proceedings to which the right of access attaches unless there is a compelling confidentiality interest. *Id.* If the interest in preserving confidentiality is compelling, the remedy must be narrowly tailored. *Id.* The judicial officer may deny access when sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989).

One exception to the public's right of access is where such access to judicial records could provide a "source[] of business information that might harm a litigant's competitive standing."

*Nixon*, 435 U.S. at 498. Courts, including the Fourth Circuit have recognized an exception to the public's right of access when a case involves trade secrets. *Woven Elecs. Corp. v. Advance Grp., Inc.*, 930 F.2d 913 (4th Cir. 1991) (citing *Valley Broadcasting v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)); *In re Iowa Freedom of Information Council*, 724 F.2d 658 (8th Cir. 1983); *Brown & Williamson Tobacco Co. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Plaintiffs provide the following non-confidential descriptions of the documents they are seeking to file under seal:

- Exhibits 2 and 47 are spreadsheets containing financial information including payments made between several participants in the lending enterprise.

Plaintiffs believe these documents were properly designated confidential and proprietary considering the proprietary or personal information contained in it. The Court previously granted the sealing of these exhibits in *Galloway v Martorello*, 3:19-cv-314 (Dkt No. 499).

All of the other requirements to file this document under seal have been met. Plaintiffs have provided a non-confidential description of the documents; they have explained why the sealing is necessary, why another procedure would not suffice, and provided evidentiary support for their request; they have referred to the governing case law, analyzed the appropriate standard, and explained why the standard has been met; and they are seeking permanent sealing of the material. Loc. R. Civ. P. 5(C).

For these reasons, Plaintiffs request that the Court grant their Motion.

Respectfully submitted,
**PLAINTIFFS**

By:_____/s/_____
          Counsel

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170

Casey S. Nash, VSB #84261
J. Patrick McNichol, VSB # 92699
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com
Email: pat@kellyguzzo.com

*Counsel for Plaintiffs*