# Exhibit 2

```
                                                              Page 1

 1                 UNITED STATES DISTRICT COURT
 2              IN AND FOR THE DISTRICT OF VIRGINIA
 3                       RICHMOND DIVISION
 4
                                            )
 5      LULA WILLIAMS, GLORIA               )
        TURNAGE, GEORGE HENGLE, DOWIN       )
 6      COFFY, and FELIX GILLISON,          )
        JR., on behalf of themselves        )
 7      and all individuals similarly       )   No. 3:17-cv-00461
        situated,                           )
 8                                          )
                        Plaintiffs,         )
 9                                          )
                     vs.                    )
10                                          )
        BIG PICTURE LOANS, LLC; MATT        )
11      MARTORELLO; ASCENSION              )
        TECHNOLOGIES, INC.; DANIEL          )
12      GRAVEL; JAMES WILLIAMS, JR.;        )
        GERTRUDE MCGESHICK; SUSAN           )
13      MCGESHICK; and                      )
        GIIWEGIIZHIGOODWAY MARTIN,          )
14                                          )
                        Defendants.         )
15                                          )
16                  VIDEOTAPED DEPOSITION OF
17                    WARREN SCOTT MERRITT
18                Taken in behalf of Defendants
19                         *   *   *
20                     March 21, 2019
21              400 Columbia Street, Suite 140
22                     Vancouver, WA 98660
23
        Job No. CS3256218
24      Janette M. Schmitt, CSR, CCR, RPR
25      Court Reporter
```

Page 28

1  A. Yes.
2  Q. -- but in your capacity for Answers, Etc.?
3  A. Yes.
4  Q. Okay. At the time you attended the trade
5  show, were you doing any consulting work with or for
6  Mr. Rosette or Ms. Wichtman also?
7  A. Not for them, no.
8  Q. Okay. And -- and I'll back up a little bit
9  too. So -- and were you doing any consulting work,
10 either directly or indirectly, on behalf of LVD?
11 A. No.
12 Q. This was the first time you met
13 Mr. Martorello?
14 A. Yes.
15 Q. So tell me about that.
16 A. If I recall, I was introduced by a mutual
17 colleague, and I -- I don't recall who that is, and
18 started talking. And my hopes at the time -- my
19 intent was to see if I could do a deal -- software
20 deal with him, because he wasn't entirely happy with
21 his current solution.
22 Q. So how did you first come to meet him at
23 the trade show?
24 A. Somebody introduced us.
25 Q. Do you recall who?

Page 31

1 Q. You mentioned that you then introduced Matt
2 to Mr. Rosette?
3 A. Yeah. Matt indicated that he had an
4 interest in working with Native American tribes.
5 Q. What specifically do you recall Matt
6 telling you about his interest?
7 A. Just that he was interested. I don't know
8 if he -- he gave me a reason. I mean, there are
9 several reasons why -- the typical, but I don't want
10 to speculate.
11 Q. I understand you don't want to speculate as
12 to Mr. Martorello's reasons. But what are some of
13 the typical reasons, in your experience, that
14 individuals are interested in doing business with
15 Native American tribes?
16 A. To really streamline compliance. Indian
17 tribes will adopt their own lending regulations, so
18 it's easier to conduct business in multiple states,
19 and so you don't have to worry about 50 different
20 states' rules -- lending rules.
21 So the tribes can lend money to virtually
22 any state as long as they adhere to federal and
23 their tribal laws.
24 Q. So beyond that Mr. Martorello was
25 interested, in your ter -- in your words, interested

Page 32

```
 1   in, did you say, doing work with tribes?
 2        A.   Yes.
 3        Q.   Okay.  You don't recall anything
 4   specifically that he told you?
 5        A.   Not really, no.  I mean, I have dozens of
 6   those conversations at every trade show.
 7        Q.   Okay.  So what made you -- what led you,
 8   then, to introduce him to Mr. Rosette?
 9        A.   Just his -- his interest in working with
10   the tribe.  I knew Rob -- Rob's a very well-known
11   attorney in that space.
12        Q.   At the time that you introduced
13   Mr. Martorello to Mr. Rosette, had Mr. Rosette or
14   anyone -- or Ms. Wichtman or anyone else indicated
15   to you that LVD was interested in finding a service
16   provider?
17        A.   No.
18        Q.   Had you had any interactions with anyone
19   specifically at the tribe or its -- any of its
20   corporate entities?
21        A.   LVD?
22        Q.   Uh-huh.
23        A.   No.
24        Q.   When did you introduce Mr. Martorello to
25   Mr. Rosette?
```

```
 1   you told him the LVD had a tribal code and was set
 2   to make loans?
 3       A.   Inaccurate.
 4       Q.   Okay.  And it would be inaccurate in part
 5   because Matt approached you and told you he was
 6   interested in finding a tribal partner; right?
 7            MS. ALAMO:  Objection.  Mischaracterizes
 8   his testimony.
 9            THE WITNESS:  Repeat the question, please.
10       Q.   (By Mr. Guzzo)  I said it would be
11   inaccurate because Matt actually approached you and
12   said he was interested in finding a tribal partner;
13   is that right?
14       A.   Matt was introduced to me, and he didn't
15   approach me.
16       Q.   Well -- okay.  And after he was introduced
17   to you, he was the one that indicated his
18   willingness or his desire to find a tribal partner;
19   right?
20       A.   That's correct.
21       Q.   Yeah.  And if Matt testified that you
22   introduced him to members of the LVD's tribal
23   council, that would be inaccurate too; right?
24       A.   Correct.
25       Q.   And you didn't introduce him to the
```

```
                                                        Page 124
 1                     C E R T I F I C A T E
 2
 3            I, Janette M. Schmitt, a Certified Court
 4   Reporter for Washington, pursuant to RCW 5.28.010
 5   authorized to administer oaths and affirmations in
 6   and for the State of Washington, do hereby certify
 7   that, WARREN SCOTT MERRITT personally appeared
 8   before me at the time and place set forth in the
 9   caption hereof; that at said time and place I
10   reported in Stenotype all testimony adduced and
11   other oral proceedings had in the foregoing matter;
12   that thereafter my notes were reduced to typewriting
13   under my direction pursuant to Washington
14   Administrative Code 308-14-135, the transcript
15   preparation format guideline; and that the foregoing
16   transcript, pages 1 to 125, both inclusive,
17   constitutes a full, true and accurate record of all
18   such testimony adduced and oral proceedings had, and
19   of the whole thereof.
20            Witness my hand and CCR stamp at Vancouver,
21   Washington, this 26th of March, 2019.
22
                          _____
23
                          JANETTE M. SCHMITT
24                        Certified Court Reporter
                          Certificate No. 2252
25                        Commission Expires:  7/30/2019
```