IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



LULA WILLIAMS ET AL.,
    Plaintiffs.

v.                                    Case No. 3:17-cv-461

BIG PICTURE LOANS, LLC ET AL.,
    Defendants.

MEMORANDUM OPINION

This matter is before the Court on DEFENDANT MATT MARTORELLO'S MOTION FOR SUMMARY JUDGMENT ("Martorello's Motion") (ECF No. 1254) wherein Matt Martorello ("Martorello") asks for summary judgment on three issues: (1) the choice-of-law; (2) Plaintiffs' usury claim (COUNT FOUR); and (3) Plaintiffs' unjust enrichment claim (COUNT FIVE). DEFENDANT MATT MARTORELLO MEMORANDUM OF LAW OF IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT ("Memo in Supp.") at 38 (ECF No. 1255). Having considered Martorello's Motion, and the supporting memorandum, PLAINTIFFS' OPPOSITION TO MATT MARTORELLO'S MOTION FOR PARTIAL SUMMARY JUDGMENT ("Response") (ECF No. 1299),[1] and DEFENDANT MATT MARTORELLO'S REPLY IN FURTHER IN SUPPORT OF HIS MOTION FOR

---

[1] The sealed version is filed at ECF No. 1302.

PARTIAL SUMMARY JUDGMENT ("Reply") (ECF No. 1324), and having heard oral argument on Martorello's Motion, the Court denied MARTORELLO'S MOTION FOR SUMMARY JUDGMENT (ECF No. 1254). See June 28, 2023 ORDER (ECF No. 1354).

## BACKGROUND

*Factual Background*

This class action proceeding concerns a "lending scheme allegedly designed to circumvent state usury laws." Williams v. Martorello, 59 F.4th 68, 72 (4th Cir. 2023). Plaintiffs, representing a class of borrowers,[2] allege that Martorello

---

[2] The Court certified the following classes:
    (a) **Big Picture RICO Class**: All Virginia consumers who entered into a loan agreement with Big Picture where a payment was made from June 22, 2013 to December 20, 2019.

        (i) **Big Picture Usury Sub-class**: All Virginia consumers who paid any principal, interest, or fees on their loan with Big Picture from June 22, 2015 to December 20, 2019.

        (ii) **Big Picture Unjust Enrichment Sub-class**: All Virginia consumers who paid any amount on their loan with Big Picture from June 22, 2014 to December 20, 2019.

    (b) **Red Rock RICO Class**: All Virginia consumers who entered into a loan agreement with Red Rock where a payment was made from June 22, 2013 to December 20, 2019.

        (i) **Red Rock Usury Sub-class**: All Virginia consumers who paid any principal, interest, or fees on their loan with Red Rock from June 22, 2015 to December 20, 2019.

2

conspired with the Lac Vieux Desert Band of Chippewa Indians ("the Tribe") and various other entities and individuals to issue usurious and unlawful high-interest loans through the internet to consumers within the Commonwealth of Virginia.

*Procedural Background*

This case has a long and convoluted procedural history. It has twice been to the United States Court of Appeals for the Fourth Circuit. On the first occasion, the Fourth Circuit considered the question of tribal sovereign immunity and dismissed two tribal entity defendants, Big Picture Loans ("Big Picture") and Ascension Technologies, LLC ("Ascension"). Williams v. Big Picture Loans, 929 F.3d 170 (4th Cir. 2019); see also Dismissal Order (ECF No. 668) (dismissing Big Picture and Ascension). On the second, and more recent occasion, the Fourth Circuit affirmed this Court's class certification. Williams, 59 F.4th. Extensive discovery and motions practice has taken place. Both Plaintiffs and Martorello have filed motions for summary judgment. The Court has already ruled on the Plaintiffs' Motion

---

> (ii) **Red Rock Unjust Enrichment Sub-class**: All Virginia consumers who paid any amount on their loan with Red Rock from June 22, 2014 to December 20, 2019.
>
> Class Certification Order (ECF No. 1111); as affirmed, Williams v. Martorello, 59 F.4th 68 (4th Cir. 2023).

3

for Summary Judgment. June 16, 2023 ORDER ("June 16 ORDER") (ECF No. 1328).

## DISCUSSION

*Legal Framework*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. R. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute "about a material fact is 'genuine'. . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

*Choice-of-Law*

The Court has already held that Virginia law, not tribal law, applies to the loans in question. June 16 ORDER. Martorello says that the Court's ruling on that point "renders" this point "moot." Reply at 1. In fact, the previous ruling is dispositive of Martorello's Motion on the merits of the question. Hence, on that question, it was denied on the merits.

