IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LULA WILLIAMS, et al.,
on behalf of themselves
and all individuals
similarly situated,

Plaintiffs,

Civil Action No. 3:17-cv-461

v.

BIG PICTURE LOANS, LLC, et al.,

Defendants.

# MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's MOTION FOR ORDER COMPELLING MATTHEW MARTORELLO TO TESTIFY IN PERSON AT HEARING ON MOTION TO REPATRIATE (ECF NO. 1677) (the "MOTION"), the memorandum in support (ECF No. 1678), memorandum in opposition (ECF No. 1685), and reply (ECF No. 1687). For the reasons set forth below, the MOTION will be denied.

## BACKGROUND

The facts of this case are long and storied — and extensively addressed in prior opinions of the Court. They are only reproduced here to the extent necessary to decide the MOTION.

This case began as a class action over a predatory lending scheme that was designed to avoid state usury laws and that was conceived, set up, and operated by Matthew Martorello. Williams v. Martorello, 59 F.4th 68, 72 (4th Cir. 2023). On September 22, 2023,

judgment was entered against Martorello in the amount of $43,401,817.47, plus 5.3% interest per annum. ECF No. 1407. On October 16, 2023, the Plaintiffs filed their MOTION TO REPATRIATE FOREIGN ASSETS AND FOR AN EVIDENTIARY HEARING (ECF No. 1409). There was talk of a settlement. See, e.g., ECF No. 1579. But, on September 20, 2024, Martorello filed Bankruptcy. See In re. Matthew Brandon Martorello, 24-90016-mxm7 (N.D. Tex.). The Bankruptcy Court has lifted the Bankruptcy stay so that this Court could decide the MOTION TO REPATRIATE. ECF No. 1585-1.

The hearing on the MOTION TO REPATRIATE is set to begin on October 19, 2026. The Plaintiffs' instant MOTION (ECF No. 1677) seeks to compel Martorello to testify in person at that hearing. ECF No. 1678, at 1. Plaintiffs argue that the Court has inherent power to order his attendance to investigate potential fraud upon the court. See id. at 3; Backertop Licensing, LLC v. Canary Connect, Inc., 107 F.4th 1335, 1342 (Fed. Cir. 2024) (allowing the trial court to compel a witness's attendance from beyond the range permitted by the Federal Rules). Plaintiffs also point to an ORDER of the Bankruptcy Court that contemplates Martorello testifying and complying with the orders of his bankruptcy trustee. ECF No. 1678, at 3. Defendant writes in opposition that Fed. R. Civ. P. 45 expressly states that parties can only be compelled to attend

hearings under certain circumstances not met here. ECF No. 1685, at 1.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 45 governs the Court's subpoena power. As relevant here, a subpoena may command a party to attend a "trial, hearing, or deposition" in two circumstances: when the proceeding will be held (1) within 100 miles of or (2) within the same state as that party's residence, place of employment, or place of business conducted in-person. Fed. R. Civ. P. 45(c)(1). The Rule thus operates to impose a limit on "the geographical scope of a federal court's power to compel a witness to testify." In re Kirkland, 75 F.4th 1030, 1042 (9th Cir. 2023); A.Hak Indus. Servs. BV v. TechCorr USA, LLC, No. 3:11-cv-74, 2014 WL 2931794, at *2 (N.D.W. Va. June 30, 2014) (finding that the court did not have power to compel physical attendance outside the limits in Rule 45(c)).

Some courts have held that they have inherent authority to order a person's attendance in certain situations, the provisions of Rule 45(c) notwithstanding. A court may exercise its inherent powers when doing so (1) is reasonable in relation to the need for "fair administration of justice" and (2) is not "contrary to any express . . . limitation on the district court's power." Dietz v. Bouldin, 579 U.S. 40, 45 (2016). The principal authority cited by

Plaintiffs on this question is Backertop, where the Federal Circuit held that the lower court did not err in ordering a party outside of the court's subpoena power to attend a hearing. 107 F.4th at 1342. That hearing was to consider potential fraud upon the court committed by an officer of a company that had allegedly filed dozens of frivolous patent infringement cases around the country. Id. at 1338-39. The district court ordered the officer to attend and to testify about documents that she had submitted in court filings that appeared incomplete or that otherwise raised questions about misconduct on her part. Id. at 3339. On appeal, the Federal Circuit found that this "was an appropriate means to investigate potential misconduct involving" the officer by allowing the court to uncover how the officer and her companies had concealed the real parties at interest in their cases and generally had failed to act in an ethical manner while litigating. Id. at 1344.