*Virginia Usury*

COUNT FOUR of the Class Action Complaint alleges violations of Virginia's usury laws, CLASS ACTION COMPLAINT ("Class Compl.") at 25 (ECF No. 1), and therein Plaintiffs assert, inter alia, that "[a]ll of the loans made by Defendant[] to Virginia consumers used an interest rate greater than 12% and none of the exceptions to Va. Code § 6.2-303 apply." Class Compl. ¶¶ 127-28. COUNT FOUR is brought under Va. Code Ann. § 6.2-305(A). Id.

Martorello argues that he "should be granted summary judgment on Plaintiffs' usury claim because he was not the person who took or received loan payments on Plaintiffs' loans." Memo. in Supp. at 32; see also Reply at 2. Martorello's view is that, for Plaintiffs to proceed on this theory, they must plead corporate veil piercing, which they have not. Reply at 2; see also Exhibit A (May 18, 2023 Status Hearing Trans.) at 8 (ECF No. 1324-1).

Plaintiffs argue that, "[u]nlike some other usury statutes, the plain language of [Va. Code Ann. § 6.2-305(A)] allows recovery against 'the person taking or receiving such payments,' not merely the lender." Response at 36-37. Martorello received payments, so the Plaintiffs say; and, therefore, they may recover against Martorello.

5

Section 6.2-305(A) provides that, "[i]f interest in excess of that permitted by an applicable statute is paid upon any loan, the person paying may bring an action. . . to recover from <u>the person taking or receiving such payments</u>." Va. Code Ann. § 6.2-305(A) (emphasis added). "Person" is defined as "any individual, corporation, partnership, association, cooperative, limited liability company, trust, joint venture, government, political subdivision, or other legal or commercial entity." Va. Code Ann. § 6.2-100.

When evaluating these provisions, it is well to be mindful of the Supreme Court of Virginia's reminder that "the [Virginia] usury statutes represent a clarification of the public policy of the state that usury is not to be tolerated, and the court should therefore be chary in permitting this policy to be thwarted." <u>Heubusch v. Boone</u>, 192 S.E.2d 783, 789 (Va. 1972). Consistent with that admonition and to uphold the Commonwealth's public policy, courts also must not be blinded by attempted obfuscation of the true nature, fact, or purpose of transactions. Afterall, "[t]here is no artifice which the ingenuity of man can conceive by which a usurious transaction can be shielded from the scrutiny of the courts." <u>Ware v. Bankers' Loan & Investment Co.</u>, 29 S.E. 744, 745 (Va. 1898).

6

Accordingly, "the courts will be hindered in their search by no device, however ingenuous." Id.

These underlying principles have been important in decisions that accord a broad interpretation to the statutory text "person taking or receiving such payments" in Va. Code Ann. § 6.2-305(A). For example, in a similar tribal lending case, one Court held that a company receiving 1% of the revenue collected from usurious loans "receiv[ed] payments" as required for liability under the statute. Gibbs v. Haynes Investments, Inc., 368 F.Supp.3d 901, 928 (E.D.Va. 2019), affirmed on diff. grounds 967 F.3d 332 (4th Cir. 2020). In Gibbs, the district court "readily infer[ed]" that the company's "owner and managing partner" was a "person taking or receiving such payments" because he "ultimately received proceeds from these loans repayments through [this corporate entity]." Id. The Court in Gibbs did not discuss corporate veil piercing at any point in its analysis. Id. Indeed, though deferring consideration of the corporate veil issue, in another tribal lending case, the Court held that the "plain reading of § 6.2-305 plausibly permits recovery against individuals who take and receive payments on usurious loans, even if those payments pass through corporate entities." Hengle v. Asner, 433 F.Supp.3d 825, 896 (E.D.Va.

7

2020), affirmed on diff. grounds sub nom Hengle v. Treppa, 19 F.4th 324 (4th Cir. 2021).

Thus, even though Martorello *himself* did not collect the loans, he nonetheless may be a person "receiving" payments from them. Of course, at trial, Plaintiffs would need to prove that Martorello received the payments, even if not directly. That, of course, is a question of fact that cannot be resolved at summary judgment. Accordingly, Martorello's request for summary judgment as to Plaintiffs' usury claim (COUNT FOUR) was denied.

*Unjust Enrichment*

COUNT FIVE of the Class Complaint alleges a claim for unjust enrichment under Virginia common law. Class Compl. at 28. Plaintiffs argue that: (1) they "conferred a benefit on Defendants when they repaid the void loans;" (2) "Defendant[] knew or should have known of the benefit;" and (3) "Defendant[] [has] been unjustly enriched through their receipt of any amounts in connection with the unlawful loans." Class Compl. ¶ 138.