## ANALYSIS

### I. The Court's Inherent Authority and Rule 45(c)

Rule 45 is entitled "Subpoena." Its several sections and subsections identify the source of this subpoena (a court) and what "each person to whom it is directed" must do (e.g., "attend," "testify," or "produce designated documents"). Fed. R. Civ. P. 45(a)(1)(A)(i), (iii). In section (c), Rule 45 provides that: "[a]

subpoena may command a person to attend trial, hearing, or deposition only as follows:"

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> (i) is a party or a party's officer; or
> (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c). In so doing, Rule 45 clearly circumscribes the court's power to issue subpoenas. Fed. R. Civ. P. 45(c) ("A subpoena may command a person to attend a . . . hearing . . . only [in those circumstances.]"); see also Dietz, 579 U.S. at 45 (noting that exercise of inherent power must be consistent with the Rules). Neither of the two circumstances contemplated by the rule are satisfied here. This Court is located in Richmond, Virginia. Martorello resides and works in Texas, which the Court notes is (1) at least 100 miles away from Richmond and (2) not in Virginia. Thus, Martorello is beyond the reach of the subpoena power as proscribed by Rule 45(c). See In re Kirkland, 75 F.4th at 1042; A.Hak Indus. Servs. BV, 2014 WL 2931794, at *2.

Backertop does not justify a departure from Rule 45's requirements by invoking the Court's inherent powers. In that case, the district court was, on its own initiative, investigating a potential wide-ranging fraud on the court. Backertop, 107 F.4th at

1344-45. Showing a fraud on the court is a difficult task: The doctrine has limited application, such as "bribery of a judge . . . or improper influence exerted on the court by an attorney." Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, etc., 675 F.2d 1349, 1356 (4th Cir. 1982) (considering fraud on the court in the context of Rule 60). "Perjury and fabricated evidence" alone are not enough to satisfy this standard. Id. at 1357.

Here, Plaintiffs cast the goal of the MOTION TO REPATRIATE as essentially remediating fraud on the court:[1] "[I]t seeks to compel repatriation of the foreign assets Martorello has fraudulently attempted to place beyond the jurisdiction of the Court to hinder the collection of this Court's judgment." ECF No. 1687, at 4. The MOTION TO REPATRIATE does indeed allege a potentially fraudulent scheme to defraud creditors, but that was not the kind of fraud involved in Backertop. Rather than considering activities more traditionally viewed as fraud on the court – e.g., undue influence on court officials or attempted concealment of the real parties in

---

[1] Plaintiffs also argue that the Backertop decision did not rely on the ground that the district court was investigating a fraud. ECF No. 1687, at 4. But Backertop expressly held that the exercise of power was reasonable because "it was an appropriate means to investigate potential misconduct," that may have risen to the level of "a fraud on the court." 107 F.4th at 1344.

interest in numerous cases — the MOTION TO REPATRIATE seeks to recall Martorello's foreign assets which, because of alleged fraudulent conduct, Martorello had sought to place beyond the reach of those who had secured that judgment. Great Coastal Express, Inc., 675 F.2d at 1356; Backertop, 107 F.4th at 1344. Repatriation of assets by motion in response to a defendant's efforts to hide them from a judgment is not the extreme circumstance contemplated by a fraud on the court investigation of the sort in Backertop. Indeed, it is a not unusual method by which parties seek to recover from overseas assets that are sought to be placed beyond the reach of judgment creditors.[2] See, e.g., SEC v. Miller, 806 F. Supp. 3d 520, 526-27, 535 (D. Md. 2025) (granting motion to repatriate the defendant's assets that had been sent out of the country to avoid collection for a judgment). That is not, in any way, a distinction that authorizes a fraud committed on the judgment creditors. Nor does that distinction place that species of fraud beyond judicial reach. But, albeit serious and actionable, it is not the sort that, in Backertop, the Federal Circuit found sufficient to justify the

[2] Plaintiff cites to Husky Intern. Elec., Inc. v. Ritz, 578 U.S. 355, 360 (2016) for the proposition that fraud on the court includes schemes designed to avoid collection. That case interprets only the definition of the phrase "actual fraud" in 11 U.S.C. § 523(a), not the wholly separate concept of fraud on the court.

use of a court's inherent powers to command testimony as part of its investigation into the species of fraud committed on the court itself.Moreover, Backertop involved an inquiry addressed sua sponte by the court, not an effort by a party to command testimony in pursuit of its own motion. 107 F.4th at 1342. In this case, Plaintiffs have initiated the proceedings regarding repatriating Martorello's assets; they further have filed this motion seeking to compel his attendance.[3] In short, this is not something that the Court addressed on its own volition. Seeking to require a person's presence by motion as opposed to doing so by subpoena is a distinction without a difference. Cf. Ray v. State Farm Mut. Auto. Ins. Co., No. 05-cv-950, 2008 WL 11324007, at *2 (D.N.M. Mar. 3, 2008) (granting a so-called "Motion to Compel Attendance" by deeming that a previously-thought-defective subpoena had in fact been properly served).