Martorello asks for summary judgment on this claim, arguing that Plaintiffs' damages are limited to their statutory damages for usury. Memo. in Supp. at 35. And, even if they are not, says Martorello, Plaintiffs cannot make out the elements of an unjust enrichment claim. Id. at 36. On that point, he takes the view

8

that: (1) "[a]ny benefits Plaintiffs may have conferred through their loan payments were conferred to the entities with whom Plaintiffs actually contracted—i.e., [Red Rock Tribal Lending and Big Picture]"; (2) Plaintiffs "had no interaction whatsoever with Martorello" and therefore could not have expected repayment from him; and (3) all proceeds that Martorello received from the alleged scheme came about in the form of payments for services rendered by Martorello and his company. Id. at 36-38.[3]

The Plaintiffs respond that their unjust enrichment claim is not foreclosed merely "because the same or similar remedies may be available by Virginia statute." Response at 44. In support of that view, the Plaintiffs point out that "this Court has repeatedly held that an unjust enrichment claim lies where a plaintiff paid—and a defendant received—money on a void loan." Id. at 42. Therefore, say the Plaintiffs, as long as the money eventually reached Martorello, he can be held liable under this theory. Id. at 44.

COUNT FIVE (the unjust enrichment claim) is not foreclosed simply because Plaintiffs are also asserting a claim as to which they can recover another statutory remedy. The statute on which

---

[3] Furthermore, Martorello argues that: "Plaintiffs' failure to articulate how Martorello could be liable on an unjust enrichment theory absent piercing the corporate veil is fatal to their claim." Reply at 11.

9

Martorello bases this argument says nothing about limiting recovery. See Va. Code Ann. § 6.2-305. Numerous courts have allowed statutory and unjust enrichment claims to proceed in a single action based on the same facts. Gibbs, 368 F.Supp.3d at 929, 933; Hengle, 433 F.3d at 896. And, Martorello cites no Virginia authority to the contrary. The Court located no Virginia decisional law (or even secondary sources) that support Martorello's position.

To assess Martorello's alternative argument, it is necessary to remember that the doctrine of unjust enrichment "arises from the simple principle that one person may not 'enrich himself unjustly at the expense of another.'" James G. Davis Const. Corp. v. FTJ, Inc., 841 S.E.2d 642, 647 (Va. 2020) (quoting Rinehart v. Pirkey, 126 Va. 346, 351 (Va. 1919)). To make out a claim for unjust enrichment, "a plaintiff must demonstrate that: '(1) [she] conferred a benefit on [the defendant]; (2) [the defendant] knew of the benefit and should reasonably have expected to repay [the plaintiff]; and (3) [the defendant] accepted or retained the benefit without paying for its value.'" Hengle, 433 F.Supp.3d at 896 (quoting Schmidt v. Household Fin. Corp., II, 661 S.E.2d 834, 838 (Va. 2008)) (alterations in original); see also James G. Davis Const. Corp., 841 S.E.2d at 650 (same).

10

The Court already has determined that "any money paid on a void contract could constitute a benefit for the purposes of an unjust enrichment." Class Certification Opinion at 34 (ECF No. 1110). And, because the loan agreements are void under Virginia law, see Va. Code. Ann. § 6.2-303(F) ("Any contract made in violation of this section is void"), any payments made pursuant to the void loan agreements constitute conferred benefits within the meaning of unjust enrichment jurisprudence, Class Certification Opinion at 34. Thus, the first element of the unjust enrichment cause of action is met.

Contrary to Martorello's contention, it is immaterial whether the Plaintiffs knew who Martorello was or that he was benefiting from their payments. As Plaintiffs correctly point out, it is the *defendant's*, not the *plaintiff's*, state of mind that is at issue. There is substantial evidence in the record from which a jury reasonably could find that Martorello knew that he was receiving benefits from the usurious loans. So, the second element could be met if Plaintiffs' evidence was accepted by the jury.

The Court has also determined that Plaintiffs may meet their burden that Martorello accepted or retained the benefit by "show[ing] that Martorello was receiving payments on usurious loans" through the various corporate intermediaries. Class

11

Certification Opinion at 34; see also Gibbs, 368 F.Supp.3d at 933-34; Hengle, 433 F.Supp.3d at 896. Because the loans are void, Plaintiffs did not receive compensation for their payments. And, on that evidence, a jury could reasonably find that Martorello "accepted or retained the benefit" of Plaintiffs' interest payments "without paying for [their] value."

Because a jury could reasonably find for the Plaintiffs on all elements of COUNT FIVE, the motion for summary judgement on that COUNT was denied.

## CONCLUSION

For the foregoing reasons, MARTORELLO'S MOTION FOR SUMMARY JUDGMENT (ECF No. 1254) was denied.

It is SO ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 11, 2023