The Supreme Court has held that the inherent powers of district courts may be exercised when doing so is not "contrary to any express . . . limitation" on that power. Dietz, 579 U.S. at 45. Rule 45(c) creates such a limitation.Plaintiffs also argue

---

[3] This MOTION was filed in response to the Court's ORDER of September 11, 2026 (ECF No. 1673). However, that ORDER was in turn issued in response to Plaintiffs' stated intent to seek to compel Martorello's attendance. Hence, consideration of the issue is at their request, not the Court's.

that the relief requested by the MOTION is necessary to the proper administration of justice in deciding the MOTION TO REPATRIATE. ECF No. 1678, at 7-19; see also Dietz, 579 U.S. at 45 (noting that exercise of inherent powers must be reasonable in light of such need). Specifically, Plaintiffs assert that the Court will be less able to assess Martorello's credibility if he testifies virtually or by deposition, particularly given his past adjudicated dishonesty and the difficulties of remote questioning. ECF No. 1678, at 7-8. The Court finds, provided that Martorello continues to no longer oppose the motion, that compelling him to come in-person is not reasonable with respect to the need for fair administration of justice, Dietz, 579 U.S. at 45, because Martorello has indicated that he is willing to testify virtually or to submit to a deposition. See ECF No. 1685, at 11. The Court is confident that any credibility questions in such testimony can still be adequately addressed in those contexts. And, counsel can be present in Texas for the testimony, thereby eliminating the logistical problems that complicate remote testimony involving documents.

For the foregoing reasons, the Court will not exercise its inherent authority to compel Martorello's attendance at the hearing.

**II. The Bankruptcy Stay Order and Requirement for Cooperation with the Bankruptcy Trustee**

Nor do the lifting of the Bankruptcy Stay and Martorello's obligation to cooperate operate to override the restrictions of Rule 45.

The Bankruptcy Court wrote in its ORDER of June 10, 2026, that the stay of proceedings was modified "to permit the Virginia District Court to order Mr. Martorello to appear and answer questions, under oath" regarding the MOTION TO REPATRIATE. ECF No. 1585-1, at 16. Plaintiffs assert that this pronouncement grants this Court power to order Martorello's attendance. ECF 1687, at 6-8. Nothing in the Bankruptcy Court's order, however, provides that it is intended to override the strictures of Rule 45(c). Nor could it. The ORDER is best read by its terms: The stay no longer prohibits the Court from forcing Martorello to appear. But that only lifts one barrier — the Court must still have authority to do so either by its inherent powers, by statute, or by the Federal Rules.

Nor can Martorello's obligation to cooperate with Ms. Garner, the bankruptcy trustee, be the basis to compel him to attend the hearing in this Court in which Plaintiffs will offer evidence in support of their efforts to repatriate foreign assets. Specifically, the Bankruptcy Court's ORDER modified the stay "to permit the Virginia District Court to order Mr. Martorello to take

such actions reasonably requested by Trustee Garner regarding the repatriation of assets . . . on pain of civil or criminal contempt." ECF 1585-1, at 16. And chapter 7 debtors have a statutory duty to cooperate with their trustees. 11 U.S.C. § 521(a)(3). Neither of those factors is sufficient to overrule Rule 45(c). As noted above, the ORDER is best read to remove the stay, not override any provision of federal law or rule of procedure. The statutory obligation, as one created by the Bankruptcy Code, is best enforced by the Bankruptcy Court. See In re Paige, 365 B.R. 632, 638-40 (Bankr. N.D. Tex. 2007) (imposing sanctions for failure to cooperate with the trustee).

**CONCLUSION**

For the foregoing reasons, the MOTION (ECF No. 1678) will be denied. The Court will hear Martorello's testimony remotely. He and counsel will be in a courtroom in Dallas, Texas; the Court will preside virtually while in a courtroom in Richmond, Virginia.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 7, 2026